UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No.   23-cv-21392-DPG

Michelle Maupin,

    Plaintiff

vs.

The School Board of Miami
Dade County,

Maria Zabala, in
her official and individual
capacity

Carmen Molina, in
her official and individual
capacity

Brenda Swain, in
her official and individual
capacity

Pierre Edouard, in
his official and individual
capacity

Troy Howard, in
his official and individual
capacity

Lolamaria Robbio, in
her official and individual
capacity

Rashima Bynum,

Charmaine Austin,



FILED BY_____D.C.

APR 13 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Marlen Calix,

Stephanie Robinson,

Monica German,

Rachelle Thermitus,

    Defendants

## **COMPLAINT**

    Michelle Maupin, Plaintiff, *pro se*, ("Plaintiff") sues The School Board of Miami Dade County ("Board" or "Defendant(s)";  Maria Zabala ("Zabala" or Defendant(s)" individually; Carmen Molina ("Molina" or" Defendant(s)" individually; Brenda Swain ("Swain" or "Defendant(s)" individually;  and Pierre Edouard ("Edouard" or "Defendant|(s) individually; Troy Howard (Howard" or "Defendant(s)"individually; and Lolamaria Robbio ("Robbio" or "Defendant(s)" individually; Rashima Bynum, (Parent of IB) Charmaine Austin (Parent of SG), Marlen Calix (Parent of JH), Stephanie Robinson ("Parent of DB" or "Defendant(s)", Monica Germain ("Parent of BD" or "Defendant(s)", and Rachelle Thermitus ("Parent of AT" or "Defendant(s)", and states the following in good support of this Complaint:

## INTRODUCTION

1. The Plaintiff, Michelle Maupin, brings this action against Defendants, The School

Board of Miami Dade County, Carmen Molina, Brenda Swain, and Pierre Edouard, for violations of the Americans with Disabilities Act ("ADA") as amended by the ADA Amendments Act ("ADAAA"), 42 U.S.C. §12203(a) and 42 U.S.C. §12203(b). The Plaintiff brings this action against Defendants The School Board of Miami Dade County, Carmen Molina, Brenda Swain, and Pierre Edouard, Troy Howard, and Lolamaria Robbio, for retaliation, harassment and creating a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended. The Plaintiff brings this action against Defendants Maria Zabala, Carmen Molina, Pierre Edouard, Troy Howard, Lolamaria Robbio, Rashima Bynum, (Parent of IB) Charmaine Austin (Parent of SG), Marlen Calix (Parent of JH), Stephanie Robinson (Parent of DB), Monica Germain (Parent of BD), and Rachelle Thermitus (Parent of AT) for defamation of character per se.

2.   The Plaintiff has been a teacher for nearly 28 years. She began her employment with the Miami Dade Public School System on September 17, 2015.The Plaintiff began working as a Temporary Instructor. However, she was hired as a full time teacher in Miami Dade when she took an interim teacher position during the 2016-2017 school year.

At the end of the interim teaching assignment, she was hired as a full time teacher by Defendant Pierre Edouard. She began working at Young Men's Preparatory Academy on August 21, 2017. During the 2019-2020 school year, Edouard appointed the Plaintiff to the position of English/Language Arts Department Chair. During the same year, Edouard also appointed her Activities Director of Young Men's Preparatory Academy.

3

During the 2019-2020 school year, the Plaintiff held those positions while teaching five classes. Despite the heavy workload, the Plaintiff received effective ratings, helped students improve their test scores and helped raise the school to a satisfactory grade.

During the 2019-2020 school year, the pandemic caused schools to close and teachers began teaching from home. At the end of the 2019-2020 school year, the Plaintiff's chronic illnesses, Diabetes and Hypertension, made it inadvisable for her to return to the classroom face to face for the 2020-2021 school year. The Plaintiff requested and was approved for ADA accommodations for the 2020-2021 school year.  Those accommodations allowed her to teach *via* computer from her home.

