**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 23-cv-21392-DPG

MICHELLE MAUPIN ,

    Plaintiff,

v.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA, et al.,

    Defendant.
_____/

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, The School Board of Miami-Dade County, Florida, ("School Board"), and Maria Zabala, Carmen Molina, Pierre Edouard and Brenda Swain (referred to collectively as the "Administrators") through the undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby file this Motion to Dismiss Plaintiff's Complaint and as grounds state as follows:

**I.     INTRODUCTION**

Plaintiff is presently employed as a teacher by the School Board. Plaintiff filed her Complaint on April 13, 2023, alleging that the School Board, the Administrators, and two (2) other School Board employees retaliated against and defamed her. She also included several parents of students in the defamation claim. The Complaint consists of four counts as follows:

    a.   Count One – Retaliation in violation of the Americans with Disabilities Act ("ADA") against the School Board, the Administrators and two (2) other School Board employees;

1

  b. Count Two – Retaliation in violation of Title VII against the School Board, the Administrators and two (2) other School Board employees;

  c. Count Three – ADA Interference against the School Board, the Administrators and two (2) other School Board employees; and

  d. Count Four – Defamation against the Administrators, two (2) other School Board employees and several parents.

First, Plaintiff's ADA claims are all time barred. Despite her carefully worded allegations to the contrary, she failed to file this lawsuit within the 90-day window designated in the EEOC Determination and Notice of Rights ("right-to-sue letter").

Second, Plaintiff's EEOC Charge, which she failed to attach to her Complaint, only made retaliation claims under the ADA, not Title VII. As such, she has failed to exhaust her administrative remedies as to the Title VII claims and they must be dismissed. Also, she failed to exhaust her administrative remedy regarding her ADA interference claim by omitting it from her EEOC Charge. This claim must also be dismissed.

Third, the Plaintiff's Complaint is an impermissible "shotgun" pleading in which each count absorbs, adopts and realleges all the allegations of the previous count before it.

Fourth, neither ADA or Title VII claims can be asserted against individual defendants, and all such claims against the Administrators must be dismissed.

Fifth, the Administrators are absolutely immune from Plaintiff's defamation claim and as such it must be dismissed.

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint when it fails to state a claim upon which relief can be granted. When ruling on a

motion to dismiss under this rule, a court must accept all factual allegations as true and limit its consideration to the complaint, the exhibits attached thereto, documents incorporated therein by reference, and matters of which the court may take judicial notice. Paterakis v. School Dist. of Brevard County, Fla**.,** 2009 U.S. Dist. LEXIS 68084 (M.D. Fla. 2009) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007), 127 S. Ct. 2499, 2509 (2007); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993)). However, this does not hold true for legal conclusions contained in the complaint. Id.

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 570.

A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations on their face-show that an affirmative defense bars recovery on the claim. LeFrere v. Quezada, 582 F.3d 1260,1263 (11th Cir. 2009); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).

**III.   ARGUMENT**

### A. Plaintiff failed to file her lawsuit within the 90-day period designated by the EEOC's Determination and Notice of Rights

In Paragraph 6 of Plaintiff's Complaint she alleges, "On or about January 13, 2023, Michelle Maupin received a Notice of Right to Sue from the EEOC. This Complaint has been filed within 90 days of receipt of that notice. The Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the ADA." A plaintiff must file their lawsuit within the 90-day period as designated by the "right-to-sue letter" and a failure to do so warrants

3

dismissal.  See Davis v. Auburn Bank, 704 F. App'x 837, 840–41 (11th Cir. 2017) (holding dismissal was appropriate where plaintiff missed the filing deadline by three (3) days).

Plaintiff has failed to attach either the operative EEOC Charge or Determination and Notice of Rights ("right-to-sue letter) from the EEOC to her Complaint.  The 11th Circuit has adopted the "incorporation by reference" doctrine, under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. "Undisputed" in this context means that the authenticity of the document is not challenged.  See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).  Attached to this Motion to Dismiss is Composite Exhibit "A" which includes both Plaintiff's EEOC Charge and her "right-to-sue letter" from the EEOC.  The "right-to-sue" letter clearly states that it was issued on January 11, 2023.  A review of the docket indicates that Plaintiff filed her lawsuit on April 13, 2023.  This means Plaintiff filed the instant action ninety-two (92) days after the issuance of the right-to-sue letter.  As such, she failed to assert the ADA claims she presented to the EEOC in a timely fashion.  Those ADA claims against the School Board and the Administrators must therefore be dismissed with prejudice.