After receiving notification that the Plaintiff requested and was approved for accommodations during the 2020-2021 school year, Defendant Edouard began the retaliating,, harassing, targeting and discrimination that is currently ongoing. During the 2021-2022 school year, Edouard filed several cases which made numerous false allegations about the Plaintiff.  Edouard gathered false, defamatory statements from students and transmitted those statements to the The Office of Professional Standards in Tallahassee, Florida. The  parents of those students have been named as defendants in this Complaint.

Collectively the workplace Defendants have subjected the Plaintiff to ongoing retaliation, targeting, harassment, defamation, and discrimination. Defendants The School Board of Miami Dade County, Carmen Molina, Brenda Swain, and Pierre Edouard, Troy Howard, and Lolamaria Robbio have committed unlawful violations of Plaintiff's

constitutional and state rights under the color of state law in bad faith and with malicious

purpose in reckless, wanton, and willful disregard for the Plaintiff's rights.

## JURISDICTION

3.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because

this is a civil action arising under the ADA, as amended, Title VII of the Civil Rights Act

of 1964 ("Title VII"), as amended. This court also has supplemental jurisdiction over

Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. §

1367(a).

## VENUE

4.   Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because

The School Board of Miami Dade County is located in this district and all defendants

reside in Florida under 28 U.S.C. § 1391(b)(2), and because a substantial part of the

events or omissions giving rise to the claim occurred in this district under 28 U.S.C. §

1391(b)(2).

## CONDITIONS PRECEDENT

5.   On December 22, 2023, Michelle Maupin timely filed a charge of disability

discrimination and retaliation with the Equal Employment Opportunity Commission

(EEOC).

6.   On or about January 13, 2023, Michelle Maupin received a Notice

of Right to Sue from the EEOC. This Complaint has been filed within 90 days of receipt

of that notice. The Plaintiff has fully complied with all prerequisites to jurisdiction in this

Court under the ADA.

## PARTIES

7. Plaintiff Michelle Maupin resides in West Park, Broward County, Florida. She is employed by the School Board of Miami Dade County. She has worked there as a teacher from 2015 until present.

8. Defendant School Board of Miami Dade County is now and has at all material times has been the employer of the Plaintiff and the governing body of the Miami Dade Public School System.

9. Upon information and belief Defendant Maria G. Zabala is now and has at all material times has been the Administrative Director of the Office of Professional Standards, and an employee of the School Board of Miami Dade County.

10. Upon information and belief Defendant Carmen Molina is now and has at all material times has been the District Director of the Office of Professional Standards, and an employee of the School Board of Miami Dade County.

11. Upon information and belief Defendant Brenda Swain is now and has at all material times has been the Administrative Director of the Central Region, and an employee of the School Board of Miami Dade County.

12. Upon information and belief Defendant Pierre Edouard is now and has at all material times has been the Principal of Young Men's Preparatory Academy (YMPA), and an employee of the School Board of Miami Dade County.

13. Upon information and belief Defendant Lolamaria Robbio began working at YMPA in May of 2022 is now and has at material times been the Guidance Counselor, and an employee of the School Board of Miami Dade County.

14. Upon information and belief Defendant Troy Howard is now and has at all material times has been a teacher at Young Men's Preparatory Academy, and an employee of the School Board of Miami Dade County.

15. Upon information and belief Defendant Rashima Bynum resides in this Court's jurisdiction, is otherwise *sui juris,* and has now and at all material times been the parent and/or guardian of IB, a minor child, and former student of YMPA.

16. Upon information and belief Defendant Charmaine Austin resides in this Court's jurisdiction, is otherwise *sui juris,* and has now and at all material times been the parent and/or guardian of SG, a minor child, and former student of YMPA.

17. Upon information and belief Defendant Marlen Calix resides in this Court's jurisdiction, is otherwise *sui juris,* and has now and at all material times been the parent and/or guardian of JH, a minor child, and student of YMPA.

18. Upon information and belief Defendant Stephanie Robinson resides in this Court's jurisdiction, is otherwise *sui juris,* and has now and at all material times been the parent and/or guardian of DB, a minor child, and student of YMPA.

19. Upon information and belief Defendant Monica German resides in this Court's jurisdiction, is otherwise *sui juris,* and has now and at all material times been the parent and/or guardian of BD, a minor child, and student of YMPA.