**B. Plaintiff failed to raise any claims under Title VII in her EEOC Charge and therefore she is prohibited from asserting them in this lawsuit**

Title VII requires that a plaintiff exhaust administrative remedies before filing an action in federal court.  See Green v. Elixir Indus., Inc., 152 F. App'x 838, 841 (11th Cir. 2005).  The filing of a charge of discrimination with the EEOC is a condition precedent to the bringing of a civil action under Title VII.  See Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460 (5th Cir. 1970).  Plaintiff's EEOC Charge contains no reference whatsoever to Title VII and refers only to

4

the ADA. See Composite Exhibit "A." As such, Plaintiff has not exhausted her administrative remedies by failing to raise her Title VII claims with the EEOC. The Title VII claim must be dismissed with prejudice as to the School Board and the Administrators.

### C. Plaintiff's EEOC Charge failed to raise an ADA interference claim and she is prohibited from asserting one in this lawsuit

Count Three of Plaintiff's Complaint purports to assert a claim for "Interference in Violation of the Americans with Disabilities Act." In Paragraph 74 of the Complaint, she states specifically, "Defendant's engaged in prohibited conduct under the ADA by interfering with, restraining or denying Plaintiffs' [sic] rights provided under the Act."

Nowhere in Plaintiff's EEOC Charge does she alleged that her rights under the ADA were interfered with. To the contrary, she refers specifically to "being accommodated." See Composite Exhibit "A." Her entire charge concerns itself with retaliation she suffered as a result of having been given accommodations. Where an EEOC Charge does not specifically reference an interference claim, but only an ADA retaliation claim, a plaintiff has failed to exhaust her administrative remedies in connection to the interference claim and dismissal is warranted. See Suarez v. Costco Wholesale Corp., No. 22-20242-CIV, 2023 WL 2536992, at *5 (S.D. Fla. Mar. 16, 2023). As such, Count Three must be dismissed with prejudice.

### D. Plaintiff's Complaint (a "shotgun pleading") should be dismissed due to his failure to comply with Rule 10(b) of the Federal Rules of Civil Procedure.

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128–29 (11th Cir. 2001)). Rule 10(b) requires that the averments of a claim be made in

"numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). The most common example of a "shotgun pleading" is characterized as "a complaint containing 'several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions." Joseph v. Bernstein, 612 F. App'x 551, 555 (11th Cir. 2015) (quoting Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002)). Each of Plaintiff's successive Counts does precisely this. Count Two incorporates all of the allegations of Count One. Count Three incorporates all of the allegations of Counts One and Two. Finally, Count IV incorporates all the allegations of the prior three Counts.

"Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996). As explained above, Plaintiff's Complaint constitutes an impermissible "shotgun pleading" and must therefore be dismissed.

### E.  The Administrators cannot be held personally liable under the ADA or Title VII

Even if this Court determines that Plaintiff's ADA claims are not time barred and that her Title VII claim can be asserted despite it never having been presented to the EEOC, none of these claims can be asserted against the individually named defendant Administrators.

The 11th Circuit has long held that there is no individual responsibility under Title VII. See Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir.1991) ("The relief granted under Title VII is against the *employer,* not individual employees whose actions would constitute a

violation of the Act."). Likewise, the ADA does not provide for individual liability, but only employer liability. See Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996).

As such the ADA claims made against the Administrators in Counts One and Three and the Title VII claims made against the Administrators in Count Two must all be dismissed with prejudice.