20. Upon information and belief Defendant Rachelle Thermitus resides in this Court's jurisdiction, is otherwise *sui juris,* and has now and at all material times been the parent and/or guardian of AT, a minor child, and student of YMPA.

FACTS

21. The Plaintiff is experiencing ongoing retaliation, harassment and discrimination. The latest incident occurred in December 2022. On or about March 2, 2022, Défendant Pierre Edouard, principal of Young Men's Preparatory Academy, filed a Title IX complaint against the Plaintiff, case No.: 2021-22/IX/0111. He alleged that the Plaintiff told students, faculty, parents and District staff that he is gay. More specifically, Edouard accused the Plaintiff of stating that he and Howard were in a relationship. On December 14, 2022, the Plaintiff received the case closing letter which advised that the Plaintiff was not responsible.

22. On December 14, 2022, the Plaintiff was told by students that Defendant Lolamaria Robbio, the Guidance Counselor and member of the school's leadership team, retaliated against and harassed the Plaintiff when she wrote a petition, printed it and gave it to students to sign. The petition asked the principal to remove the Plaintiff from her work location.

23. On December 15, 2022, the Plaintiff requested an investigation as Ms. Robbio violated the code of ethics by writing and distributing falsehoods about a coworker.

24. On Saturday, December 17, 2022, Defendant Edouard called the Plaintiff at home. He left a message asking her to report to the Central Region Office to meet with Defendant Swain at 8am on December 19, 2022. The message did not state the reason for the meeting. The Plaintiff assumed that she would be interviewed regarding the investigation she requested. Student AT admitted that his mother told him to record the Plaintiff during class. The student recorded the grammar and punctuation lesson taught on

December 14, 2022. Students AT, DB and BD were interviewed and provided false, defamatory statements regarding the Plaintiff.

25. The Plaintiff went to the Central Region office on December 19, 2022, at 8am. Instead of being interviewed about the petition against her, Brenda Swain, Regional Admin. Director, advised the Plaintiff that she was being investigated and she was being moved to an alternate work assignment. Swain refused to allow the Plaintiff to have union representation present; she would not reschedule the meeting for a time that the UTD representatives were available. Instead of initiating an investigation into Defendant Robbio's actions as requested by the Plaintiff, on December 16, 2022, Defendant Edouard retaliated against Plaintiff by initiating an investigation against her. Edouard alleged that the Plaintiff violated the code of ethics because she discussed the petition with her students during a grammar lesson. He took no action against Robbio who admitted that she gave the document to students.

26. Removing the Plaintiff from her workplace was just the latest incident in the ongoing retaliation, harassment, discrimination and defamation that the Plaintiff is suffering. The following acts are also acts of defamation, harassment and retaliation taken against the Plaintiff since August 2020 when she was granted ADA accommodations:

27. In August 2020, the Plaintiff applied for and was approved for ADA accommodations for the 2020-2021.

28. In November 2020, Edouard harassed and retaliated against the Plaintiff by refusing to provide the Plaintiff with a substitute teacher that was paid for by the district so that she could attend professional development (PD).

29. On or about November 10, 2020, Edouard retaliated and harassed the Plaintiff by refusing to pay the Plaintiff for time worked; Maupin attended a PD and worked the full day. The Plaintiff filed a complaint with Labor Relations. While researching the matter the Plaintiff discovered that Edouard changed the Plaintiff's time entry to leave without pay (lwop) even though the Plaintiff signed in properly to start the work day. During the meeting with Labor Relations, Edouard lied to the Labor Relations investigator. He stated that the Plaintiff went to the PD, but she did not return to work. The Plaintiff provided chat logs for the class to prove that she worked the full day. In March 2021, the Plaintiff's pay was restored.

31. In June 2021, Edouard retaliated against and harassed the Plaintiff by attempting to surplus her to another school even though she was not eligible for surplus. The Plaintiff was preparing to have surgery during the summer. The Plaintiff told a coworker, Mrs. Wilson, about the surgery. Mrs. Wilson told Edouard about the plans for surgery. Edouard harassed the Plaintiff by having principals and representatives from other schools contact the Plaintiff by phone and email on the day of her surgery falsely stating that she had been surplused.