### F. Plaintiff's Complaint fails to state a cause of action against the Administrators for Defamation due to their absolute immunity

In analyzing a plaintiff's defamation claims, a federal court applies Florida's substantive law. See Horowitch v. Diamond Aircraft Indus., Inc., 645 F.3d 1254, 1257 (11th Cir. 2011). Where the highest court—in this case, the Florida Supreme Court—has spoken on the topic, its ruling should be followed. See Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1348 (11th Cir. 2011). Where that court has not spoken, however, the federal courts predict how the highest court would decide the case. See Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc., 420 F.3d 1317, 1326 n.5 (11th Cir. 2005). Decisions of the intermediate appellate courts—here, the Florida District Courts of Appeal—provide guidance for this prediction. See Bravo v. United States, 577 F.3d 1324, 1325 (11th Cir. 2009) (per curiam) (citing West v. Am. Tel. & Tel. Co., 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940)). As a general matter, the decisions of these intermediate courts must be followed. Id. at 1325-26.

Florida courts have consistently refused to recognize a cause of action for defamation against a county or municipal official when the allegedly defamatory statements were made in connection with the performance of the officer's duties and responsibilities. Skoblow v. Ami-Manage, Inc., 483 So.2d 809, 810-11 (Fla. 3d DCA 1986); Johnsen v. Carhart, 353 So.2d 874 (Fla. 3d DCA 1977); McNayr v. Kelly, 184 So.2d 428, 433 (Fla. 1966) (holding that executive officials of government are absolutely immune as to defamatory publications made in connection

with the performance of the duties and responsibilities of their office). Count Four of Plaintiff's Complaint must be dismissed because she fails to assert that any of the allegedly defamatory communications made by the Administrators were made outside the scope of their employment. To the contrary, in Paragraphs 49, 56 and 79 Plaintiff explains that the defamatory communications were made to the Office of Professional Practices Services (an office with the Florida Department of Education that investigates teacher misconduct) which is within the scope of their duties and responsibilities.

This immunity attaches to communications by public officials no matter how false, malicious or badly motivated the communication may be. McNayr, 184 So.2d at 430. This immunity from liability attaches to defamatory communications regardless of whether they were made in connection with a mandatory duty of the speaker or were merely the result of his or her discretionary acts. City of Miami v. Wardlow, 403 So.2d 414 (Fla. 1981), *citing* Barr v. Matteo, 360 U.S. 564, 575, 79 S.Ct. 1335, 1341 (1959).

It is proper for a court to dismiss a complaint, asserting a defamation claim against a government employee, with prejudice, due to the government employee's absolute immunity for defamatory communications made within the scope of his or her employment. Stephens v. Geoghegan, 702 So.2d 517, 522 (Fla. 2d DCA 1997); Alfino v. Department of Health and Rehabilitative Services, 676 So.2d 447, 449 (Fla. 5th DCA 1996) (concluding that even low-level government employees are entitled to absolute immunity for allegedly defamatory communications made in connection with the duties of their office and affirming the dismissal of the complaint with prejudice). As such, the defamation claim against the Administrators must be dismissed with prejudice.

**IV.     CONCLUSION**

Based on the foregoing, Plaintiff fails to bring forward any claim upon which relief may be granted. The School Board and the Administrators respectfully request that this Court dismiss the Plaintiff's "Shotgun" Complaint with Prejudice.

Respectfully submitted,

Walter J. Harvey
General Counsel
The School Board of Miami-Dade County, Florida
1450 NE 2nd Avenue, Room 430
Miami, FL 33132

By: *Christopher J. La Piano*_____
      Christopher J. La Piano
      Florida Bar No. 0059157
      Attorney for Defendant
      cjlapiano@dadeschools.net
      Telephone (305) 995-1304
      Facsimile (305) 995-1412

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served on this 5th day of May, 2023, pursuant to the CM/ECF requirements to the persons on the attached service list:

By: *Christopher J. La Piano*
Christopher J. La Piano

**SERVICE LIST**

Christopher J. La Piano, Esq.
Assistant General Counsel
The School Board of Miami-Dade County, Florida
1450 NE 2nd Avenue, Room 430
Miami, FL 33132

Michelle Maupin, Pro Se
4408 SW 24th Street
West Park, FL 33023
msmmaupin@aol.com