32. In August 2021, the Plaintiff was approved for ADA accommodations for 2021-2022 school year. The Plaintiff requested a transfer to a virtual teaching facility due to her being highly susceptible to catching the Covid 19 virus. The Plaintiff's request for a transfer was denied in August when there were positions available at locations close to the Plaintiff's home. The Plaintiff was later offered transfer to virtual locations that were

in Homestead, Florida. The Plaintiff declined as the drive to Homestead each day created a hardship. The drive would have taken approximately 2 hours each way. The Plaintiff had recently had surgery and was restricted to driving less than 20 miles each way.

33. In August 2021, Edouard refused to provide the Plaintiff with PPE purchased with CARES Act funds when she returned to face to face teaching.

34. In August 2021, the Plaintiff filed a Civil Rights Compliance (CRC) complaint for violating the ADA. In October 2021, The Plaintiff provided the CRC investigator with a picture of PPE at the worksite not being used. After the pictures were provided, the Plaintiff's PPE was given to her. However, the CRC investigator found no probable cause.

35. On November 3, 2021,  Edouard harassed and retaliated against the Plaintiff when he issued the Plaintiff a memo regarding her professional responsibilities because she made a comment at a faculty meeting in August 2021. The memo also criticized the Plaintiff for asking questions about how to complete Data Chats.

36. In November 2021, Edouard attempted to force the Plaintiff to change the grades of several students. The Plaintiff taught the students when they were in seventh and eighth grade. The students failed 7th and 8th grade Language Arts and were not given the option of going to summer school. The Plaintiff refused to change the grades as years had gone by since she taught the students.

37. In November 2021, Edouard retaliated against the Plaintiff by attending a parent conference and instructing parents to "take next steps" against the Plaintiff because

she would not support changing a student's failing grade to a passing grade. The parents became very hostile toward the Plaintiff. Edouard did nothing to stop the parents from mistreating the Plaintiff. The Plaintiff got up and left the meeting.

38. In November 2021, Edouard retaliated against and harassed the Plaintiff by attempting to put the Plaintiff on support dialogue; UTD objected. The Plaintiff was not placed on support dialogue.

39. On or about January 4, 2022, the Plaintiff received a call from the registrar advising that Miami Jackson High needed grades for a student. Upon review, the Plaintiff never taught the student, but her name is listed as teacher of record. (The addition of this student and others to the Plaintiff's roster reduced her VAM score for the 2018-2019 school year.) The Plaintiff's name was added to a former teacher\s classes in May 2019; weeks before the end of the school year. The Plaintiff never taught the students in the class to which her name was applied.

40. On or about January 19, 2022, the Plaintiff heard noise in the hallway. She stepped outside her classroom and found Mr. Howard's students unsupervised while playing with toy trucks. The Plaintiff asked students to go to class. Mr. Howard harassed the Plaintiff by coming down the hall and confronting the Plaintiff; he called the Plaintiff a "bitch" in front of students.

41. The Plaintiff immediately contacted the union (UTD) building steward,Mrs. Williams. Williams reported Mr. Howard to the region.

42. Prior to the incident involving Howard, Edouard observed the Plaintiff's class even though a successful observation had already been completed and signed. During the

observation students worked independently; no lesson was observed as it was the last day of marking period and students were making up assignments.

43. On or about January 20, 2022, Edouard retaliated against and harassed the Plaintiff when he placed the Plaintiff on support dialogue. Ms. A. Richards was assigned to support the Plaintiff. On or about February 3, 2022, the Plaintiff met with Ms. A. Richards, an instructor assigned to provide additional training regarding the support dialogue. On February 7, 2022, Ms. A. Richards observed the Plaintiff teach her class. On February 9, 2022, Ms. A. Richards sent an email advising that the Plaintiff was being released from instructional coaching because she was confident in the Plaintiff's instructional abilities.

44. On or about January 24, 2022, the Plaintiff was notified that she was the subject of an investigation even though Mr. Howard called her a "bitch". Students reported to the Plaintiff that Edouard told them to write statements that said that she used profanity.

45. On or about January 25, 2022, Edouard and Assistant Principal Ms. Gilchrist entered the Plaintiff's class and, in front of her students, attempted to get her to sign a document. It was notification that Case #85357 had been filed. The Plaintiff requested that Edouard not be involved in the investigation. Mr. Maycock, a principal at another school, was assigned to conduct the investigation.

On February 25, 2022, Mr. Maycock, the principal assigned to investigate C-85357, was asked to redo the investigation because he used information collected by Mr. Edouard instead of doing his own interviews.

The investigation listed Selena Ross-Miranda as the complainant. However, on March 8, 2022, Selena Ross-Miranda admitted that she did not file C-85357 against the Plaintiff; she stated that she was not aware that her name was on the complaint. During a grievance meeting, the Plaintiff was told that the case was no longer valid. The Plaintiff assumed that was due to Edouard's misconduct. However, at a meeting on October 19, 2022, the case was mentioned again.

On October 19, 2022, the Plaintiff contacted the Office of the Inspector General (OIG) regarding Edouard using a coworker's name as the complainant without the worker's knowledge. On October 20, 2022, the OIG forwarded the complaint to the Office of Professions Practice Standards in Tallahassee, Florida for investigation of Edouard's actions.

46. February 7, 2022, the Plaintiff received notification of a CRC complaint against her; she was not provided details about the investigation.

47. On or about February 10, 2022, the Plaintiff filed a grievance against Edouard.

48. On the morning of February 14, 2022, Howard retaliated against and harassed the Plaintiff when he hit the left side of Plaintiff's body with his Range Rover in the parking lot of YMPA; the Plaintiff filed a police report. Sometime after this incident Howard was removed from YMPA and sent to an alternate location. While removed from the building Howard continued to retaliate against and harass the Plaintiff by filing complaints against her.

14

49. On February 14, 2022, Molina retaliated against and harassed the Plaintiff for filing a police report by sending case #C-85357 to the Office of Professional Practices Services in Tallahassee, FL, before the local investigation was completed.

50. On March 8, 2022, the Step 1 grievance meeting was held with Mr. Earl Nixon, UTD organizer. Edouard denied the grievance at Step 1. Step II Grievance meeting was held at the Central Region Office weeks later. Mr. Perez, Administrative Director, advised the Plaintiff and UTD representative that the C-85357 had been withdrawn. The Plaintiff believed that case was no longer valid due to Edouard's misconduct in filing the case.

51. On March 9, 2022, Edouard retaliate against and harassed the Plaintiff by filing case #85497. That case did not list a name of a complainant; the complainant was listed as Juvenile Confidential. Surprisingly, this case also accused the Plaintiff of calling the assistant principal, Valerie Gilchrist, a "bitch". The Plaintiff did not call the assistant principal a "bitch". Students stated they overheard a phone call; however, there was no phone call made on the day at the time in question. No phone records were obtained regarding the statements made. Students, IB, SG and JH provided false, defamatory statements about the Plaintiff to investigators regarding this matter.

52.   SG exhibited serious behavior problems during class. On March 28, 2022, the Plaintiff wrote a referral for SG because he refused to  wake up in class.

53.   On March 29, 2022, although Howard was out of the building at an alternate assignment, he retaliated against and harassed the Plaintiff by filing case # 85531 alleging that she created an unsafe learning environment. Students reported to the Plaintiff that a

group of students were meeting with Edouard regularly to go over what to say to investigators about the Plaintiff's class. Students reported that they were instructed to all say the same thing and that by doing so, the Plaintiff would be in trouble even though their statements were false.

Howard considered the fact that students had to follow class rules an unsafe learning environment. All parents were provided a copy of and access to the Plaintiff's class rules. Parents were instructed to advise the Plaintiff if they had an issue with the Plaintiff's rules. No parent complained about the Plaintiff's class rules. Students, IB, SG and JH provided false, defamatory statements about the Plaintiff to investigators regarding this matter.

54. On or about May 14, 2022, the Plaintiff was contacted by the Title IX office regarding case Case No.: 2021-22/IX/0111. She was asked if she was interested in having the case resolved by way of Informal Resolution. An informal resolution would leave notice that the case was filed against the Plaintiff in her file, but the findings would be confidential. The Plaintiff requested a Formal Investigation which makes all of the investigation public.

55. On May 15, 2022, Edoaurd retaliated against and harassed the Plaintiff by filing case # 85665 which accused her of intimidating students.

56. On June 2, 2022, Edouard provided notification of the investigative outcome of C-85497. Although, the investigation should have been conducted by the Civilian

Investigative Unit (CIU). CIU collected information provided by Edouard and used that as the basis of the investigative outcome. The Plaintiff complained about the impropriety of the investigation.

56. On or about June 14, 2022, Maria G. Zabala, Carmen Molina and Pierre Edouard retaliated against, harassed and defamed the character of the Plaintiff by forwarding to PPS documents pertaining to a lawsuit in which she was a party nearly 20 years ago. Zabala, Molina and Edouard sent the documents to convince PPS not to authorize the renewal of the Plaintiff's teaching certificate. Zabala, Molina and Edoaurd sent the documents to insinuate that the Plaintiff was not fit for her profession.

57. In August 2022, Howard filed a defamation of character lawsuit against the Plaintiff. The complaint contained information that Howard knew to be false.

58. In September 2022, The Plaintiff received an email which stated that if she did not obtain a renewed certificate by the due date, her employment could be terminated.

59. On October 11, 2022, Mr. Howard sent a threatening text message to a coworker, friend of the Plaintiff. On October 12, 2022, a police report was filed by the friend of the Plaintiff. On or about October 13, 2022, Edouard retaliated and harassed the Plaintiff by scheduling a Conference for the Record meeting.

## COUNT ONE

### Retaliation in Violation of the Americans with Disabilities Act

(Defendants: The School Board of Miami Dade County, Maria Zabala, Carmen Molina, Brenda Swain, Pierre Edouard, Troy Howard, Lolamaria Robbio)

60. The Plaintiff repeats and realleges paragraphs 1 through 59 hereof, as if fully set forth herein.

61. The Plaintiff suffers from Diabetes and hypertension. She applied for accommodations and was deemed disabled by the Miami Dade School System's medical committee. Although the Plaintiff suffers from chronic conditions, she was qualified for her position when Defendants removed her from her workplace.

62. During the 2021- 2022 school year, the Plaintiff engaged in protected activity by complaining to and requesting investigations by the Central Region Office, Labor Relations, and Office of Civil Rights Compliance about the bullying, harassment, retaliation, hostile work environment and discriminatory treatment based on Maupin's disability and requests for reasonable accommodation.

63. Defendants The School board of Miami Dade County, Edouard, Zabala, Molina, Swain, Howard and Robbio intentionally violated Maupin's rights under the ADA with malice or reckless indifference and, as a result, are liable.

## COUNT TWO

**Hostile Work Environment and Retaliation for Engaging in Protected Activity**

**Under Title VII**

(Defendants: The School Board of Miami Dade County, Maria Zabala, Carmen Molina, Brenda Swain, Pierre Edouard, Troy Howard, Lolamaria Robbio)

18

64. The Plaintiff repeats and realleges paragraphs 1 through 63 hereof, as if fully set forth herein.

65. The Plaintiff believes that the Defendants were engaged in discriminatory conduct in violation of Title VII.

66. Maupin engaged in protected opposition to Defendants' unlawful employment practices by complaining about the retaliation and hostile work environment. Although she requested investigations of the actions taken against her, no one looked into the unlawful practices.

67. In retaliation for Maupin's opposition to what she reasonably believed to be the Defendant's unlawful discrimination against her, Defendants created a hostile and oppressive work environment then disciplined the Plaintiff for opposing the treatment.

69. The effect of Edouard, Howard, Molina, Swain, Zabala, and Robbio's actions led the School Board of Miami Dade County to deprive the Plaintiff of future equal employment opportunities and otherwise adversely affected her employment status because of her opposition to the harassment.

70. These unlawful employment practices were intentional. The unlawful employment practices were done with malice or with reckless indifference to Ms. Maupin's federally protected rights. As a result the Defendants are liable.

**COUNT THREE**

19

**Interference in Violation of the Americans with Disabilities Act**

(Defendants: The School Board of Miami Dade County, Maria Zabala, Carmen Molina, Brenda Swain, Pierre Edouard, Lolamaria Robbio)

71. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 70 above as if set forth in full herein.

73. In August 2020, Plaintiff was entitled to accommodations under the ADA.

74. Defendants engaged in prohibited conduct under the ADA by interfering with, restraining or denying Plaintiffs' rights provided under the Act.

75. Defendants' action foreclosed Plaintiff's rights under the ADA, including but not limited to the right to be returned to her position and the right to be free from threats and harassment for exercising her rights under the law.

76. Defendants' actions were intentional, with deliberate disregard for the rights of the Plaintiff.

77. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff suffered mental anguish and emotional distress; humiliation and embarrassment; loss of professional reputation, and loss of the ordinary pleasures of everyday work life, including the right to pursue gainful employment of her choice.

**COUNT FOUR**

**Defamation Per Se**

(**Defendants:** Defendants Maria Zabala, Carmen Molina, Pierre Edouard, Troy Howard, Lolamaria Robbio, Rashima Bynum, (Parent of IB) Charmaine Austin (Parent of SG), Marlen Calix (Parent of JH), Stephanie Robinson (Parent of DB), Monica Germain (Parent of BD), and Rachelle Thermitus (Parent of AT))

78. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 77 above as if set forth in full herein.

79. Maria Zabala, Carmen Molina, and Pierre Edouard, compiled and transmitted documents that pertained to a previous lawsuit. The transmission of those documents was meant to harm the Plaintiff. The Defendants intended for the Plaintiff to lose her teaching certificate. They transmitted the documents in order to influence the licensing agency. They sent more than 200 pages of false accusations meant to destroy the career of Ms. Maupin because she opposed the retaliatory treatment and hostile work environment. Similarly, Troy Howard has sullied the reputation of Ms. Maupin. Howard transmitted knowingly false statements and alleged wrongdoing by the Plaintiff.

The false, defamatory statements by students AT, DB, BD, JH, SG and IB imputed the idea that the Plaintiff is unfit for the job as a teacher. The Plaintiff has been a teacher for nearly 28 years. She has never used profanity in front of students.

80. According to students, Robbio wrote the petition. The petition contained lies about the Plaintiff that were meant to harm her. AT's defamatory statements are especially egregious because the statements  impute the idea that the Plaintiff does not provide students with the education they deserve.  The Plaintiff has always been a dedicated teacher. The Plaintiff followed the pacing guide provided by the school district. At all

times the Plaintiff provided the lessons as directed by the ELA Department of Miami

Dade County Public Schools. The statements are per se defamation as a result the parent

of AT is liable.

81. The false defamatory statements made by AT, JH, IB, SG, DB and BD were

made in reference to the profession of the Plaintiff. The defamatory statements were

calculated to injure the reputation of Ms. Maupin. Due to the statements made by these

students, the Plaintiff was removed from her workplace. These statements are

defamation per se and as a result, the parents of the minor children are liable.

RELIEF REQUESTED

WHEREFORE, the Plaintiff respectfully requests the following relief:

A. Plaintiffs re-alleges and incorporates by reference all of the preceding paragraphs in this complaint,

B. Trial by jury on all issues so triable;

C. General and special compensatory damages;

D. Punitive damages;

E. Such further and different relief as is just and proper or that is necessary to make the Plaintiff whole.

Respectfully submitted,

Michelle Maupin, *pro se*

4408 SW 24th Street

West Park, FL 33023

9549979663

msmmauupin@aol.com

22

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed today, on Thursday, April 13, 2023, the

foregoing with the Federal Clerk of the Court for the Southern District of Florida, which

will send notification of such filing to all persons registered for this case, including the

Defendants' counsel.

Respectfully submitted,

Michelle Maupin, *pro se*

4408 SW 24th Street

West Park, FL 33023

Phone:  9549979663

email: msmmauupin@aol.com

23