

Ex.1

# Miami-Dade County Public Schools

## giving our students the world

*Superintendent of Schools*
*Alberto M. Carvalho*

*Chief Human Capital Officer*
*Dr. Dawn M. Baglos*

*Assistant Superintendent*
*Dr. Jimmie L. Brown, Jr.*

*Ex.1*

*Miami-Dade County School Board*
*Perla Tabares Hantman, Chair*
*Dr. Steve Gallon III, Vice Chair*
*Lucia Baez-Geller*
*Dr. Dorothy Bendross-Mindingall*
*Christi Fraga*
*Dr. Lubby Navarro*
*Dr. Marta Pérez*
*Mari Tere Rojas*
*Luisa Santos*

August 27, 2021

Ms. Michelle Maupin
mmaupin@dadeschools.net

Dear Ms. Maupin:

The Americans with Disabilities Act District Consultative Committee (ADA-DCC) met on Tuesday, August 10, 2021, to review your request for accommodations at your current work location. After carefully reviewing all the information presented, including information from Ms. Jensy Kurien, your Nurse Practitioner, and the Medical Consultant for Miami-Dade County Public Schools (M-DCPS), the ADA-DCC made the following determination:

> Based on the information provided on your Americans with Disabilities Act (ADA) Employee Self-Referral Form and in consultation with school-site and District personnel, it was determined that you are a **qualified individual** within the meaning of the Americans with Disabilities Act.

Federal law protects "qualified employees with disabilities". The term qualified means that the individual satisfies the skill, experience, education, and other job-related requirements of the position sought or held and can perform the primary job tasks of the position, with or without a reasonable accommodation.

Based on the totality of the information presented and reviewed, the Committee determined that your request to work remotely is **unreasonable** as it constitutes an undue hardship to your work location. This accommodation is no longer available at your work location as we have entered Stage III of M-DCPS' Reopen Smart/Return Safe Reopening of Schools.

In reference to your requested *accommodation of disclosing vaccination status of all students, small class setting, online meetings,* the Committee found your request **unreasonable**. Additionally, administration will follow District protocol in notifying you if you come into contact with a COVID-19 positive student or employee.

It is the Committee's understanding that you will receive additional PPE equipment including, but not limited to, mask, gloves, face shields and Plexiglass. This request is granted through the end of the 2021-2022 school year.

M-DCPS is closely monitoring the latest developments concerning the ongoing COVID-19 pandemic. Your school administration will be adhering to the new revised COVID-19 School Operations Opening of Schools Manual and comply with all protocols regarding mask usage and social distancing. As this is an evolving situation, for any enhanced safety protocols, the ADA-DCC recommends that you speak to your administration for updated guidelines as they become available.

The approved accommodation still requires that you continue to perform the essential functions of your job. Should you have any questions regarding the determination made by the ADA-DCC, please contact Ms. Carmen G. Molina, Chairperson of the AD-DCC, at 305 995-7116 or TDD 305 995-2400.

Sincerely,

Jimmie L. Brown, Jr., Ph.D.
Assistant Superintendent

JLB/CGM:cvb
L-0232

cc: Dr. Dawn M. Baglos
    Mr. Alejandro Perez
    Ms. Carmen G. Molina
    Mr. Pierre R. Edouard
    ADA File

**SENT VIA DISTRICT E-MAIL**



# Miami-Dade County Public Schools

### giving our students the world

EX. 2

| | |
|---|---|
| **Superintendent of Schools**<br>Dr. Jose L. Dotres | **Miami-Dade County School Board**<br>Perla Tabares Hantman, Chair<br>Dr. Steve Gallon III, Vice Chair<br>Lucía Baez-Geller |
| **Chief Human Capital Officer**<br>Dr. Dawn M. Baglos | Dr. Dorothy Bendross-Mindingall<br>Christi Fraga |
| **Assistant Superintendent**<br>Dr. Jimmie L. Brown, Jr. | Dr. Lubby Navarro<br>Dr. Marta Pérez<br>Mari Tere Rojas<br>Luisa Santos |

August 5, 2022

Ms. Michelle Maupin
mmaupin@dadeschools.net

Dear Ms. Maupin:

The Americans with Disabilities Act District Consultative Committee (ADA-DCC) met on Tuesday, July 26, 2022, to review your request for accommodations at your current work location. After carefully reviewing all the information presented, including information from Ms. Jensy Kurien, your Nurse Practitioner, and Dr. Barry Korn, Medical Consultant for Miami-Dade County Public Schools (M-DCPS), the ADA-DCC made the following determination:

> Based on the information provided on your Americans with Disabilities Act (ADA) Employee Self-Referral Form and in consultation with school-site and District personnel, it was determined that you are a **qualified individual** within the meaning of the Americans with Disabilities Act.

Federal law protects "qualified employees with disabilities". The term qualified means that the individual satisfies the skill, experience, education, and other job-related requirements of the position sought or held and can perform the primary job tasks of the position, with or without a reasonable accommodation.

Based on the totality of the information presented and reviewed, the ADA/DCC **granted** you the reasonable accommodation of the use of the bathroom, as needed. Coordinate with the school's office to ensure appropriate coverage. In reference to your request to continue the use of your face covering, it is not mandatory but optional and this request does not need to be addressed by this office, at this time. Finally, in regard to your request for additional ventilation in the classroom, the Committee requires more information in order to make a determination.

The approved accommodation still requires that you continue to perform the essential functions of your job. Should you have any questions regarding the determination made by the ADA-DCC, please contact Ms. Carmen G. Molina, Chairperson of the AD-DCC, at 305 995-7116 or TDD 305 995-2400.

Sincerely,

Jimmie L. Brown, Jr., Ph.D.
Assistant Superintendent

JLB/CGM:dob
L-2807

cc:   Dr. Dawn M. Baglos
      Dr. Michael A. Lewis
      Mr. Alejandro Perez
      Ms. Carmen G. Molina
      Mr. Pierre R. Edouard
      ADA File

**SENT VIA DISTRICT E-MAIL**

*Office of Human Capital Management / Americans with Disabilities Act (ADA) Office*
*155 Northeast 15th Street, Suite P-102 • Miami, FL 33132*
*305-995-7116 • 305-995-7402 (FAX) • adaoffice@dadeschools.net*

Ex 3

February 10, 2022


Dear Mr. Nixon:

Due to the ongoing harassment and retaliation I am experiencing at Young Men's Preparatory Academy, I am requesting that a grievance be filed. The pre-grievance form and pertinent documents are enclosed in the binder provided to you. The documents reference the incidents listed below:

8/2020- Ms. Maupin applied for and approved for ADA accommodations for the 2020-2021.
11/2020- Mr. Edouard refused to provide Ms. Maupin with a sub that was paid for by the district.
11/2020-Mr. Edouard refused to pay for time Ms. Maupin worked; she attended a PD and worked the full day.
3/2021- Ms. Maupin filed a complaint with Labor Relations (pay was restored).
6/2021- retaliated against Ms. Maupin by attempting to surplus her even though she was not eligible for surplus.
8/2021- Ms. Maupin was approved for ADA accommodations for 2021-2022 school year.
8/2021- Mr. Edouard refused to provide Ms. Maupin with PPE purchased with CARES Act funds
8/2021- Ms. Maupin filed a Civil Rights Compliance complaint filed; PPE was provided in October 2021 after the CRC investigation).
11/2021- Mr. Edouard attempted to force Ms. Maupin to change students grades
11/2021- Mr. Edouard attended a parent conference and instructed parents to "take next steps" because Ms. Maupin did not support a grade change
11/2021- attempted to put Ms. Maupin on support dialogue; UTD objected.
11/3/2021- Mr. Edouard issued Ms. Maupin a memo regarding her professional responsibilities because she made a comment at a faculty meeting in August 2021. The memo also criticized Ms. Maupin for asking questions about how to complete Data Chats without pertinent information. (The memo is uncharacteristic of Mr. Edouard's writing. It may have been written by Mr. Howard.)
11/30/2021- The security monitor called the front office to have them contact Mr. Howard to pick up his class after lunch because he was late arriving.
12/1/2021- The security monitor was reprimanded for being 2 minutes late; Mr. Edouard said he watched the cameras saw her arrive.
12/2/2021- The security monitor was called into Mr. Edouard's office and told that Mr. Howard had some concerns about her because she informed the front office that he was late picking his class up from lunch.
12/2/2021- Mr. Howard stood out front and reported that the security monitor allowed passersby to smoke marijuana in front of the school; SRO contradicted Mr. Howard's statement; passersby were taking pictures.
12/3/2021-Mr. Edouard gave the security monitor a memo stating that her hours were being changed.
1/4/2022- Ms. Maupin received a call from the registrar advising that Miami Jackson High needed grades for a student. Upon review, Ms. Maupin never taught the student, but her name is listed as teacher of record. (The addition of this student and others to Ms. Maupin's roster

reduced her VAM score for the 2018-2019 school year.) Ms. Maupin's name was added to Mr. Fernandez classes in May 2019; weeks before the end of the school year.

1/19/2022- Mr. Edouard observed Ms. Maupin's class even though a successful observation had already been completed and signed; on 1/19/22 students worked independently; no lesson was observed; last day of marking period.

1/19/2022- Mr. Howard called Ms. Maupin a bi#$h in front of students.

1/19/2022- Mrs. Williams, UTD steward, reported Mr. Howard to the region.

1/20/2022- Mr. Edouard placed Ms. Maupin on support dialogue.

1/24/2022- Ms. Maupin was notified that she is the subject of an investigation even though Mr. Howard called her a bi$#h.

1/25/2022 Mr. Edouard and Ms. Gilchrist entered Ms. Maupin's class and, in front of her students, attempted to get her to sign a document.

2/7/2022- I received notification of a CRC complaint against me. I was not provided details about the investigation.

   Due to what appears to be obvious violations of our UTD contract, I am seeking the following relief:

1. All disciplinary documentation and notes pertaining to matters addressed in the grievance will be permanently removed from my personnel file.
2. All documents related to Support Dialogue will be permanently removed from my personnel file.
3. Cease and desist all direct and indirect harassment and retaliation.

As I continue to deal with this matter, I will update my relief sought as necessary.

Sincerely yours,


Michelle Maupin, M. Ed.

EX. 4



---

# Confirmation of Charge Receipt
1 message

---

**EEOC** <no-reply@service.eeoc.gov>                    Thu, Dec 22, 2022 at 11:54 AM
To: Ms. michelle maupin <msmmaupin@gmail.com>

          **U.S. Equal Employment Opportunity Commission**

Re: EEOC Charge Number: 510-2022-02350
Charging Party: michelle maupin
Respondent: MIAMI-DADE COUNTY PUBLIC SCHOOL

This notice is being sent to you because you recently filed a charge 510-2022-02350 with the U.S. Equal Employment Opportunity Commission (EEOC). EEOC is pleased to inform you that you can now access information about your charge through a secure website, the **EEOC Public Portal.**
EEOC's Public Portal allows you to:
• Update your contact info
• Upload a letter of representation from your attorney if you have one
• Upload documents supporting your charge
• Request the respondent's Position Statement if it submits one, and upload your response
• Check the status of your charge
To access your charge information online:
1. Go to EEOC Public Portal
2. Click **Register** in the upper-right corner of the screen.
> Enter your contact information and create a password.
> When you create your account, you'll automatically log into the Portal.
3. Once you're logged-in, you'll be taken directly to your charge.

**IMPORTANT!** When entering your contact information, enter the Email Address that this notice was sent to. Only you and the EEOC can access your charge information. If you have an attorney or other representative assisting you with your charge, your representative received a copy of this email. Only one of you may create an account for this charge. If you create an account, you will need to provide your log-in information to your attorney or representative to allow them to access your online charge information.

**What You Should Do Next:**
There are a few important things to keep in mind after filing a charge with EEOC, particularly:
☐ You must keep your documents – both paper and electronic
☐ Look for a job and keep records of your job search if you are unemployed

Given the high demand for EEOC's services and the agency's limited resources, we ask you to be patient. EEOC's investigation will vary based on many factors, including the agency's responsibility to focus on matters that serve the broader public interest in equal opportunity. EEOC is committed to strong enforcement of the law and excellent service to the public. Your cooperation is essential to EEOC's investigation of your charge.

EEOC typically receives about 90,000 charges of discrimination from workers out of more than 700,000 contacts seeking information and assistance every year. Although EEOC is able to address thousands of complaints, the agency cannot remedy every potential violation of the federal discrimination laws. Recognizing this, Congress gave workers the right to file lawsuits in court after first allowing EEOC the opportunity to investigate their charge.

If you want to file a lawsuit before the EEOC has finished our investigation, you can request a Notice of Right-to-Sue. Go to https://www.eeoc.gov/employees/lawsuit.cfm for more information. If you want the EEOC to continue investigating your charge, don't request a Notice of Right-to-Sue.

*Notice of Confidentiality: This email may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact and destroy all copies of the original message and attachments.*



# Document Added to EEOC Charge 510-2022-02350

1 message

**EEOC** <no-reply@service.eeoc.gov>                    Wed, Jan 11, 2023 at 10:53 PM
To: Ms. michelle maupin <msmmaupin@gmail.com>

                    **U.S. Equal Employment Opportunity Commission**

A new document was added to EEOC Charge No. 510-2022-02350, Ms. Michelle Maupin v.
MIAMI-DADE COUNTY PUBLIC SCHOOL. To view it, sign-in to the EEOC Public Portal.

*Notice of Confidentiality: This email may contain privileged and confidential information,*
*including information protected by federal and state privacy laws. It is intended only for the use*
*of the person(s) named above. If you are not the intended recipient, you are hereby notified that*
*any review, dissemination, distribution, or duplication of this communication is strictly prohibited*
*and may be unlawful. If you are not the intended recipient, please contact (800) 669-4000 and*
*destroy all copies of the original message and attachments.*



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 01/11/2023

**To:** Ms. Michelle Maupin
4408 SW 24th Street
WEST PARK, FL 33023
Charge No: 510-2022-02350

EEOC Representative and email:    LAVERNE FORESHAW
Investigator
laverne.foreshaw@eeoc.gov

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2022-02350.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
01/11/2023
Evangeline Hawthorne
Director

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ EEOC  ☐ FEPA | 510-2022-02350 |

**Florida Commission On Human Relations** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Ms. Michelle Maupin | 954-997-9664 | |

Street Address
4408 SW 24th Street
WEST PARK, FL 33023

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| MIAMI-DADE COUNTY PUBLIC SCHOOL | 501+ Employees | (305) 995-7120 |

Street Address
1450 NE 2ND AVE STE 929
MIAMI, FL 33132

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address | City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| Disability, Retaliation | Earliest 03/01/2020   Latest 12/22/2022   Continuing Action |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am an individual with a permanent disability. I am currently employed by Miami-Dade County Public Schools. During the 2020-2021 school year, I requested to teach from home as the district allowed teachers with disabilities to work from home. During and after being accommodated, my Principal, Pierre Edouard subjected me to ongoing harassment. In addition to the ongoing, intentional bullying I have experienced, Mr. Edouard filed a Title IX complaint with the regional office stating that I told students, faculty, staff, parents and District employees that he is gay. This is false. On December 14, 2022, the Title IX case closing letter was sent to me. The investigators found that I was NOT RESPONSIBLE. In addition, on or about December 14, 2022, Ms. Robbio, the new guidance counselor and a member of the principal's leadership team, wrote and printed a petition and directed the students to pass it around to each class to retrieve signatures. In the petition, she requested that I be removed from the school. I complained to the regional office and requested an investigation of the petition on December 15, 2022. Unbeknownst to me, on December 16, 2022, in retaliation for complaining an investigation against me was initiated because I spoke to students about the petition. On Saturday, December 17, outside of regular work hours, I received a call from my principal advising me to report to the Central Region office on Monday. I was under the impression that I was meeting to discuss the petition that was written about me, the violation my rights and violation of Code of Ethics 3210. A. 22

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.  **Digitally Signed By: Ms. Michelle Maupin**  12/22/2022  *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT  SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | 510-2022-02350 |

| | |
|---|---|
| Florida Commission On Human Relations | and EEOC |
| *State or local Agency, if any* | |

and 23. On Monday, December 19, 2022, I went to the Central Region at 8 :00 a.m. Instead of being interviewed about the petition against me, Brenda Swain, Regional Admin. Director, advised me that I was being investigated and I was moved to an alternate assignment. I believe that I have experienced ongoing bullying and harassment. My work assignment has been unlawfully altered. I believe was retaliated and discriminated against based on my disability in violation of Title I of the Americans with Disabilities Act (ADAAA) of 1990, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Ms. Michelle Maupin**<br><br>**12/22/2022**<br><br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE<br>*(month, day, year)* |

Timeline of Harassment and Bullying

8/2020- Ms. Maupin applied for and approved for ADA accommodations for the 2020-2021.

11/2020- Mr. Edouard refused to provide Ms. Maupin with a sub that was paid for by the district.

11/2020-Mr. Edouard refused to pay for time Ms. Maupin worked; she attended a PD and worked the full day.

3/2021- Ms. Maupin filed a complaint with Labor Relations (pay was restored).

6/2021- retaliated against Ms. Maupin by attempting to surplus her even though she was not eligible for surplus.

8/2021- Ms. Maupin was approved for ADA accommodations for 2021-2022 school year. Ms. Maupin requested to be transferred to a virtual teaching assignment. MDCPS denied Ms. Maupin's request for a transfer to teach remotely.

8/2021- Mr. Edouard refused to provide Ms. Maupin with PPE purchased with CARES Act funds

8/2021- Ms. Maupin filed a Civil Rights Compliance complaint filed; PPE was provided in October 2021 after the CRC investigation began). The investigator found no probable cause.

11/2021- Mr. Edouard attempted to force Ms. Maupin to change students' grades

11/2021- Mr. Edouard attended a parent conference and instructed parents to "take next steps" because Ms. Maupin did not support a grade change

11/2021- attempted to put Ms. Maupin on support dialogue; UTD objected.

11/3/2021- Mr. Edouard issued Ms. Maupin a memo regarding her professional responsibilities because she made a comment at a faculty meeting in August 2021. The memo also criticized Ms. Maupin for asking questions about how to complete Data Chats. (The memo is uncharacteristic of Mr. Edouard's writing. It may have been written by Mr. Howard.)

1/4/2022- Ms. Maupin received a call from the registrar advising that Miami Jackson High needed grades for a student. Upon review, Ms. Maupin never taught the student, but her name is listed as teacher of record. (The addition of this student and others to Ms. Maupin's roster reduced her VAM score for the 2018-2019 school year.) Ms. Maupin's name was added to Mr. Fernandez classes in May 2019; weeks before the end of the school year. Ms. Maupin never taught the student in question.

1/19/2022- Mr. Edouard observed Ms. Maupin's class even though a successful observation had already been completed and signed; on 1/19/22 students worked independently; no lesson was observed; last day of marking period.

1/19/2022- Mr. Howard called Ms. Maupin a bi#$h in front of students.
1/19/2022- Mrs. Williams, UTD steward, reported Mr. Howard to the region.

1/20/2022- Mr. Edouard placed Ms. Maupin on support dialogue.

1/24/2022- Ms. Maupin was notified that she is the subject of an investigation even though Mr. Howard called her a bi$#h.

1/25/2022 Mr. Edouard and Ms. Gilchrist entered Ms. Maupin's class and, in front of her students, attempted to get her to sign a document. Case #85357 was filed on or about January 25, 2022.

2/3/2022- Ms. Maupin met with Ms. A. Richards, an instructor assigned to provide additional training,

2/7/2022-Ms. A. Richards observed Ms. Maupin teach her class

2/7/2022- I received notification of a CRC complaint against me. I was not provided details about the investigation.

2/9/2022- Ms. A. Richards sent an email advising that Ms. Maupin was being released from instructional coaching because she was confident in Ms. Maupin's instructional abilities

2/10/2022- Ms. Maupin filed a grievance against her principal

2/14/2022- Mr. Howard hit Ms. Maupin with his Range Rover in the parking lot of YMPA; she filed a police report

2/14/2022-  case #C-85357 was sent to the Office of Professional Practices Services in Tallahassee, FL.

2/25/2022-  Mr. Maycock, the principal assigned to investigate C-85357, was asked to redo the investigation because he used information collected by Mr. Edouard instead of doing his own investigation

3/2/2022-  Mr. Edouard had filed another case against Ms. Maupin. Mr. Edouard filed a Title IX claim against me, case No.: 2021-22/IX/0111. He alleged that I had told district staff, parents, teachers and others that he is gay.

3/8/2022- Step 1 grievance meeting was held with Mr. Earl Nixon, UTD organizer

3/8/2022-Selena Ross-Miranda admitted that she did not file C-85357 against me; she was not aware that her name was on the complaint

3/9/2022- Ms. Maupin received notification for case #85497. That case did not list a name of a complainant; the complainant was listed as Juvenile Confidential. Surprisingly, this case also accused me of calling the assistant principal a "b$tch".

3/28/2022- Ms. Maupin wrote a referral for SG because he refused to wake up in class.

3/29/2022- Ms. Maupin received notification case # 85331 alleging that she created an unsafe learning environment

5/14/2022- Ms. Maupin was contacted by the Title IX office regarding case Case No.: 2021-22/IX/0111. She was asked if she was interested in having the case resolved by way of Informal Resolution. An informal resolution would leave notice that the case was filed against me in my file, but the findings would be confidential. She requested a formal investigation which makes all of the investigation public.

5/15/2022- Ms. Maupin received notification of case # 85665 which accused her of intimidating students

10/11/2022- Mr. Howard sent a threatening text message to a coworker, friend of Ms. Maupin

10/12/2022- the coworker filed a police report

10/13/2022- Mr. Edouard sent Ms. Maupin notification of a Conference for the Record meeting

10/18/2022- Ms. Maupin attended the conference for the record meeting. Case C-85357 was mentioned. Ms. Maupin was under the impression that the case had been withdrawn due to Mr. Edouard's misconduct

10/19/2022- Ms. Maupin filed a complaint with the OIG.

10/20/2022- OIG sent the request for investigation of Mr. Edouard's actions to the Miami-Dade Public Schools School Board and PPS in Tallahassee, FL

12/14/2022-Ms. Maupin received the case closing letter regarding Title IX case 2021-22/IX/0111. Ms. Maupin was found not responsible.

12/14/2022- Ms. Robbio, the new guidance counselor and a member of the principal's leadership team, wrote and printed a petition and directed the students to pass around to each class to retrieve signatures.  In the petition, she requested that Ms. Maupin be removed from the school

12/15/2022- Ms. Maupin complained to the regional office and requested an investigation of the petition

12/16/2022- In retaliation for Ms. Maupin complaining, Mr. Edouard initiated an investigation against Ms. Maupin because she spoke to students about the petition.

12/17/2022- On Saturday, December 17, 2022, outside of regular work hours, Ms. Maupin received a call from her principal advising her to report to the Central Region office on Monday, December 19, 2022.

12/19/2022- Ms. Maupin went to the Central Region at 8am. Instead of being interviewed about the petition against her, Brenda Swain, Regional Admin. Director, advised her that she was being investigated and she was moved to an alternate assignment.

Ex. 9



## MIAMI-DADE COUNTY PUBLIC SCHOOLS
### Office of Civil Rights Compliance

### EMPLOYEE COMPLAINT FORM

**NAME:** Michelle Maupin                    **EMPLOYEE #:** 317494

**ADDRESS:** 4408 SW 24th Street              **POSITION:** Teacher

**CITY/STATE/ZIP:** West Park, FL 33023       **E-MAIL:** mmaupin@dadeschools.net

**WORK PHONE:** (305) 571-1111                **HOME PHONE:** (954) 997-9663

**WORK LOCATION NAME/NUMBER:** Young Men's Preparatory Academy/7056

**Instructions:** The purpose of this form is to assist you in presenting your complaint, in accordance with School Board guidelines. The information you provide on this form will allow staff in the Office of Civil Rights Compliance (CRC) to decide what questions to ask of individuals with knowledge of the facts concerning your complaint.

It is requested that you provide as much detail as possible when completing the *Employee Complaint Form.* Please attach any documents which you believe will support your statement. If you need additional space, feel free to attach additional pages. All the information provided must be true and accurate.

1. *What person(s) allegedly harassed, discriminated and/or retaliated against you?*
   Pierre Edouard, principal

2. *Did you report this to an administrator or worksite administrator? If yes, please give the name(s) of those individual(s) and if possible, provide a work location or phone number where they can be reached. State specifically what you said and the response(s) given and/or the action taken by the administrator.*
   The worksite administrator is participating in the disparate treatment. I requested that I be provided with adequate PPE as I had placed an order using the CARES Act funds allotted to me. I was not provided with the PPE that I ordered. Mr. Edouard gave me an alternative that he thought I should have; however, the items were made for children and not adults.

3. *What is the most recent date you were discriminated against?*
   It is ongoing; however, the most recent date is August 20, 2021.

FM-5148 Rev. (08-19)

4. *Please check the applicable category upon which your complaint is based. It should be noted that the descriptions provided below are intended to assist you with understanding the varying categories and should not be considered "legal definitions." Please describe each alleged discriminatory act, the name(s) of each person (s) involved and, why you believe the discrimination was because of race, disability, age, etc.*

_____ *Age* - This category prevents denial of equal employment and/or educational opportunities and/or harassment because of a person's age.

_____
_____
_____
_____

_____ *Citizenship Status* - This category prevents denial of equal employment and/or educational opportunities and/or harassment based on that individual's citizenship or immigration status.

_____
_____
_____
_____

_____ *Color* - This category prevents denial of equal employment and/or educational opportunities and/or harassment because of a person's skin tone. Color discrimination can be a subclass within a race and is based on the fact that a person's skin tone is different from their own. As such, color discrimination can occur within the same race. For example, someone who is darker complexioned may discriminate against someone who has a lighter complexion although they are both members of the same race.

_____
_____
_____
_____

__✔__ *Disability* - This category prevents denial of equal employment and/or educational opportunities and/or harassment because a person either has or is perceived to have a permanent impairment that substantially limits or prevents a major life activity.

Aug. 2020- withheld ADA accom. info; provided FMLA instead. Nov. 2020-refused to provide a sub;
withheld a day's pay because I attended a PD he sent me to; June 2020- said I was being surplused
but I was not eligible for surplus per UTD; July 2021 had numerous principals call me prior to my surgery
telling me I was surplused and they needed my resume; Aug 20, 2021- failed to provide adequate PPE

FM-5148 Rev. (08-19)

_____ *Ethnic or National Origin* - This category prevents denial of equal employment and/or educational opportunities and/or harassment because of a person's or his/her ancestor's, place of origin; or because an individual has the physical, cultural or linguistic characteristics of a national origin group.

_____
_____
_____
_____

_____ *Family Medical Leave Act (FMLA)* - This category prevents the harassment of and/or discrimination against an eligible employee exercising their right to take up to 12 work weeks of leave during any 12-month period for one or more of the reasons defined in the Family Medical Leave Act (FMLA) statute.

_____
_____
_____
_____

_____ *Gender* - This category prevents denial of equal employment and/or educational opportunities and/or harassment because of a person's gender or sex; it ensures that males are not treated differently from females and/or vice versa. Gender discrimination also includes sexual harassment and pregnancy discrimination which are explained below.

_____
_____
_____
_____

_____ *Gender Identity* - This category prevents denial of employment and/or educational opportunities because of a person's gender-related identity, appearance, expression or behavior, regardless of the individual's assigned sex at birth.

_____
_____
_____
_____

_____ *Genetic Information Nondiscrimination Act (GINA)* - This category prevents denial of equal employment and/or harassment because of a person's genetic information; it ensures that individuals are not treated differently because of genetic information.

_____
_____

FM-5148 Rev. (08-19)

_____ *Linguistic Preference* – This category is a subclass of national origin discrimination that prevents denial of equal employment and/or educational opportunities and/or harassment because of the language a person speaks unless there is a legitimate business need for requiring that a specific language be spoken.

_____ *Marital Status* - This category prevents denial of equal employment and/or educational opportunities and/or harassment because a person is or is not married.

_____ *Political Beliefs* - This category prevents denial of equal employment and/or educational opportunities and/or harassment because of a person's support and/or affiliation or lack thereof with a particular political party.

_____ *Pregnancy* - This category is a form of gender/sex discrimination that prevents denial of equal employment and/or educational opportunities and/or harassment of women who are with child.

_____ *Race* – This category prevents denial of equal employment and/or educational opportunities and/or harassment because of a person's race. The five recognized races are American Indian or Alaska Native, Asian, Black or African American, Hawaiian or Other Pacific Islander, and White. Because everyone has a race, they can be discriminated against because of race. Persons from mixed racial backgrounds do not need to prove their exact heritage in order to assert that they have been discriminated against based on race. Likewise, this category covers persons being discriminated against because they are married to persons of a different race from their own.

FM-5148 Rev. (08-19)
Form#4723A
REV 10/17

_____ *Religion* - This category prevents denial of equal employment and/or educational opportunities and/or harassment because of a person's sincerely held religious practices. In certain circumstances, it affords persons' accommodations based upon their sincerely held religious practices.

__✔__ *Retaliation* - This category prevents persons from taking an adverse employment or educational action against any person that has opposed activity that violates a person's Civil Rights, or participated in an investigation pertaining to Civil Rights where there is a link between the adverse employment action and the person's opposition to Civil Rights violations or participation in a Civil Rights investigation.

I applied and was approved to work at home during the 2020-2021 school year. Nov. 2020- withheld my pay for attending a PD he sent me to; Labor Relations advised he had to pay me; June 2020- said I was being surplused; per UTD not eligible for surplus;July 2021 had numerous principals call me prior to my surgery telling me I was surplused; Aug. 20, 2021, failed to provide adequate PPE

_____ *Sexual Harassment* - This category prevents unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature, when submission to such conduct is made – either explicitly or implicitly – a term or condition of employment of participation in an educational program; submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or such conduct has the purpose or effect of unreasonably interfering with an individual's work or academic performance or creating an intimidating, hostile or offensive working or educational environment.

_____ *Sexual Orientation* - This category prevents denial of equal employment and/or educational opportunities and/or harassment because of a person's sexual preference; this is based on whether an individual is heterosexual, homosexual, or bisexual.

FM-5148 Rev. (08-19)

_____ *Social and Family Background* - This category prevents denial of equal employment and/or educational opportunities and/or harassment because of a person's socio-economic, familial and/or educational background.

5. *List the name(s) of other individuals who may have first-hand knowledge of the facts related to your complaint. If possible, please provide a work location or phone number where they may be reached.*

**Name**                                    **Contact Information**

6. *What resolution are you seeking as a result of your complaint – what remedy are you seeking?*

I suffer from chronic conditions that make me susceptible to contracting COVID 19. I was told I had to return to face to face teaching. I ordered PPE using CARES Act funds for teachers. I want the items that I ordered and not to be given items meant for students use as replacement.

I understand that the information I have provided will determine the scope of CRC's investigation of my complaint. I have read the above complaint and commit that the content provided is true and to the best of my knowledge, accurate. I understand that knowingly submitting false information may lead to disciplinary action(s) against me.

Signature of Complainant                         Date August 20, 2021

Michelle Maddin
Printed Name

*(Please be sure to retain a copy of this form and all other supporting documents for your records.)*

6

FM-5148 Rev. (06-19)

Mr. Edouard,

Ex. 10

The Middle school students at Young Men's Preparatory Academy are asking for your help in removing Ms. Maupin from our school.

We are almost at the end of the 2nd grading period, and we have learned nothing from her, she sits at her desk and she is either shopping online or on her cell phone talking to someone regarding a lawsuit. She gives us work on Schoology and she never grades it, please look at our grades not even 1 student is passing her class, we are all failing this should be an alarming issue, and she is always negative towards us. As students, we would like to learn and be able to better ourselves and we cannot do so with her "teaching" us.

I have gotten together with my fellow students, and we have signed this petition to show you that we need her out of our school, and we need a real language arts teacher.

Thank you from the YMPA Middle School Students

*Ex. 11*

Mr. Edouard,

The Middle school students at Young Men's Preparatory Academy are asking for your help in removing Ms. Maupin from our school.

*Put period*

We are almost at the end of the 2nd grading period, and we have learned nothing from her. She sits at her desk and she is either shopping online or on her cell phone talking to someone regarding a lawsuit. She gives us work on Schoology and she never grades it. Please look at our grades not even 1 student is passing her class, We are all failing this should be an alarming issue, and she is always negative towards us. As students, we would like to learn and be able to better ourselves and we cannot do so with her "teaching" us.

I have gotten together with my fellow students, and we have signed this petition to show you that we need her out of our school, and we need a real language arts teacher.

Thank you from the YMPA Middle School Students.

*Closing is missing*

*Ms. Robbio wrote this*

# Code of Ethics Violation

Ex. 12

**MAUPIN, MICHELLE <mmaupin@dadeschools.net>**

Wed 12/14/2022 1:23 PM

To: Edouard, Pierre R. <pedouard@dadeschools.net>;Swain, Brenda L. <bswain@dadeschools.net>

Cc: Lewis, Michael A. <203178@dadeschools.net>;Earl Nixon <Earl@utd.org>;Jude Bruno <jude@utd.org>;Williams, Lena W. <lwwilliams@dadeschools.net>

Good afternoon,

It has come to my attention that Ms. Robbio wrote a petition, printed it and gave it to students to circulate during the school day on December 13, 2022. The petition asked students to sign to encourage you to remove me from the YMPA.

This is a violation of the Code of Ethics 3210. A. 22 and 23. In the petition Ms. Robbio wrote false allegations and distributed the document to students. None of the stated issues are true.

I do not know Ms. Robbio well. I have never had a negative interaction with her. I have no idea why she would do such a thing to me. What is so troubling about this issue is that students reported that Ms. Robbio said that Mrs. Williams is next.

The circulation of the petition was bolstered by your unannounced observation of me during 4th period yesterday. According to statements made by students, a student from the 4th period class was directly involved with Ms. Robbio. You conducted another unannounced observation even though you recently observed me. That satisfactory observation was on October 25, 2022; we signed form 7315 on November 1, 2022. I have cc'd regional staff as it seems you participated in the harassment I have experienced over the past two days.

I am requesting a formal investigation of Mr. Edouard and Ms. Robbio's participation in the violation of the Code of Ethics 3210. A. 22 and 23.

Best,

Michelle Maupin, M. Ed.
Young Men's Preparatory Academy

# Miami-Dade County Public Schools

*giving our students the world*

**Superintendent of Schools**
Dr. Jose L. Dotres

*Ex. 13*

*Miami-Dade County School Board*
Mari Tere Rojas, Chair
Dr. Lubby Navarro, Vice Chair
Roberto J. Alonso
Lucia Baez-Geller
Dr. Dorothy Bendross-Mindingall
Monica Colucci
Daniel Espino
Dr. Steve Gallon III
Luisa Santos

December 19, 2022

Ms. Michelle Maupin
4408 SW 24 St.,
West Park, FL 33023

Employee # 317494

Ms. Maupin:

You have been named as the subject in a complaint. An investigation is being conducted with reference to the incident listed below, Case # D-85301.

NAME OF COMPLAINANT:    **Ms. Lolamaria Robbio**

NAME OF COMPLAINANT:    *Juvenile Confidential*

NATURE OF THE COMPLAINT:    The complainants forwarded a recording from a classroom in which the subject is overheard berating the victim, asking him "who do you think you are?" The victim replies "I am nobody" and the subject states "Exactly". During the recording, the subject is overheard yelling at students, threating to fail students, and falsely accusing the school administrator and other personnel at the school. The subject also continues to threaten students by stating "I am the only language arts teacher for middle school. That's it. And that is not going to change". She also states "... I am going to put all of those F's into the gradebook. Dig yourselves out of that hole" and "... he can't pass all of you". The subject is overheard making a threat by saying "the adult who got you to write this will get hers". The victim asks "what do you mean 'she'll get hers'" and the subject repeats 'she'll get hers, just what I said". The victim then says "I thought two wrongs don't make a right" to which the subject replies "well, there will be two wrongs".

INVESTIGATIVE ENTITY:    Civilian Investigative Unit

You will be given an opportunity to respond to this complaint, in accordance with your rights as guaranteed by contract and/or policy. When the investigation is completed, you will be notified. As this is an open investigation, no other information can be provided at this time. You are not to discuss this matter with any witnesses, parents, staff, students, or the complaining party to avoid interference with the investigation.

At the conclusion of this investigation, this case will be forwarded to the Office of Professional Standards. If the complaint referred to above, is found to have Probable Cause, this is your notice, pursuant to Florida Statute 1012.31, that the parent of the student who was subjected to or affected by such misconduct shall receive written notification of the misconduct and of the disciplinary action taken (if any).

Should you require additional information, please contact this administrator at 305-571-1111.

Sincerely,

Principal

cc:    Office of Professional Standards

*Young Men's Preparatory Academy ▪ 3001 NW 2nd Avenue ▪ Miami, Florida 33127*
*305-571-1111 ▪ www.ympacademy.org*

EX. 14

 **Civilian Investigative Unit (CIU)**

**Miami-Dade County Public Schools**
Civilian Investigative Unit
1450 NE 2nd Avenue
Miami, Florida 33132
305-995-1269 | http://ciu.dadeschools.net

## Non-Student Consent Interview Form

| Employee Name: | Lolamaria Robbio | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Cell Phone: | | | | Home Phone: | | | | |
| Subject Name: | Michelle Maupin- | | | | Incident #: | D-85301 | | |

### Representation

| Do you have representation with you today? | | | | | | YES ☐ | NO ☒ | |
|---|---|---|---|---|---|---|---|---|
| Representative Name: | | | | | | | | |
| Employee Organization: | CEP | DCSAA | LEGAL | MEP | UTD | AFSCME | DCSMEC | FOP |
| Legal Representative: | | | | | | | | |
| Employment Status: Are you a current M-DCPS employee? | | | | | | YES ☒ | NO ☐ | |

*IF A M-DCPS EMPLOYEE AND NO REPRESENTATION, PLEASE READ THE FOLLOWING:*

I understand that a Personnel Investigation is being conducted for Miami-Dade County Public Schools by the Civilian Investigative Unit (CIU). I understand that I have a right to union representation of my choice to be present during the interview. I understand that I also have the right to legal or other representation. At this time, I am *waiving* this right to representation and have agreed to provide a signed statement regarding my knowledge of the incident at the conclusion of the interview.

- This form is being used by the CIU to request my permission to be interviewed.
- This is an official investigation, and my participation is voluntary.
- I understand that I am expected to cooperate with this investigation, provide truthful answers, and knowingly providing false information could be the basis for disciplinary and/or legal action.
- I understand that I have the right to decline the request for an interview. However, CIU will make its determination without information that I could have provided during the interview.
- I understand that under certain circumstances, this interview may be conducted via video conferencing and this statement signed digitally. I fully agree to the conduct of this interview by video conferencing.
- In accordance with Chapter 119, Florida Statute, my statement will become public record upon case closure.
- I have read and understand all the above.

| AGREE to be interviewed. | | DECLINE to be interviewed. | |
|---|---|---|---|
| Print Name: Lolamaria Robbio | | Print Name: | |
| Signature: Robbio | | Signature: | |

Investigator's Initials: Y.D
Date Received: 12/20/22

FM-7795 (06-21)

Page 1 of 3

On 1/18/2023, at 7056 Young Men's Preparatory Academy CIU Investigator, **Yvenson Delphonse** conducted a formal interview with **Ms. Lolamaria Robbio**, regarding allegations made against **Ms. Michelle Maupin**, for possibly violating the following School Board Policies:

- **3210 Standards of Ethical Conduct**
- **3210.01 Code of Ethics**
- **3213 Student Supervision and Welfare**

Regarding case # **D-85301.**

The interview began at approximately ____10:09_____   ☒ AM      ☐ PM.

1. **Please state your name, title, school name, and employee ID number.**

   Ms. Lolamaria Robbio, Counselor at Young Men's Prep Academy, # ████

1. **Do you consent to this interview?**

   Yes.

2. **Do you know Ms. Michelle Maupin?  If yes, how do you know her?**

   Yes, we work at the same school.

3. **Do you know Mr. A████ T████ (student)?  If yes, how do you know him?**

   Yes, he is a student at the school.

4. **This office is currently investigating an allegation that Ms. Maupin berated Mr. T███ threatened to fail students and falsely accused the school administrator. How did you become aware of the alleged incident?**

   After dismissal, Mr. Eduard (principal) came to me in reference of a petition and he asked me if I printed a petition for A████ T████ However, I printed the document (petition) for A███ before Mr. Eduard questioning about the document. I did not know the document was a petition.

   I found out about the alleged incident when A███ sent me the audio recording. The audio recording was about the Ms. Maupin. A███ and several students had come to me in the past complaining of Ms. Maupin. They complained of Ms. Maupin ripping their assignments and made them redo them whenever they used pencil. The students and A███ are frustrated with Ms. Maupin, they made complaints of Ms. Maupin is always of her phone and computers and she refuses to help them with their assignments.

| Lolamaria Robbio, D85301 | Initials: | Date: 1|18|23 |
|---|---|---|
| **Page 1** | Representative Initials: _____ | Date: _____ |

F2

> A ████ has a passing for all of his classes except Ms. Maupin. Ms. Maupin's other students are failing as well.

**5. Did any of the students ever come to you expressing concerns of Ms. Maupin?**

> The students are often complaining of Ms. Maupin talking to them in rude manner. They made complaint of Ms. Maupin belittled them. One time, Ms. Maupin said to a student that saying " he behaves that way because he does not have a good upbringing.

**6. How would you describe Ms. Maupin's relationship with her students?**

> She is very negative to the students; Ms. Maupin is often screaming and belittling the students.

**7. Is there anything you would like to add to your statement or any witness you believe should be interviewed?**

> There was one incident where Ms. Maupin filed a report because a student tapped her on her shoulder. Ms. Maupin claimed to be assaulted by the student. The student was traumatized and did not return to the school after the incident.
>
> Quite often, I overheard her screaming at the students, telling the student to "shut up."

**The interview ended at approximately** _____10:41_____   ☒ AM   ☐ PM

| Lolamaria Robbio, D85301 | Initials: | Date: 1 18 23 |
|---|---|---|
| **Page 2** | Representative Initials: _____ | Date: _____ |

F3

## DISCLOSURE STATEMENT

I HAVE READ THE ABOVE STATEMENT AND TO THE BEST OF MY KNOWLEDGE, IT IS TRUE AND ACCURATE. I UNDERSTAND THAT SUBMISSION OF INFORMATION KNOWN TO BE FALSE MAY LEAD TO DISCIPLINARY ACTION.

I UNDERSTAND THAT UNDER CERTAIN CIRCUMSTANCES, THIS INTERVIEW MIGHT BE CONDUCTED VIA VIDEO CONFERENCING AND THIS DOCUMENT MIGHT BE SIGNED DIGITALLY AND I FULLY AGREE TO THE CONDUCT OF THIS INTERVIEW BY VIDEO CONFERENCING.

I FURTHER UNDERSTAND THAT THE ABOVE STATEMENT IS BEING USED FOR AN ONGOING INVESTIGATION. UNDER THE PROVISIONS OF CHAPTER 1012.31, FLORIDA STATUTES, INVESTIGATIVE REPORTS BECOME PUBLIC INFORMATION UPON DETERMINATION OF EITHER NO CAUSE OR PROBABLE CAUSE TO INITIATE DISCIPLINARY ACTION. ONCE COMPLETED, ALL INVESTIGATIVE REPORTS COMPLETED BY THE CIVILIAN INVESTIGATIVE UNIT ARE SENT AND PROCESSED BY THE OFFICE OF PROFESSIONAL STANDARDS.

I HAVE READ AND UNDERSTAND THE ABOVE STATEMENTS.

Lolamaria Robbio, Secondary Counselor

Date 1/18/23

Yvenson Delphonse, CIU Investigator

Date 1/18/23

| Lolamaria Robbio, D85301 **Page 3** | Initials: | | Date: 1 18 23 |
|---|---|---|---|
| | Representative Initials: | | Date: |

F4



Superintendent of Schools
Dr. Jose L. Dotres

Miami-Dade County School Board
Mari Tere Rojas, Chair
Dr. Lubby Navarro, Vice Chair
Roberto J Alonso
Lucia Baez-Geller
Dr. Dorothy Bendross-Mindingall
Monica Colucci
Daniel Espino
Dr. Steve Gallon III
Luisa Santos

December 16, 2022

Lolamaria Robbio, Secondary Counselor
7056 Young Mens Preparatory Academy

**SUBJECT: MICHELLE MAUPIN**
**INCIDENT #: D-85301**

Please be advised that the Civilian Investigative Unit (CIU) for Miami-Dade County Public Schools has been assigned the responsibility of investigating the allegation(s) that Michelle Maupin, Language Arts English Sr, 7056 Young Mens Preparatory Academy *may* have violated the following School Board Policies:

- 3210 Standards of Ethical Conduct
- 3210.01 Code of Ethics
- 3213 Student Supervision and Welfare

You have been identified as a person who may have relevant information that could be used to establish some of the facts of this investigation. CIU is requesting your consent to be interviewed in order to complete a thorough and fair examination. *It should be noted that you also have the right to decline this request.* However, please understand the importance of the interview process and the potential part your interview could play in a fair and thorough investigation. We want to ensure that you understand that your role is vital and again, voluntary. Also, it is your responsibility to obtain representation of your choice, if so desired.

As this is an **open investigation,** no other information can be provided at this time. Please contact our office as soon as possible to arrange an interview session. I will also answer any questions you may have. You are advised not to contact any subject(s), witnesses or victim(s) with the intent to interfere or influence this investigation.

If you should have any questions, please feel free to contact me at 305-995-1269.

Sincerely,

*Mr. Yvenson Delphonse*

Investigator, CIU

**SENT VIA DISTRICT E-MAIL**

*Civilian Investigative Unit (CIU) • School Board Administration Building • 1450 N.E. 2nd Ave. • Suite 562 • Miami, FL 33132*
*305-995-1269 • 305-523-0010 (FAX) • http://ciu.dadeschools.net*

## TERMS AND CONDITIONS OF AN ALTERNATE ASSIGNMENT

Ex. 15

NAME: **Michelle Maupin**                    EMPLOYEE #:    **317494**

POSITION:  **Teacher**   WORK LOCATION: **7056-Young Men's Preparatory Academy**

You are assigned to a paid administrative placement in an alternate assignment pending the resolution of your **Civilian Investigative Unit (CIU)** Case#D-85301 and/or School Board action. For the duration of this placement, you are directed to comply with the following terms and conditions:

1.  You must report to your alternate assignment at location, **Stores and Distribution; 7001 SW 4 Street, Miami FL 33144** effective **December 20, 2022.**

2.  Your working hours at, **S&D** are from **7:00 a.m. to 2:20 p.m.**

3.  You must report your attendance for payroll purposes to **Mr. Marc Oberlies,** 786-275-0616.

4.  If you are taking leave due to illness or personal reasons, you shall notify the aforementioned person your attendance to in the morning.

5.  You should expect to receive and be available for additional work-related phone calls at any time during your regular duty hours as assigned.

6.  You must not contact, visit, or engage in any type of communication with faculty/staff/students/family of students from the work location to which you were assigned at the time of the incident leading to this administrative placement.

7.  You must not contact or engage in any type of communications with the subject of, or witness(es) to, the pending investigation.

8.  You must schedule medical appointments after work hours. When this is not possible, you must contact to **Mr. Marc Oberlies** at 786-275-0616 to obtain prior approval at least 48 hours in advance.

9.  You must adhere to directives concerning the receipt of your paychecks.

10. You must comply with all administrative directives given to you during your administrative placement.

11. You must attend all Conference-for-the-Record/meetings with the Office of Professional Standards as directed.

I understand these directives and that failure to comply with any of the above terms shall subject me to further disciplinary action up to and including dismissal.

_____          Dec. 19, 2022
Signature of Employee                          Date

_____          12/9/22
Signature of supervisor issuing above-referenced directives      Date

Ex. 16

# Teacher who sued Howard schools is put on leave

By **John-John Williams IV**
The Baltimore Sun

OCTOBER 8, 2008

**A** Howard County high school teacher who won a racial discrimination lawsuit against the county school system last year has been placed on administrative leave after lodging a new $1 million suit alleging that her previous legal action led to harassment in her new school.

Michelle Maupin, 40, an English teacher at Wilde Lake High School in Columbia, said her principal, assistant principal and a police officer came to her classroom on Sept. 25 and ordered her to gather her belongings and leave the school.

Maupin, who is black, said she was ordered to avoid contact with employees, parents or students associated with the school.

She said she believes that she was placed on administrative leave because of her new lawsuit.

"I didn't cry," Maupin said. "Nothing anymore surprises me with the school system."

Superintendent Sydney L. Cousin referred all comments on the lawsuit and the administrative leave to Mark Blom, general counsel for the school board, who declined to comment.

In July 2007, a jury awarded Maupin $237,000 in compensatory and punitive damages for racial discrimination she said she suffered while a teacher at Centennial High in Ellicott City. A judge later reduced that award by $62,000.

The problems she encountered at Wilde Lake stem from the previous suit, Maupin alleges. She and her lawyer, Dawn Martin, met with school system officials for 10 minutes on Thursday

"We have not been given a specific reason," Martin said of the administrative leave. "There are allegations that Ms. Maupin has created a hostile environment for her colleagues."

The new lawsuit alleges that Maupin has received a series of reprimands, including one after telling administrators that a fellow teacher used a racial slur in front of students. She also alleges that Wilde

The Washington Post

# Teacher Claims Bias at Howard School

By Ylan Q. Mui
April 27, 2005

An African American teacher in Howard County is suing the school district, alleging that she was harassed by teachers and administrators because of her race.

In her suit, filed Friday in U.S. District Court, Centennial High School English teacher Michelle Maupin accused staff members of creating a hostile work environment through disparaging comments, disruptions of her class and delays in receiving teaching materials, among other things. She is seeking at least $1.5 million in damages.

"She believes there's a larger issue of race at play within the school," said her attorney, Michael P. Coyle.

Howard School Superintendent Sydney L. Cousin said that he could not comment on the case but that one of the district's goals is "to have a safe and nurturing environment for students, staff and the community" and that it is "critical to the things that we do."

The lawsuit is the latest flare-up of racial tension at the Ellicott City school, which ranks among the top in the county in standardized test scores and is predominantly white. About 25 percent of its students are Asian, 6.3 percent are black and 1.6 percent are Hispanic.

Last year ago, the school was embroiled in a controversy over accusations that former chief academic officer Kimberly Statham and Assistant Superintendent Roger L. Plunkett, both black, used their positions to alter the academic record of Statham's daughter. The county school board eventually cleared the officials of wrongdoing, but the episode ripped apart the community.

Maupin, 37, of Columbia, was hired in August 2003 — then the only black teacher out of 100 at the school. Her suit alleges that the harassment began shortly thereafter. Several parents of white students complained to the school's former principal, Lynda Mitic, about Maupin's teaching style. During a meeting two months later, the suit states, Mitic told Maupin, "Blacks are not warm and compassionate people" and questioned her ability to teach students at Centennial.



Home / Browse Decisions / MAUPIN v. HOWARD COUNTY PUBLIC SCHOOL SYSTEM

# MAUPIN v. HOWARD COUNTY PUBLIC SCHOOL SYSTEM

Civil Case No. L-10-2659.                                                Email | Print | Comments (0)

**View Case**     Cited Cases

*MICHELLE MAUPIN Plaintiff, v. HOWARD COUNTY PUBLIC SCHOOL SYSTEM, et al. Defendants.*

United States District Court, D. Maryland.

February 7, 2012.

*Attorney(s) appearing for the Case*

*Michelle D Maupin, Plaintiff, Pro Se.*

*The Howard County Public School System, Defendant, represented by Edmund J O Meally, Hodes Pessin and Katz PA.*

*The Howard County Public School System, Defendant, represented by Lisa Y Settles, Hodes Pessin and Katz PA.*

*Howard County Board of Education, Defendant, represented by Edmund J O Meally, Hodes Pessin and Katz PA.*

*Howard County Board of Education, Defendant, represented by Lisa Y Settles, Hodes Pessin and Katz PA.*

*Sydney Cousin, Individually and in his official capacity, Defendant, represented by Edmund J O Meally, Hodes Pessin and Katz PA.*

*Sydney Cousin, Defendant, represented by Lisa Y Settles, Hodes Pessin and Katz PA.*

## MEMORANDUM

BENSON EVERETT LEGG, District Judge.

Now pending before the Court are Plaintiff's Motion for Summary Judgment (Docket No. 29), Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Docket No. 27), and several miscellaneous motions. The issues have been comprehensively briefed, and no oral hearing is deemed necessary. See Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, the Court will, by separate Order, GRANT the Defendants' Motion and DISMISS the Second Amended Complaint.

## I. BACKGROUND

## III. ANALYSIS

### a. Claims Against the Board and Against Cousin in his Official Capacity

Maupin's Complaint must be dismissed as against the Board and as against Cousin in his official capacity because each of her claims is barred by the doctrine of res judicata, otherwise known as claim preclusion. In the Fourth Circuit, once an action reaches a "final judgment on the merits," res judicata "bars further claims by parties . . . based on the same cause of action." Young-Henderson v. Spartanburg Area Mental Health Ctr., 945 F.2d 770, 773 (4th Cir. 1991). Specifically, res judicata "bars a party from relitigating a claim that was decided or could have been decided in an original suit. The doctrine was designed to protect litigants from the burden of relitigating an identical issue with the same party or his privy and to promote judicial economy by preventing needless litigation." Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 161–62 (4th Cir. 2008) (internal citations, quotations, and brackets omitted). The elements of res judicata are well settled under Maryland law. They are: (1) the parties in the prior litigation and the subsequent litigation must be the same or in privity with each other, (2) the claims or causes of action in the subsequent litigation must be the same as those in the prior litigation, (3) the prior litigation resulted in a final judgment on the merits. See U.S. v. Consumer Health Foundation, 28 F. App'x 178, 183–84 (4th Cir. 2001); Kutzik v. Young, 730 F.2d 149, 151 (4th Cir. 1984); Church v. Maryland, 180 F.Supp.2d 708, 748 (D. Md. 2002).

This analysis is complicated somewhat when the first court has not ruled directly upon a claim, "for then the second court must determine whether the matter currently before it was fairly included within the claim or action that was before the earlier court and could have been resolved in that court." FWB Bank v. Richman, 354 Md. 472, 493 (1999) (emphasis original). In such situations, Maryland applies the transactional test, which holds:

> What factual grouping constitutes a transaction and what groupings constitute a series, are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Id. "Under the transactional approach, if the two claims or theories are based upon the same set of facts and one would expect them to be tried together ordinarily, then a party must bring them simultaneously." Anne Arundel Cnty. Bd. of Educ. v. Norville, 390 Md. 93, 109 (2005).

The three elements of res judicata are satisfied in this case. As to the first, that the parties in both suits must be the same or in privity, both Maupin II and the instant suit are brought against the Board. To the extent that Maupin sues Cousin in his official capacity as superintendent, this is no different than suing the Board itself. See Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) ("official capacity" claims are treated as suits against the agency itself because such claims "generally represent only another way of pleading an action against an entity of which an officer is an agent"). As to the third element, Maupin II ended with a final judgment on the merits when this Court granted summary judgment on July 15, 2010.

Turning to the second element, the Court finds that most of Maupin's claims in the case now at bar are functionally indistinguishable from her claims in Maupin II. In both suits, Maupin claims violations of Title VII, 42 U.S.C. §§ 1981, 1983 and 1985, the Maryland Declaration of Rights, as well as adding state law claims for defamation, intentional infliction of emotional distress, and negligence. Both reference the same specific events, to wit: (1) Maupin's unsatisfactory performance evaluation for the 2007–08 school year, (2) Maupin's transfer from Centennial High School to Wilde Lake High School, (3) Maupin's reprimand for refusal to cooperate with the administration in its investigation of an incident in which another teacher allegedly told a student that his name meant "nigger" in another language, (4) Maupin's reprimand for informing parents that her special education co-teacher had been absent from the class for extended periods of time, and (5) an incident in which Maupin allegedly assaulted an assistant principal and screamed that he was a liar.

The only element of Maupin's current Complaint not present in the earlier suit is Cousin's letter informing her that he was recommending to the Board that her employment be terminated. Maupin cannot now resurrect claims that have already been adjudicated, on the grounds that Cousin's letter made reference to these earlier incidents in support of his recommendation. Moreover, Maupin's receipt of the letter and her attendant suspension occurred more than a year prior to this Court's final ruling in Maupin II. There can be no doubt but that they formed an integral part of the set of facts supporting Maupin's earlier claims, such that they were "fairly included within the claim or action that was before the earlier court and could have been resolved in that court." Richman, 354 Md. at 493 (emphasis original).

In short, Maupin's claims in this case are all claims that were included or properly should have been included in her prior suit. For this reason, her Complaint against the Board and against Cousin in his official capacity must be dismissed.

### b. Claims Against Cousin in his Personal Capacity

#### i. Discrimination and Retaliation Claims

Cousin was not a party to Maupin II, and therefore claims against him in his personal capacity must be resolved separately. Maupin's discrimination claims, as well as her claim under Article 24 of the Maryland Declaration of Rights, are fatally deficient because she has alleged no facts to support her contention that Cousin's actions were taken with a discriminatory or retaliatory motive. Rather, under the facts as alleged in the Second Amended Complaint, Cousin's recommendation to the Board was merely predicated on prior evaluations and reprimands that this Court has already deemed insufficient to support a cause of action. Maupin's formulaic recitations to the contrary are exemplary of the mere "labels and conclusions" that courts have consistently found lacking. See Twombly, 550 U.S. at 555.

#### ii. State Law Claims

Maupin's state law claims must be dismissed as well. As regards her claim for intentional infliction of emotional distress, Maryland courts have stated

advances no claims relating to her actual termination, and states that she "believes that it is improper for this Court to decide any matter regarding the decision to terminate Ms. Maupin on the grounds that it is not a part of the instant action and that the Court's decision may impact the decision of the Maryland State Board of Education [to whom Maupin has appealed], the Department of Education's Office of Civil Rights, and the Equal Employment Opportunity Commission which have not rendered decisions regarding the actions taken in the effort to terminate the Plaintiff." Pl.'s Mot. to Strike 2, Docket No. 31.

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are drastic remedies, and are generally disfavored by the courts. Dawson v. Winter, No. CCB-06-2885, 2007 WL 1610965 at *2 (D. Md. May 31, 2007). "[A] motion to strike on the basis of irrelevancy should only be granted when it is clear that the material in question can have no possible bearing upon the subject matter of the litigation and the material may prejudice the other party." Id. (quoting Simaan, Inc. v. BP Prods. N. Am., Inc., 395 F.Supp.2d 271, 278 (M.D.N.C. 2005)).

As a preliminary matter, Maupin's Motions to Strike are inappropriate because the Defendants' motions, memoranda, and exhibits are not "pleadings" within the meaning of Rule 12. See id. Moreover, the facts and circumstances surrounding Dr. Cousin's recommendation to terminate Maupin, and the Board's acceptance of that recommendation, are certainly not immaterial. Nor are they impertinent or scandalous. Both Motions to Strike will, therefore, be denied. The Court emphasizes, however, that today's ruling does not pass on the legality of Maupin's eventual termination, should the Maryland State Board of Education deny her appeal.

## ii. Motion for Permissive Joinder

Maupin's second miscellaneous motion requests that she be permitted to amend her Complaint for a third time, to join the "Howard County Government" as a Defendant, on the asserted basis that the "Howard County Government is the custodian of the Howard County Public School System." Docket No. 40 at 1. As discussed above, the proper Defendant with regard to Maupin's grievances is the Board. See Note 1, supra. Maupin offers no cognizable legal theory under which the County itself might be held liable. Her Motion for Permissive Joinder will, therefore, be denied.

## iii. Motion to Expedite Consideration

Finally, Maupin has filed a Motion to Expedite Consideration of her case. This Motion will be denied as moot.

## I. CONCLUSION

For the foregoing reasons the Court will, by separate Order of even date:

1. GRANT the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Docket No. 27);

2. DENY the Plaintiff's Motion for Summary Judgment (Docket No. 29);

3. DENY the Plaintiff's Motions to Strike (Docket Nos. 31 and 33);

4. DENY the Plaintiff's Motion for Permissive Joinder (Docket No. 40);

5. DENY AS MOOT the Plaintiff's Motion to Expedite Consideration (Docket No. 41); and

6. Direct the Clerk to CLOSE the case.

## FootNotes

1. Maupin also names "The Howard County Public School System," which is not a distinct legal entity susceptible of being sued. For claims against a school system, the county board of education is the proper defendant. See Md. Code Ann., Educ. §§ 3-103 and 3-104; James v. Frederick Cnty. Pub. Sch., 441 F.Supp.2d 755, 758 (D. Md. 2006).

2. Contemporaneously with her filing of the Complaint, Maupin filed a Motion to Stay proceedings. Docket No. 2. The Motion stated that Maupin wished to pursue administrative remedies but was concerned that applicable statutes of limitations might continue to run while she did so. As no Defendant had yet been served, the Court agreed to stay the case pending the conclusion of Maupin's appeal hearing before the Board. Some two months later, Maupin advised that the hearing had been resolved against her, and that she planned to pursue the instant litigation. The Court lifted the stay by paperless Order dated December 2, 2010. Docket No. 6. Maupin has apparently continued to pursue the administrative appeal process as well, requesting a hearing before the Maryland State Board of Education.

3. The Second Amended Complaint alleges separate counts for "Defamation" and "Defamation of Character." See Pl.'s 2d Am. Compl. ¶¶ 52-54, 58, Docket No. 1.

Mr. Howard's Inappropriate Behavior                              Ex. 17

## MAUPIN, MICHELLE <mmaupin@dadeschools.net>

Fri 2/4/2022 12:00 PM

To: Lewis, Michael A. <203178@dadeschools.net>

Cc: Earl Nixon <Earl@utd.org>

Good morning,

A student reported to me that Mr. Howard has been displaying derogatory information about me during class. The student advised that they were in class today and Mr. Howard posted a letter on the Promethean board. Students took photographs. The letter, posted below, states that he is filing a police report because he "assumes" I made an allegation of child abuse against him. I did not make a child abuse report against Mr. Howard.

This behavior is inappropriate as it impacts students that I teach. The photograph also shows that he has numerous folders with my name attached. One indicating a grievance and other for some unknown reason. It appears that Mr. Howard is fabricating charges against me.

Mr. Howard's inappropriate behavior in the presence of students is alarming. His harassment of me, and others, by way of Mr. Edouard is becoming increasingly more toxic. This continued stressful and toxic behavior has created an environment that is unsafe for not only faculty but also students as he is including them in his actions. If Mr. Edouard does not address or cannot address this situation, I am requesting that it be handled by district staff. The situation is becoming increasingly detrimental to the mental state of both students and staff. Mr. Howard's actions continue to cross the line.





# INCIDENT/INVESTIGATION REPORT

*Ex.18*

SPAR Case# **C04520**

Case# **22-0214050798**

Date / Time Reported **02/14/2022  10:21  Mon**

Last Known Secure **02/14/2022  06:45  Mon**

At Found **02/14/2022  07:00  Mon**

## INCIDENT DATA

| Agency Name | ORI |
|---|---|
| *Miami - Dade Schools Police* | *FL 0133700* |

| Location of Incident | Gang Relat | Premise Type | District/Law |
|---|---|---|---|
| *3001 NW 2ND AVE, Miami FL 33127* | NO | *School-elementary/se* | |

| | Crime Incident(s) | (Com) | Weapon / Tools | | Activity |
|---|---|---|---|---|---|
| #1 | *Information* 777.7771 | | | | |
| | | | Entry | Exit | Security |
| #2 | Crime Incident | ( ) | Weapon / Tools | | Activity |
| | | | Entry | Exit | Security |
| #3 | Crime Incident | ( ) | Weapon / Tools | | Activity |
| | | | Entry | Exit | Security |

MO

## VICTIM

| # of Victims  *0* | Type: | | | Injury: | | | | Domestic: N | |
|---|---|---|---|---|---|---|---|---|---|
| V1 | Victim/Business Name (Last, First, Middle) | | Victim of Crime # | DOB Age | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
| Home Address | | | | | | | Home Phone | | |
| Employer Name/Address | | | | | Business Phone | | Mobile Phone | | |
| VYR | Make | Model | Style | Color | Lic/Lis | | VIN | | |

## OTHERS INVOLVED

CODES: V- Victim (Denote V2, V3)   O = Owner (if other than victim)   R = Reporting Person (if other than victim)

| Type: INDIVIDUAL (NOT A LE OFFICER) | | | | Injury: | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Code RP | Name (Last, First, Middle) *MAUPIN, MICHELLE* | | Victim of Crime # | DOB 08/17/1968 Age 53 | Race B | Sex F | Relationship To Offender | Resident Status | Military Branch/Status |
| Home Address *4408 SW 24TH STREET  WEST PARK, FL 33023* | | | | | | | Home Phone 954-997-9663 | | |
| Employer Name/Address *Benjamin Franklin K-8, 13100 NW 12TH AVE (TEACHER)* | | | | | Business Phone 305-681-3547 | | Mobile Phone | | |

| Type: INDIVIDUAL (NOT A LE OFFICER) | | | | Injury: | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Code IO | Name (Last, First, Middle) *HOWARD, TROY WENDELL* | | Victim of Crime # | DOB 05/19/1971 Age 50 | Race B | Sex M | Relationship To Offender | Resident Status *Resident* | Military Branch/Status |
| Home Address *841 NE 80TH STREET  MIAMI, FL 33138* | | | | | | | Home Phone 305-836-0991 | | |
| Employer Name/Address *Northwestern Sr., 1100 NW 71 ST. (TEACHER)* | | | | | Business Phone 305-836-0991 | | Mobile Phone | | |

## PROPERTY

L = Lost   S = Stolen   R = Recovered   D = Damaged   Z = Seized   B = Burned   C = Counterfeit / Forged   F = Found
("OJ" = Recovered for Other Jurisdiction)

| V1 # | Code | Status Frm/To | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

MO

| Officer/ID# *Perea, Jonathan    (OP, SO) (314085)* | | Supervisor *Lascano, Christian Patricio    (SO, CO)* |
|---|---|---|
| Invest ID#  *(0)* | | |

| Status | Complainant Signature | Case Status *Report Written*   02/14/2022 | Case Disposition: | Page 1 |
|---|---|---|---|---|

**Incident Report Additional Name List**

*Miami - Dade Schools Police*

OCA: *22-0214050798*

Additional Name List

| | Name Code/# | Name (Last, First, Middle) | Victim of Crime # | DOB | Age | Race | Sex |
|---|---|---|---|---|---|---|---|
| 1 ) | IO      2 | *EDOUARD, PIERRE ROGER* | | *10/19/1964* | *57* | *B* | *M* |
| | Address | *8741 SW 204 LANE , MIAMI, FL 33189-* | | **H:** *305-666-5871* | | | |
| | Empl/Addr | *Young Men's Preparatory, 3001 Nw 2 Ave Miami* | | **B:** *305-571-1111* | | | |
| | | | | **Mobile #:**  - - | | | |

SPAR Case#: *C04520*

**INCIDENT/INVESTIGATION REPORT**

*Miami - Dade Schools Police*

Case # *22-0214050798*

| Status Codes | L = Lost   S = Stolen   R = Recovered   D = Damaged   Z = Seized   B = Burned   C = Counterfeit / Forged   F = Found |
|---|---|

| | UCR | Status | Quantity | Type Measure | Suspected Type | Up to 3 types of activity |
|---|---|---|---|---|---|---|
| D | | | | | | |
| G | | | | | | |
| S | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Assisting Officers

Suspect Hate / Bias Motivated:

**INCIDENT/INVESTIGATION REPORT**

Narr. (cont.)  OCA: 22-0214050798            *Miami - Dade Schools Police*

NARRATIVE

I met with Teacher,Michelle Maupin (RP) regarding an incident with Teacher Troy Howard (IO). RP states that as she was walking south in the teacher parking lot at approximately 6:45 AM, IO struck her purse with his vehicle as he was coming into the parking lot. RP stated she feels as if IO aimed his vehicle in her direction.

I then met with IO and he stated that he has been having an issue with RP for the past year and denies ever trying to hit her with his vehicle. IO stated that as he was coming in the parking lot that morning RP was walking close to his vehicle in an attempt to get him to hit her with his vehicle.

There were no witnesses and the school cameras do not capture the incident. Due to conflicting stories incident will only be documented. Principal, Pierre Edouard (IO) was made aware of the incident.

Case cards issued.

Nothing further.

October 18, 2022

To:  Carmen Molina, et.al

Ex. 19

From:  Michelle Maupin

Re:  Statement for the October 18, 2022, Conference For the Record re: C-85497; C-85655; C-85531

To Whom it May Concern:

I have been an educator for nearly 30 years. I have worked for three different school districts. In all the time that I have worked in the field of Education, these allegations are the first that accuse me of harming a student. While Mr. Edouard would like for you to believe that we are here because of the three cases cited on the CFR notification, we are actually here because he failed to get the State of Florida to sanction me for case #85357. A review of the case filings will reveal a pattern. After failing to have C-85357 damage my career, Mr. Edouard used the other cases he filed to retaliate any time I disciplined certain students or anytime I advocated for myself.

Case #85357 was filed on or about January 25, 2022; my co-worker, Mrs. Selena Ross-Miranda is listed as the complainant in the case. The case was filed after Mr. Howard and I had an exchange about his students playing in the hallway on January19, 2022. Mr. Howard's students were playing with toy trucks in the hallway. The trucks were making a great deal of noise. We had no security monitors in the building because Mr. Edouard restricted them from being upstairs in building 1 after both of the security monitors caught Mr. Howard in the bathroom with students. Because we had no security, I stepped out of my classroom and asked the students to take the toy trucks they were playing with back inside their classroom because my students were preparing for FSA testing. Mr. Howard came out of his classroom, walked over to me and called me a bitch in front of his students. I immediately contacted my union steward, Mrs. Williams. She sent Mr. Edouard an email that advised him of Mr. Howard's misconduct and requested a meeting to discuss the matter. Instead of Mr. Edouard conducting the meeting as requested, he filed a case #85357 against me and advised me that I was the subject of the investigation. Mr. Edouard advised me that he would be conducting an administrative review.

Because UTD had a grievance in process between me and Mr. Edouard, I contacted Mr. Lewis and requested an independent investigation. Mr. Lewis agreed to have someone other than Mr. Edouard conduct the Administrative Review. Mr. Maycock was assigned to conduct the investigation. I was contacted by Mr. Maycock on February 1, 2022. However, instead of Mr. Maycock doing his own investigation, he allowed Mr. Edouard to collect written statements from students and he used those to support his findings. During that investigation students were

coerced into writing false statements. Students wrote that they had been doing a project with drones in the hallway. Students were coerced to say that I used profanity instead of Mr. Howard.

Students informed me that they were forced to delete the videos that had been recorded of the exchange between me and Mr. Howard because their videos proved that Mr. Howard was the aggressor and that he used profanity and I did not. The video also proved that students were in the hallway playing with very large toy trucks that were very loud in the hallway and not drones as stated in their written statements. Most students deleted their videos; however, a few of them did not. A couple of students forwarded their videos to Mrs. Rosa Sierra and she forwarded the videos to me. The video showed a student who witnessed the entire exchange but was never interviewed because he is friendly with me.

On February 14, 2022, I was walking across the parking lot toward the school building. Mr. Howard entered the parking lot driving a Range Rover. Mr. Howard aimed his 5,000 pound vehicle at me. He hit my left side with his vehicle. The police were called and a report was taken. Then, later in the day on February 14, 2022, case #85357 was sent to the Office of Professional Practices Services in Tallahassee, FL. No explanation was provided as to why the case was sent to Tallahassee on that day and not on January 25th when the allegation was made.

On February 25, 2022, Mr. Maycock advised that his investigation was over. During a meeting with Mr. Maycock, I pointed out several irregularities with the investigation he conducted. I contacted Mr. Lewis about the fact that the investigation did not appear to be fair nor was it independent. Mr. Maycock had not interviewed students; he accepted written statements gathered by Mr. Edouard. Mr. Maycock overlooked implausible statements. At the end of the meeting, Mr. Maycock advised that he would interview students himself. Then, on March 2, 2022, I received notice that Mr. Edouard had filed another case against me. Mr. Edouard filed a Title IX claim against me, case No.: 2021-22/IX/0111. He alleged that I had told district staff, parents, teachers and others that he is gay. The allegation that I had outed Mr. Edouard as gay is another false allegation.

Although Mr. Maycock advised that he would go back and conduct his own interviews of the students, when I met with Mr. Maycock on March 4, 2022, he advised that instead of conducting new interviews, he allowed students to reread the statements they wrote for Mr. Edouard. Mr. Maycock explained that some students added and/or redacted their previous statements. Although I have asked for copies of the revised statements, Mr. Maycock has never provided me with copies of the statements rewritten by students.

On March 8, 2022, a step 1 grievance meeting was held with Mr. Earl Nixon, UTD organizer, myself and Mr. Edouard. Also on March 8, 2022, Mrs. Selena Ross-Miranda, the coworker listed as the complainant on case C-85357, came to my classroom and she shared with me that she

never filed a complaint against me. She stated that she had signed a statement about what she believed happened that day, but she did not file a complaint against me. She had no idea that Mr. Edouard had listed her as the complainant on case #85357.

On or about March 9, 2022, Mrs. Ross-Miranda provided our UTD organizer with a statement explaining that she did not file the complaint and that she had no knowledge as to how she had been listed as the complainant. Also on March 9, 2022, I received notification for case #85497. That case did not list a name of a complainant; the complainant was listed as Juvenile Confidential. Surprisingly, this case also accused me of calling someone a "bitch" in the workplace. The alleged reporter stated that I was on a phone call during class and he overheard me call the assistant principal, Mrs. Gilchrist, a "bitch". I am concerned that the complainant was not named as Mr. Edouard had previously filed a case against me in someone's name without their knowledge. I pointed out that a review of my phone records would show that no calls were made when students were present. Students were interviewed for the case and students who admitted that no such comment was made were accused of not being in class when they were actually there.

Some time toward the end of February, Mr.Howard stopped reporting to the Young Men's Preparatory Academy worksite. Students were told that I was the reason he was no longer there. They were upset and there were several behavioral changes that I had to contend with. One student, SG, refused to stop using his cell phone in class. I received no support from administration when I wrote several referrals for this student. After I wrote referrals for SG's disruptive behavior, Mr. Edouard would interrupt my class and call each student down to the office to be interviewed about why SG received a referral. On March 28, 2022, I wrote a referral for SG because he refused to wake up in class. He had his head on the desk and his eyes were closed. I sent the referral down to the office and Mrs. Gilchrist came up. SG refused to obey Mrs. Gilchrist. He remained seated with his head down and eyes closed. Mrs. Gilchrist had to call Mr. Edouard to remove SG from class. Although Mr. Howard was no longer reporting to the worksite, on March 29, 2022, I received notification case # 85331. Mr. Howard was allowed to file a case against me alleging many things. Notably, he alleged that my classroom is harmful to students and that I harass faculty and administration.

At the 2021-2022 opening of schools meeting, Mr. Edouard and Mr. Howard said that it was psychologically damaging to students to request that they follow customary rules such as remaining seated during class, not talking during the presentation of a lesson. I have been using the same class rules since I was hired at YMPA. However, because Mr. Howard felt that asking students to follow school and district rules was too strict, he filed the case alleging that I created an unsafe environment in my classroom. During the faculty meeting I voiced my concerns as my class rules are aligned with the stated mission of Young Men's Preparatory Academy.

After Mr. Howard filed C-85331, Mr. Edouard began meeting with groups of students. He met with the students several times before they met with investigators at CIU. While I was restricted from communicating with students and their families, Mr. Edouard convinced students that it was somehow my fault that Mr. Howard was out of the building and coerced them to corroborate false statements.

On or about May 14, 2022, I was contacted by the Title IX office regarding case Case No.: 2021-22/IX/0111. I was asked if I was interested in having the case resolved by way of Informal Resolution. An informal resolution would leave notice that the case was filed against me in my file, but the findings would be confidential. I declined the offer of an informal resolution; I requested a full investigation and the case was assigned to an investigator. On May 15, 2022, I received notification of case # 85665 which accused me of intimidating students because students completed a lesson found in the Miami Dade Public Schools pacing guide which included articles regarding how the brain reacts when someone lies.

There is a clear pattern that is revealed by the cases filed by Mr. Edouard. The cases were not filed against me because any of these incidents ever happened. I have never used profanity in front of students; I have never threatened students. Maintaining control of my classroom does not create an unsafe environment. Mr. Edouard met with students then coerced statements from them that he could use to file cases against me. The cases against me were filed each time I disciplined a certain student or each time I advocated for myself.

Probable cause was found in these cases without any proof. Although students refused to stop using their cell phones, there is no video or audio evidence of me using profanity. If these incidents had actually happened, one of the children would have captured it. I do not believe that it is fair to damage my career and reputation based upon statements made by students who were coached to make false statements. If these allegations were true, they would have been made organically. The allegations would not have been made in retaliation for actions that I may have taken.

I do not believe that Mr. Edouard should have any input in the outcome of this situation. These were cases that he solicited. He did not solicit them because there needed to be a correction of my behavior. He did so out of bias. Mr. Edouard ruined relationships that I had developed with students and their families for several years. Despite all of the issues that I have had to deal with, I have been a productive member of the faculty. I am a dedicated teacher who has helped improve the school's grade based upon my students' achievement. The middle school Language Arts test scores helped move Young Men's Preparatory Academy from a D school to a B school. Although the number and frequency of cases would leave one to believe that I am the cause of this situation, I am not the cause. My goal has always been to be aligned with the mission of Young Men's Preparatory Academy. However, the undermining of teacher's authority in the

classroom and lack of support has been detrimental to the mission of YMPA as evidenced by the school's survey results. The declining survey results have resulted in the loss of student enrollment. It has contributed to tension and separation among the faculty and staff. It appears to me that Mr. Edouard has lost his way. He seems more concerned with personal retaliation than the overall functioning of the school. Until that issue is corrected, situations like this will continue to happen. While this committee reviews the cases to determine disciplinary action, I pray that the committee takes a look at Mr. Edouard's retaliatory actions as the root of the problem.

Best regards,

Michelle Maupin. M. Ed.

# Miami-Dade County Public Schools

**Superintendent of Schools**
*Dr. Jose L. Dotres*

December 14, 2022

Ms. Michelle Maupin
4408 SW 24th Street
West Park, FL 33023
mmaupin@dadeschools.net

*EX. 20*

**Miami-Dade County School Board**
*Mari Tere Rojas, Chair*
*Dr. Lubby Navarro, Vice Chair*
*Roberto J. Alonso*
*Lucia Baez-Geller*
*Dr. Dorothy Bendross-Mindingall*
*Monica Colucci*
*Daniel Espino*
*Dr. Steve Gallon III*
*Luisa Santos*

**Case No.: 2021-22/IX/0111**

Dear Ms. Maupin:

Miami-Dade County Public Schools (M-DCPS) has conducted and completed its investigation regarding allegations that you engaged in conduct that potentially violated M-DCPS Board policy.

M-DCPS's grievance process is compliant with Title IX of the Education Amendments Act of 1972 and its implementing regulations. After a thorough review of all the information gathered, it has been determined that there is insufficient evidence to support the allegations made against you. As such, you have been deemed **NOT RESPONSIBLE** for violating M-DCPS Board policy. Attached is a copy of the Title IX Final Determination Report which should be reviewed carefully.

If you have any questions, please contact the undersigned at (305) 995-1580.

Sincerely,

*Nicole B. Rutherford*

Nicole B. Rutherford
*District Director and District Title IX Coordinator*
Office of Civil Rights Compliance

NBR
L011400

Attachment

cc:  Dr. Jimmie L. Brown, Jr. (w/o attachment)
     Dr. Michael A. Lewis (w/o attachment)
     Ms. Brenda L. Swain (w/o attachment)
     Ms. Michele L. Jones, Esq. (w/o attachment)
     Case File

**SENT VIA DISTRICT EMAIL, RETURN RECEIPT, and FIRST-CLASS MAIL**

*Office of Civil Rights Compliance • 155 NE 15th Street, Suite P104E • Miami, FL 33132*
*305-995-1580 • 305-995-2047 (FAX) • crc@dadeschools.net*



**Miami-Dade County Public Schools**
**Office of Civil Rights Compliance**

**Title IX Final Determination Report**

**Date of Final Determination Report:** December 14, 2022

**Complainant:** Pierre Edouard, Principal, #213410

**Respondent:** Michelle Maupin, Teacher, #317494

**Incident Date(s):** Several dates during 2022

This report serves as official correspondence from Miami-Dade County Public Schools (District) regarding the outcome of the investigation of the Formal Title IX Complainant filed by Mr. Pierre Edouard on March 1, 2022. It is alleged that the Respondent engaged in behaviors that violate District School Board Policies.

Specifically, it is alleged that the Respondent may have engaged in the following types of sexual harassment, in violation of School Board Policy 3362: Prohibition on Discrimination and Harassment Against District Community (Non-Students) Based on Protected Categories

The Respondent is also alleged to be in violation of the following p School Board Policies:

- 3210 - Standards of Ethical Conduct

- 3210.01 - Code of Ethics

The Title IX Investigator, Ms. Nouchka Placide, conducted a formal investigation of the Complainant's allegations, and the Final Investigative Report served as the basis for this determination of responsibility pursuant to the District's Title IX Sexual Harassment Manual.

The parties were notified of the allegations and formal investigation on March 2, 2022. Subsequently, the Title IX Investigator conducted interviews according to the following timeline:

| | |
|---|---|
| April 12, 2022 | Pierre Edouard, Principal, #213410 (Complainant) |
| April 18, 2022 | Monika Henao, Parent (Witness) |
| April 18, 2022 | Emanuel Martinez, Parent (Witness) |
| May 24, 2022 | Michelle Maupin, Teacher, #317494 (Respondent) |
| July 21 and 22, 2022 | Troy Howard, Teacher, YMPA (Witness) |
| October 6, 2022 | Dr. Eric Acosta, Administrative Director, Central Region Office (Witness) |
| October 7, 2022 | Mr. Alejandro Perez, Administrative Director, Central Region Office (Witness) |

The parties were provided with an opportunity to review all information gathered during the investigation directly related to the allegations. This information, along with a copy of the draft investigation report, was provided by the Title IX Investigator to the parties and their advisors (if applicable) in an electronic format from October 27 – November 7, 2022. Neither party submitted a written response to the draft investigation report.

On November 8, 2022, this Title IX Decision-Maker was provided with the final investigation report and supporting evidence.

A copy of the final investigation report was provided to both parties on November 8, 2022.

During the limited follow-up question and answer period, the Respondent, Ms. Maupin was the only participant that submitted questions. The Respondent submitted the following list of questions to the Complainant, Mr. Pierre Edouard:

1. Respondent's question: You stated that the Respondent plans to sue the Miami Dade Public School system for retaliation and discrimination, what actions by the Miami Dade Public School System would cause the Respondent to file a suit alleging retaliation and discrimination?

   Complainant's response: The statement was made that Ms. Maupin had previously filed suits against a school district claiming harassment and discrimination. The suit was filed by Ms. Maupin while she served as a teacher at Centennial High School in Ellicott City, Maryland, against the Howard County School District.

2. Respondent's question: You stated that the Respondent has sued two different school districts. Which two school districts has the Respondent filed suit against?

   Complainant's response: A separate lawsuit was filed by Ms. Maupin against Howard County School System while serving as a teacher at Wilde Lake High School in Columbia, Maryland.

3. Respondent's question: You stated that the Respondent contacted the family of AM several times before they met with District staff. Not including the Respondent saying hello to that family one day as they were leaving YMPA, when did the Respondent have contact with the family of AM?

   Complainant's response: Ms. Maupin met with A.M on February 16, 2022, the same date that a meeting was held with the parents of A.M. Additionally, Ms. Maupin met with A.M. and his parent for approximately 10 minutes on February 22, 2022. In addition to these meetings, this administrator was notified by faculty members that, on several occasions, A.M. was seen meeting with Ms. Maupin in her classroom and in the faculty parking lot.

4. Respondent's question: Were you aware that, according to students, Mrs. Sierra and the family of AM were in constant contact regarding allegations against Mr. Howard?

   Complainant's response: I was not aware of the contact between Ms. Sierra and the parent of A.M.

2

5.  Respondent's question: Were you aware that Mrs. Sierra told students and faculty that Mr. Howard got away with everything because you two are in love?

    Complainant's response: No. Ms. Sierra vehemently denied making the statement to students. Ms. Sierra stated that she made that statement to several staff members one day when she was upset. Ms. Sierra was upset because she felt Mr. Howard got away with things at YMPA and that this administrator permitted it.

6.  Respondent's question: Were you aware that Mrs. Sierra assisted students in writing a letter to the District regarding behavior between you and Mr. Howard, and Mr. Howard's inappropriate behavior with students at YMPA?

    Complainant's response: Ms. Sierra has denied assisting students write letters to the District. Ms. Sierra stated that AM gave her a letter to review but that she did nothing with it.

7.  Respondent's question: Were you aware that Mrs. Sierra refers to Mr. Howard as 1st Lady of YMPA?

    Complainant's response: No. Ms. Sierra has denied this allegation

8.  Respondent's question: Excluded by the Decision-Maker as not relevant to the determination of proving or disproving a fact at issue.

9.  Respondent's question: Excluded by the Decision-Maker as not relevant to the determination of proving or disproving a fact at issue

10. Knowing that the Respondent was restricted from speaking to students, their families, faculty and staff during the 2021-2022 school year, when do you allege that the Respondent spoke to students, their families, faculty and staff regarding your sexual orientation?

    Complainant's response: Ms. Maupin was not restricted to speaking to students, families or staff during the 2021-22 school year. I cannot comment on the timing or content of Ms. Maupin's conversations during the school year, however Ms. Maupin was in contact with AM and his family before, during and after the allegations were made.

Ms. Maupin asked additional limited follow-up questions to Mr. Pierre Edouard as permitted by the M-DCPS Title IX Sexual Harassment Manual.

Questions 1-10 submitted by the Respondent during the limited follow-up question and answer period were excluded by the Decision-Maker as not relevant to the determination of proving or disproving a fact at issue in this matter.

During the question and answer period, Ms. Maupin, Respondent, asked the following list of questions to Mr. Troy Howard, Witness.

1.  Respondent's question: Excluded by the Decision-Maker as not relevant to the determination of proving or disproving a fact at issue.

3

2. Respondent's question: Excluded by the Decision-Maker as not relevant to the determination of proving or disproving a fact at issue.

3. Respondent's question: You stated that you heard that there were cases filed by the Respondent against Mrs. Ross and Mrs. Wilson. When did you hear that there were cases filed by the Respondent against Mrs. Ross and Mrs. Wilson?

   Witness' response: I do not recall when I heard that there were cases filed by the respondent against Mrs. Ross and Mrs. Wilson.

4. Respondent's question: Excluded by the Decision-Maker as not relevant to the determination of proving or disproving a fact at issue.

5. Respondent's question: You stated that Mrs. Wilson told you that the Respondent spoke to a school resource officer about you and Mr. Edouard. The Respondent does not know any school resource officers personally, who is the officer the Respondent allegedly spoke to about the alleged relationship between you and Mr. Edouard?

   Witness' response: The school resource officer that respondent spoke to was an officer named Samuels.

6. Respondent's question: You stated that you, "...know for a fact..." that the Respondent met with the family of A.M. prior to their meeting with District staff. What information do you have to prove that the Respondent met with the family?

   Witness' response: There were eyewitnesses to conversations respondent had with student's father and stepmother in the school campus. As well, there is video footage of such meeting. As well, student told several other students and at least two teachers that respondent was helping him "get Howard!"

Questions 7-14 - Excluded by the Decision-Maker as not relevant to the determination of proving or disproving a fact at issue.

15. Respondent's question: Were you aware that Mrs. Sierra told students and faculty that you got away with everything because you and Mr. Edouard are in love?

    Witness' response: I was not aware of this.

16. Respondent's question: Were you aware that Mrs. Sierra assisted students in writing a letter to the District regarding behavior between you, Mr. Edouard and your inappropriate actions toward students at YMPA?

    Witness' response: Mrs. Sierra vehemently denies that she assisted students in writing a letter to the District. She is willing to go on-record that it was the respondent who assisted the students in writing a letter to the District!

Questions 17-19 - Excluded by the Decision-Maker as not relevant to the determination of proving or disproving a fact at issue.

4

Ms. Maupin, the Respondent, asked additional limited follow-up questions to Mr. Troy Howard, Witness.

1. Respondent's question:  Regarding your response to Question #5. As previously stated, the Respondent does not know Officer Samuels personally and has never spoken to him about your sexual orientation. When and where did Mrs. Wilson allege that the conversation between the Respondent and Officer Samuels take place?

   Witness' response: I do not recall.

2. Respondent's question: Regarding your response to Question #6,
   a. Respondent's question: When did you observe video evidence of the Respondent speaking to the family of A.M.?

      Witness' response: I do not recall.

   b. Respondent's question: Who provided you access to the video?

      Witness' response: I do not recall.

   c. Respondent's question: Summarize the conversation the Respondent had with the family as they were leaving YMPA.

      Witness' response: She knows what she said to the family.  The father has confirmed the conversation.

   d. Respondent's question: Why would the Respondent want to, "get Howard!"?

      Witness' response: Only respondent knows this answer.

3. Regarding your response to Question #16, the Respondent has never seen the letter in question. Pierre Edouard admitted that Mrs. Sierra admitted that she was in possession of the letter students wrote about your behavior. When and where does Sierra allege that the Respondent assisted students writing the letter that she helped students compose?

   Witness' response: This is a question for Sierra.

Based on the information presented in the Final Investigative Report as well as questions and answers from the follow-up question and answer period, this Decision-Maker has made the following findings of fact:

The Complainant and Respondent are both employees at Young Men's Preparatory Academy and they have known each other in a professional capacity for five years. Both parties acknowledge that their working relationship is strained. It appears that their strained working relationship has spilled over to other employees leading to a tense and strained working relationship among a larger group of employees. The Respondent has filed CRC complaints

against the Complainant and the disposition of the cases has been No Probable Cause. The school is rife with rumors and gossip about the Complainant and Respondent's personal lives. The source or sources of the rumors and gossip cannot be determined.

The Decision-Maker evaluated the credibility of the parties and witnesses.

The Complainant's responses appeared moderately credible by the Decision-Maker due to the strained working relationship between both parties.

The Respondent's responses appeared moderately credible by the Decision-Maker due to the strained working relationship between both parties.

The Decision-Maker found all the witnesses to be credible.

Using the preponderance of the evidence standard, this Decision-Maker finds insufficient evidence the Respondent violated any *M-DCPS School Board Policy*. As such, this Decision-Maker finds the Respondent not responsible.

**Sanctions:**

As a result of this Decision-Maker's findings, and in consideration of the Respondent's prior employment conduct history (if any), the following **sanctions** have been assigned:

*None. The Respondent was found not responsible.*

Both parties are afforded the opportunity to appeal this decision one time within the District's process detailed in the M-DCPS Title IX Sexual Harassment Manual. If you wish to appeal this decision, requests for appeals may be made by either party and shall be submitted directly to the Title IX Coordinator within three (3) days of the date of the final determination. The request for appeal will be forwarded to an Appellate Decision-Maker. If no appeal is filed, and three (3) days have passed, the decision becomes final. No disciplinary remedies may be imposed until after the appeal has been heard or the time period for the appeal has expired.

If you have any questions regarding the grievance process and procedures related to the contents of this report, you may contact Ms. Nicole B. Rutherford, Title IX Coordinator at (305) 995-1580.

_____
Title IX Decision-Maker Signature

12/14/2022
Date

_____
Sergio Nieves
Title IX Decision-Maker Printed Name

6

EX - 21



| Civilian Investigative Unit (CIU) | Miami-Dade County Public Schools<br>Civilian Investigative Unit<br>1450 NE 2nd Avenue<br>Miami, Florida 33132<br>305-995-1269 \| http://ciu.dadeschools.net |
|---|---|

## Student: Parent/Guardian  Consent for Interview

| Student Name: | As██████T██████ | Student ID #: | ██████ |
|---|---|---|---|
| Subject Name: | Michelle Maupin | INCIDENT #: | D-8S301 |
| Parent Name: | Rachelle Thermilus | Parent Contact #: | ██████ |

I understand that this form is being used by the Civilian Investigative Unit (CIU) to request permission to be interviewed regarding allegation(s) made against the subject whose name appears above.

I understand that I have been identified as a Witness or Victim, who may have relevant information which may be important in order to establishing the facts of this investigation.

I also understand that my participation in this investigation is voluntary.

I understand that under certain circumstances, this interview may be conducted via video conferencing and this statement signed digitally. I fully agree to the conduct of this interview by video conferencing.

I understand that I have the right to decline the request to be interviewed. However, CIU will make its determination without information that could have been provided during the interview.
At the conclusion of the oral interview, I will be expected to sign/initial the interview statement.

I understand that under the provisions of Florida Statute, Chapter 119, my statement will become public record upon the closure of the case. However, the identifying information of minors will be redacted.

Note: If you desire to be present, please contact the assigned investigator.

| AGREE | DECLINE |
|---|---|
| I have read the above, __AGREE__ to be interviewed by the CIU.<br><br>██████ | I __DECLINE__ to be interviewed and understand that CIU will make its determination without information that could have been provided during the interview. |
| Name (print): | Parent Name (print): |
| Signature: ██████ | Signature: |
| Date: 12 / 21 / 2020 | Date: |

On 1/18/2023, at 7056 Young Men's Preparatory Academy CIU Investigator, **Yvenson Delphonse** conducted a formal interview with **Mr. A██████ T████** regarding allegations made against **Ms. Michelle Maupin**, for possibly violating the following School Board Policies:

- **3210 Standards of Ethical Conduct**
- **3210.01 Code of Ethics**
- **3213 Student Supervision and Welfare**

Regarding case # **D-85301**.

The interview began at approximately __9:15_____         ☒ **AM**        ☐ **PM**.

1. **Please state your name, school name, age, and student ID number.**

> Mr. A████ T████ 13-year-old, 7th grade at Young Men's Preparatory Academy, # ████

2. **Do you consent to this interview?**

> Yes.

3. **Do you know Ms. Michelle Maupin? If yes, how do you know her?**

> Yes, she is my 5th period Language Art teacher.

4. **This office is currently investigating an allegation that Ms. Maupin berated you (believing you are nobody), threatened to fail students and falsely accused the school administrator. What Can you tell me the alleged incident?**

> Ms. Maupin got upset after she found out of the petition I made against me. I made the petition because Ms. Maupin is the only teacher who's not teaching us nothing, she does not help us with our I-Ready work, Common life work, she does not teaches us how to read because Ms. Maupin is always on her phone and computer all days. I did petition to see if the other students felt the same way about Ms. Maupin not teaching. Ms. Maupin then called my mom on the day she found out. My mom then advised me to recorded her when I got to class the next day. Ever since Ms. Maupin found out about the petition, she kept talking about her degree and questioning me why I am in 7th grade at 13-year-old. She threatened to fail me, and she gives F's for most of my assignment when I checked my grade from the class portal. Ms. Maupin also spoke Ms. William (Math teacher) and Ms. William also talk about the petition. Ms. Michelle also said that whoever (school staffs) is helping me with the petition "will get theirs as well." I was advised by my peers that Ms. Maupin had attempted to get other staffs fired and put lawsuit against them.

| A████ T████ D85301 | Initials: A.t. | Date: 1/18/23 |
|---|---|---|
| **Page 1** | Representative Initials: | Date: |

5.  **How do you feel of Ms. Maupin's actions toward you.**

> I got mad and aggravated when Ms. Maupin and Ms. William kept reminding me about the petition. Also Ms. Maupin often talks about her degrees and saying why I am 7th grade as a 13-years-old.

6.  **When/if students acted out, how does she normally respond to the students?**

> Ms. Maupin is often threatening to fail us and give us an F (as letter grade).

7.  **How would you describe Ms. Maupin's relationship with her students (including you).**

> She has a strange relationship with me and the students.  She screamed at the students, and she does not help whenever we asked her for guidance related to an assignment. After the petition incident, she's often talking and reminding me about the petition.

8.  **Is there anything you would like to add to your statement or any witness you believe should be interviewed?**

> B█████ D█████ & D████ B████ M████ (Ms. Maupin often screams at them). And they were in the classroom the day I made the recording.

The interview ended at approximately     __9:43_____     ☒ AM     ☐ PM

| A█████ T████ D85301 | Initials: A.T | Date: 1|18|23 |
|---|---|---|
| **Page 2** | Representative Initials: _____ | Date: _____ |

## DISCLOSURE STATEMENT

I HAVE READ THE ABOVE STATEMENT AND TO THE BEST OF MY KNOWLEDGE, IT IS TRUE AND ACCURATE. I UNDERSTAND THAT SUBMISSION OF INFORMATION KNOWN TO BE FALSE MAY LEAD TO DISCIPLINARY ACTION.

I UNDERSTAND THAT UNDER CERTAIN CIRCUMSTANCES, THIS INTERVIEW MIGHT BE CONDUCTED VIA VIDEO CONFERENCING AND THIS DOCUMENT MIGHT BE SIGNED DIGITALLY AND I FULLY AGREE TO THE CONDUCT OF THIS INTERVIEW BY VIDEO CONFERENCING.

I FURTHER UNDERSTAND THAT THE ABOVE STATEMENT IS BEING USED FOR AN ONGOING INVESTIGATION. UNDER THE PROVISIONS OF CHAPTER 1012.31, FLORIDA STATUTES, INVESTIGATIVE REPORTS BECOME PUBLIC INFORMATION UPON DETERMINATION OF EITHER NO CAUSE OR PROBABLE CAUSE TO INITIATE DISCIPLINARY ACTION. ONCE COMPLETED, ALL INVESTIGATIVE REPORTS COMPLETED BY THE CIVILIAN INVESTIGATIVE UNIT ARE SENT AND PROCESSED BY THE OFFICE OF PROFESSIONAL STANDARDS.

I HAVE READ AND UNDERSTAND THE ABOVE STATEMENTS.

A█████T██, Student                     1/18/23
                                        Date

Yvensen Delphonse, CIU Investigator     1/18/23
                                        Date

| A█████T██D85301 | Initials: ___ | Date: 1/18/23 |
|---|---|---|
| Page 3 | Representative Initials: ___ | Date: ___ |



# Miami-Dade County Public Schools

giving our students the world

Superintendent of Schools
Dr. Jose L. Dotres

Miami-Dade County School Board
Mari Tere Rojas, Chair
Dr. Lubby Navarro, Vice Chair
Roberto J. Alonso
Lucia Baez-Geller
Dr. Dorothy Bendross-Mindingall
Monica Colucci
Daniel Espino
Dr. Steve Gallon III
Luisa Santos

December 16, 2022

A████████T████
C/O Legal Guardians
████████████████

Dear Parent/Guardian,

**SUBJECT: Michelle Maupin**
**INCIDENT #: D-85301**

Please be advised that Miami-Dade County Public School's Civilian Investigative Unit (CIU) has been assigned the responsibility of investigating a non-criminal allegation that Michelle Maupin (Language Arts English Sr, 7056 Young Mens Preparatory Academy) may have violated the following School Board Policies:

- 3210 Standards of Ethical Conduct
- 3210.01 Code of Ethics
- 3213 Student Supervision and Welfare

CIU has reason to believe that your child *may* have relevant information that could be used to establish some of the facts of this investigation. CIU is an investigating agency within the Miami-Dade County School Board that investigates non-criminal allegations of misconduct. CIU is requesting your consent to interview your child in order to complete a thorough and fair examination, but you also have a right to decline this request.

All interviews are conducted at Miami-Dade County Public School sites; however, may also be conducted via video conference (Zoom). If conducted in person, the interview of your child will likely occur at their school in the main office or a classroom and will be conducted in a child friendly manner. You can be present for the interview with your child.

*Please call the investigator listed below today at 305-995-1269. Llame al investigador que se detalla a continuación hoy al 305-995-1269. Tanpri rele anketè ki nan lis anba jodi a nan 305-995-1269.* The investigator will also be available to answer any questions you may have about the investigation.

This is an **open investigation** and confidential at this time. As such, please do not share the nature of this investigation and please do not contact the subject or any other victim or witness regarding this investigation.

Attached, please find a form used to indicate whether or not you will allow your child to be interviewed. Kindly complete, sign, and return the form to me or a school Administrator within five (5) days from the above date.

Sincerely,

*Mr. Yvenson Delphonse*

Investigator, Civilian Investigative Unit

<u>Sent via hand-delivery</u>
<u>and Parent/Guardian</u>
<u>E-MAIL (if available).</u>

Ex 22

 Civilian Investigative Unit (CIU)

**Miami-Dade County Public Schools**
Civilian Investigative Unit
**1450 NE 2nd Avenue**
Miami, Florida 33132
**305-995-1269 | http://cin.dadeschools.net**

## Student: Parent/Guardian  Consent for Interview

| Student Name: | B█████ D█████ G█████ | Student ID #: | ███████ |
|---|---|---|---|
| Subject Name: | **Michelle Maupin** | INCIDENT #: | D-85301 |
| Parent Name: | M████ G████ | Parent Contact #: | ███████ |

I understand that this form is being used by the Civilian Investigative Unit (CIU) to request permission to be interviewed regarding allegation[s] made against the subject whose name appears above.

I understand that I have been identified as a Witness or Victim, who may have relevant information which may be important in order to establishing the facts of this investigation.

I also understand that my participation in this investigation is voluntary.

I understand that under certain circumstances, this interview may be conducted via video conferencing and this statement signed digitally. I fully agree to the conduct of this interview by video conferencing.

I understand that I have the right to decline the request to be interviewed. However, CIU will make its determination without information that could have been provided during the interview.
At the conclusion of the oral interview, I will be expected to sign/initial the interview statement.

I understand that under the provisions of Florida Statute, Chapter 119, my statement will become public record upon the closure of the case. However, the identifying information of minors will be redacted.

Note: If you desire to be present, please contact the assigned investigator.

| AGREE | DECLINE |
|---|---|
| I have read the above AGREE to be interviewed by the CIU. | I DECLINE to be interviewed and understand that CIU will make its determination without information that could have been provided during the interview. |
| Name (print): M████ G████ | Parent Name (print): |
| Signature: M██. G████ | Signature: |
| Date: 12-21-22 | Date: |

FM-7794B (06-21)

D1

On 1/18/2023, at 7056 Young Men's Preparatory Academy CIU Investigator, **Yvenson Delphonse** conducted a formal interview with Mr. B█████D████G████ regarding allegations made against **Ms. Michelle Maupin**, for possibly violating the following School Board Policies:

- **3210 Standards of Ethical Conduct**
- **3210.01 Code of Ethics**
- **3213 Student Supervision and Welfare**

Regarding case # D-85301.

The interview began at approximately _____11:09_____   ☒ AM      ☐ PM.

1. **Please state your name, school name, age, and student ID number.**

   > Mr. B██████D████G████ 12-years-old, 7ᵗʰ grade at Young Men's Prep Academy,

2. **Do you consent to this interview?**

   > Yes.

3. **Do you know Ms. Michelle Maupin?  If yes, how do you know her?**

   > Yes, she is my Language Arts Teacher.

4. **Do you know Mr. A████T████ (student)?  If yes, how do you know him?**

   > Yes, he is a fellow classroom.

5. **This office is currently investigating an allegation that Ms. Maupin berated Mr. T█████ threatened to fail students and falsely accused the school administrator. What Can you tell me this alleged incident?**

   > A█████ wanted Ms. Maupin to get fired, so A█████ conducted a petition. Ms. Maupin then started teasing A█████ when she found out about the petition and also the letter that was sent to the principal (Mr. Eduard). Ms. Maupin then printed out the letter and made A█████ read it in front of the classroom. While A█████ reading the letter, Ms. Maupin then asked A█████ a question saying "who do you thing are you?" and A█████ then answered saying " I am a no body." Ms. Maupin proceeded to confirmed A█████ statement saying " yes, you are a no body. Ms. Maupin often telling us that we are a no body and Ms. Maupin also fails all the students who signed the petition.

D85301 ████G████   Initials: _____   Date: Jan 18 2023

> I overheard from my peers of Ms. Maupin is making rumors (teachers being in a romantic) against two other teachers.

6. **When/if the students acted out (challenging behaviors), how does she normally respond to the students?**

> Her ways of responding to us is very rude (yelling, screaming) and she never gives us any warnings. One time, Ms. Maupin even used profanity towards a student.

7. **How would you describe Ms. Maupin's relationship with Mr. T████ and her other students.**

> She pays no attention to us, and she does not help or assist us with our assignments. She often on her computers and cellphones.

8. **Is there anything you would like to add to your statement or any witness you believe should be interviewed?**

> A████ D████ and other students have a audio recording of Ms. Maupin's interaction with the class on the day she asked A████ to read the letter.

The interview ended at approximately ____11:32____  ☒ AM  ☐ PM

| B████ D████ G████ | Initials: Ϛ ℬ ᗪ | Date: Jan 16 2023 |
|---|---|---|
| D85301 | | |
| **Page 2** | Representative Initials: _____ | Date: _____ |

## DISCLOSURE STATEMENT

I HAVE READ THE ABOVE STATEMENT AND TO THE BEST OF MY KNOWLEDGE, IT IS TRUE AND ACCURATE. I UNDERSTAND THAT SUBMISSION OF INFORMATION KNOWN TO BE FALSE MAY LEAD TO DISCIPLINARY ACTION.

I UNDERSTAND THAT UNDER CERTAIN CIRCUMSTANCES, THIS INTERVIEW MIGHT BE CONDUCTED VIA VIDEO CONFERENCING AND THIS DOCUMENT MIGHT BE SIGNED DIGITALLY AND I FULLY AGREE TO THE CONDUCT OF THIS INTERVIEW BY VIDEO CONFERENCING.

I FURTHER UNDERSTAND THAT THE ABOVE STATEMENT IS BEING USED FOR AN ONGOING INVESTIGATION. UNDER THE PROVISIONS OF CHAPTER 1012.31, FLORIDA STATUTES, INVESTIGATIVE REPORTS BECOME PUBLIC INFORMATION UPON DETERMINATION OF EITHER NO CAUSE OR PROBABLE CAUSE TO INITIATE DISCIPLINARY ACTION. ONCE COMPLETED, ALL INVESTIGATIVE REPORTS COMPLETED BY THE CIVILIAN INVESTIGATIVE UNIT ARE SENT AND PROCESSED BY THE OFFICE OF PROFESSIONAL STANDARDS.

I HAVE READ AND UNDERSTAND THE ABOVE STATEMENTS.

_____, Student       1/18/23
                                        Date

_Delphonse Yvenson_
Yvenson Delphonse, CIU Investigator     1/18/23
                                        Date

| B████ D████ G████ | Initials: _B.D._ | Date: _Jan, 16 23_ |
| D85301 | | |
| **Page 3** | Representative Initials: ____ | Date: ____ |

D4



# Miami-Dade County Public Schools

giving our students the world

Superintendent of Schools
Dr. Jose L. Dotres

Miami-Dade County School Board
Mari Tere Rojas, Chair
Dr. Lubby Navarro, Vice Chair
Roberto J. Alonso
Lucia Baez-Geller
Dr. Dorothy Bendross-Mindingall
Monica Colucci
Daniel Espino
Dr. Steve Gallon III
Luisa Santos

December 16, 2022

B████ D██████-G███
C/O Legal Guardians
████████████

Dear Parent/Guardian,

**SUBJECT: Michelle Maupin
INCIDENT #: D-85301**

Please be advised that Miami-Dade County Public School's Civilian Investigative Unit (CIU) has been assigned the responsibility of investigating a non-criminal allegation that Michelle Maupin (Language Arts English Sr, 7056 Young Mens Preparatory Academy) may have violated the following School Board Policies:

- 3210 Standards of Ethical Conduct
- 3210.01 Code of Ethics
- 3213 Student Supervision and Welfare

CIU has reason to believe that your child *may* have relevant information that could be used to establish some of the facts of this investigation. CIU is an investigating agency within the Miami-Dade County School Board that investigates non-criminal allegations of misconduct. CIU is requesting your consent to interview your child in order to complete a thorough and fair examination, but you also have a right to decline this request.

All interviews are conducted at Miami-Dade County Public School sites; however, may also be conducted via video conference (Zoom). If conducted in person, the interview of your child will likely occur at their school in the main office or a classroom and will be conducted in a child friendly manner. You can be present for the interview with your child.

*Please call the investigator listed below today at 305-995-1269. Llame al investigador que se detalla a continuación hoy al 305-995-1269. Tanpri rele anketè ki nan lis anba jodi a nan 305-995-1269.* The investigator will also be available to answer any questions you may have about the investigation.

This is an open investigation and confidential at this time. As such, please do not share the nature of this investigation and please do not contact the subject or any other victim or witness regarding this investigation.

Attached, please find a form used to indicate whether or not you will allow your child to be interviewed. Kindly complete, sign, and return the form to me or a school Administrator within five (5) days from the above date.

Sincerely,

*Mr. Yvenson Delphonse*

Investigator, Civilian Investigative Unit

Sent via hand-delivery
and Parent/Guardian
E-MAIL (if available).

D5

EX. 23



**Civilian Investigative Unit (CIU)**

**Miami-Dade County Public Schools**
**Civilian Investigative Unit**
**1450 NE 2ⁿᵈ Avenue**
**Miami, Florida 33132**
**305-995-1269 | http://ciu.dadeschools.net**

### Student: Parent/Guardian  Consent for Interview

| Student Name: | D███████ B█████ | Student ID #: | ██████████ |
|---|---|---|---|
| Subject Name: | Michelle Maupin | INCIDENT #: | D-85301 |
| Parent Name: | S█████ R████████ | Parent Contact #: | ██████████ |

I understand that this form is being used by the Civilian Investigative Unit (CIU) to request permission to be interviewed regarding allegation(s) made against the subject whose name appears above.

I understand that I have been identified as a Witness or Victim, who may have relevant information which may be important in order to establishing the facts of this investigation.

I also understand that my participation in this investigation is voluntary.

I understand that under certain circumstances, this interview may be conducted via video conferencing and this statement signed digitally. I fully agree to the conduct of this interview by video conferencing.

I understand that I have the right to decline the request to be interviewed. However, CIU will make its determination without information that could have been provided during the interview.
At the conclusion of the oral interview, I will be expected to sign/initial the interview statement.

I understand that under the provisions of Florida Statute, Chapter 119, my statement will become public record upon the closure of the case. However, the identifying information of minors will be redacted.

Note: If you desire to be present, please contact the assigned investigator.

| AGREE | DECLINE |
|---|---|
| I have read the above, **AGREE** to be interviewed by the CIU. | I **DECLINE** to be interviewed and understand that CIU will make its determination without information that could have been provided during the interview. |
| Name (print): ███████ | Parent Name (print): |
| Signature: ███████ | Signature: |
| Date: 1-21-22 | Date: |

FM-7794B (06-21)

Page 1 of 3

On 1/18/2023, at 7056 Young Men's Preparatory Academy CIU Investigator, **Yvenson Delphonse** conducted a formal interview with **Mr. D‗‗‗‗‗ B‗‗‗** regarding allegations made against **Ms. Michelle Maupin,** for possibly violating the following School Board Policies:

- **3210 Standards of Ethical Conduct**
- **3210.01 Code of Ethics**
- **3213 Student Supervision and Welfare**

Regarding case # **D-85301.**

The interview began at approximately ___11:50_____  ☒ AM      ☐ PM.

1. **Please state your name, school name, age, and student ID number.**

   > Mr. D‗‗‗‗ B‗‗‗, 12-years-old, 7th grade at Young Men's Prep Academy, #

2. **Do you consent to this interview?**

   > Yes.

3. **Do you know Ms. Michelle Maupin?  If yes, how do you know her?**

   > Yes, she used to be my teacher. She left the school a couple of weeks ago.

4. **Do you know Mr. A‗‗‗‗ T‗‗ (student)?  If yes, how do you know him?**

   > Yes, he has classes with me.

5. **This office is currently investigating an allegation that Ms. Maupin berated Mr.T‗‗ threatened to fail students and falsely accused the school administrator. What Can you tell me this alleged incident?**

   > Ms. Maupin did say bad things about A‗‗‗and school staffs. One time, Ms. Maupin had referred to A‗‗‗mom as the "B" word and Ms. Maupin also threatened a teacher and wanted that teacher to get fired (for an unknown reasons). Ms. Maupin also threatened to fail A‗‗‗and other students because of a petition A‗‗‗had conducted against her in an attempted to get Ms. Maupin fired. Ms. Maupin also told A‗‗‗that "A‗‗‗is a no body" after she found out about the petition. A‗‗‗did the petition because A‗‗‗was tired of the way Ms. Maupin was treating him.

6. **When/if the students acted out (challenging behaviors), how does she normally respond to the students?**

| D‗‗‗‗ B‗‗‗D85301 **Page 1** | Initials: x D B | Date: x 1/18/23 |
|---|---|---|
| | Representative Initials: _____ | Date: _____ |

> She usually tells us to "be quiet or stop talking."

**7. How would you describe Ms. Maupin's relationship with Mr. T████ and her other students.**

> Ms. Maupin yells at us whenever A:████ and the other students asked for help. She barely teaches us; we do everything by ourselves because she's usually on her phone.
>
> Although Ms. Maupin speaks Spanish, she refused to help a Spanish student (only speaks Spanish) we had in our classroom.

**8. Is there anything you would like to add to your statement or any witness you believe should be interviewed?**

> N████ C████ & T████ M████ B████ D████ and I signed the petition. And Ms. Maupin threatened to fail us prior to her leaving the school.

The interview ended at approximately _____12:15_____   ☐ AM   ☒ PM

| D | B | D85301 | Initials: _DB_ | Date: 1/18/23 |
|---|---|---|---|---|
| | **Page 2** | | Representative Initials: _____ | Date: _____ |

## DISCLOSURE STATEMENT

I HAVE READ THE ABOVE STATEMENT AND TO THE BEST OF MY KNOWLEDGE, IT IS TRUE AND ACCURATE. I UNDERSTAND THAT SUBMISSION OF INFORMATION KNOWN TO BE FALSE MAY LEAD TO DISCIPLINARY ACTION.

I UNDERSTAND THAT UNDER CERTAIN CIRCUMSTANCES, THIS INTERVIEW MIGHT BE CONDUCTED VIA VIDEO CONFERENCING AND THIS DOCUMENT MIGHT BE SIGNED DIGITALLY AND I FULLY AGREE TO THE CONDUCT OF THIS INTERVIEW BY VIDEO CONFERENCING.

I FURTHER UNDERSTAND THAT THE ABOVE STATEMENT IS BEING USED FOR AN ONGOING INVESTIGATION. UNDER THE PROVISIONS OF CHAPTER 1012.31, FLORIDA STATUTES, INVESTIGATIVE REPORTS BECOME PUBLIC INFORMATION UPON DETERMINATION OF EITHER NO CAUSE OR PROBABLE CAUSE TO INITIATE DISCIPLINARY ACTION. ONCE COMPLETED, ALL INVESTIGATIVE REPORTS COMPLETED BY THE CIVILIAN INVESTIGATIVE UNIT ARE SENT AND PROCESSED BY THE OFFICE OF PROFESSIONAL STANDARDS.

I HAVE READ AND UNDERSTAND THE ABOVE STATEMENTS.

D█████ B███ Student            Date 1/18/23

Yvenson Delphonse, CIU Investigator            Date 1/18/23

| D███ B███ D85301 | Initials: DB | Date: 1/18/23 |
|---|---|---|
| Page 3 | Representative Initials: | Date: |

E4



**Miami-Dade County Public Schools**

*giving our students the world*

Superintendent of Schools
Dr. Jose L. Dotres

Miami-Dade County School Board
Mari Tere Rojas, Chair
Dr. Lubby Navarro, Vice Chair
Roberto J. Alonso
Lucia Baez-Geller
Dr. Dorothy Bendross-Mindingall
Monica Colucci
Daniel Espino
Dr. Steve Gallon III
Luisa Santos

December 16, 2022

D███ █
C/O Legal Guardians
███████████████

Dear Parent/Guardian,                                    **SUBJECT: Michelle Maupin**
                                                         **INCIDENT #: D-85301**

Please be advised that Miami-Dade County Public School's Civilian Investigative Unit (CIU) has been assigned the responsibility of investigating a non-criminal allegation that Michelle Maupin (Language Arts English Sr, 7056 Young Mens Preparatory Academy) may have violated the following School Board Policies:

- 3210 Standards of Ethical Conduct
- 3210.01 Code of Ethics
- 3213 Student Supervision and Welfare

CIU has reason to believe that your child *may* have relevant information that could be used to establish some of the facts of this investigation. CIU is an investigating agency within the Miami-Dade County School Board that investigates non-criminal allegations of misconduct. CIU is requesting your consent to interview your child in order to complete a thorough and fair examination, but you also have a right to decline this request.

All interviews are conducted at Miami-Dade County Public School sites; however, may also be conducted via video conference (Zoom). If conducted in person, the interview of your child will likely occur at their school in the main office or a classroom and will be conducted in a child friendly manner. You can be present for the interview with your child.

*Please call the investigator listed below today at 305-995-1269. Llame al investigador que se detalla a continuación hoy al 305-995-1269. Tanpri rele anketè ki nan lis anba jodi a nan 305-995-1269.* The investigator will also be available to answer any questions you may have about the investigation.

This is an **open investigation** and confidential at this time. As such, please do not share the nature of this investigation and please do not contact the subject or any other victim or witness regarding this investigation.

Attached, please find a form used to indicate whether or not you will allow your child to be interviewed. Kindly complete, sign, and return the form to me or a school Administrator within five (5) days from the above date.

Sincerely,

*Mr. Yvenson Delphonse*

Investigator, Civilian Investigative Unit

<u>Sent via hand-delivery</u>
<u>and  Parent/Guardian</u>
<u>E-MAIL (if available).</u>

E5

## Response to Conference for the Record Summary (March 16, 2023 Meeting)

MAUPIN, MICHELLE <mmaupin@dadeschools.net>

*Ex. 24*

Thu 3/30/2023 7:12 PM

To: Molina, Carmen G. <carmengmolina@dadeschools.net>;Swain, Brenda L. <bswain@dadeschools.net>;Lewis, Michael A. <203178@dadeschools.net>

Cc: Zabala, Maria G. <mzabala@dadeschools.net>;Karyn Cunningham <karyn@utd.org>;Hiralda Cruz <Hiralda@utd.org>

Bcc: Bendross-Mindingall, Dorothy <DBendross-Mindingall@dadeschools.net>

📎 22 attachments (16 MB)

Communication Logs page 1-2.pdf; Communication Logs page 3-4.pdf; Communication Logs page 5-6.pdf; Communication Logs page 7-8.pdf; Communication Logs page 9-10.pdf; Communication Logs page 11-12.pdf; Communication Logs page 13-14.pdf; Communication Logs page 15-16.pdf; Exhibit 1 Written Notice of Investigation Dated December 19 22.pdf; Exhibit 2 Petition Letter.pdf; Exhibit 3 Email re decision not to involve police from Edouard dated Nov 30 22.pdf; Exhibit 4 Ms Maupins Class Expectations and Rules.pdf; Exhibit 8 Email re Lack of iReady from Edouard dated Dec 5 22 and my Dec 6 22 response.pdf; Exhibit 9- Email Dec 13 re Lack of iReady from Edouard and Dec 14 22 response.pdf; Exhibit 10 Email from Robbio dated Oct 7 22 example of writing style.pdf; Exhibit 5a 2nd Quarter Schoology Page 7th grade PER 5.pdf; Exhibit 5b 7th Grade 2nd Quarter Pacing Guide-3.pdf; Exhibit 5b 7th Grade 2nd Quarter Pacing Guide-1.pdf; Exhibit 5b 7th Grade 2nd Quarter Pacing Guide-2.pdf; Exhibit 6 AT 2nd Quarter Grade Report.pdf; Exhibit 7 ELA FSA Scores and Learning Gains.pdf; Exhibit 11 AT iReady Report.pdf;

To: Carmine Molina, et. al.

From: Michelle Maupin

Re: CIU D85301

Dear Ms. Molina:

I have read the investigative report, listened to the recording and read the Summary of the CFR. Your summary mentions the four cases that were filed last school year. You stated that discipline was yet to be determined regarding those cases. **Those cases are out of compliance with the PIM. I attended a CFR in October 2022; I just received the CFR summary for those cases on March 17, 2023. That falls well outside of the 75 day window for completion.**

**During the March 16, 2023, CFR, Ms. Molina attempted to get me to sign a document which stated that I had an altercation with a student. I have never exhibited poor judgment and I have never had an altercation with a student. The continued mischaracterization of my behavior is extremely egregious.**

Additionally, the four cases filed last year were sent to the Office of Professional Practice Services (PPS) in Tallahassee, Florida. **An investigator for that agency has interviewed students involved and the students admitted that their previous allegations were not true.** Also, the allegations listed in CIU case D85301 were forwarded to PPS as well. After the information was received by PPS, I was contacted, and I provided an explanation of the allegations. **After my statement was received, PPS authorized the renewal of my teaching certificate. I received my renewed certificate on February 27, 2023.**

**The Preliminary Investigative report stated that I did not provide new evidence. That is not true. Due to the fact that the evidence I provided regarding the allegations made in case D85301 has been ignored, I am restating the following:**

• The report is replete with assumptions, false allegations and statements taken completely out of context. Brenda Swain, on December 19, 2022, stated that based upon what was heard on a recording provided by a student, I was removed from my worksite and reassigned to an alternate workplace. The written notice states that **based upon the recording** I made threats, disparaging comments, and falsely accused the school administrator and other personnel. There were two complainants listed on the written notice. The first is Lolamaria Robbio and the second is listed as Juvenile Confidential, subsequently identified as AT. **(See Exhibit 1 Written Notice of Investigation dated December 19, 2022)**

• I was finally allowed to listen to the audio recording with Ms. Carmen Molina and my UTD representative, Karyn Cunningham, on February 13, 2023, at 1:30pm in Ms. Molina's office. It is very clear that there are several problems with the investigation and my placement at an alternate worksite. **The first problem is at no time on the recording am I heard naming Ms. Robbio as the person who wrote the petition.** If the investigation against me was based upon the recording, as stated in the written notice, why was Lolamaria Robbio allowed to file a complaint against me when she was not named by me as the writer on the recording? **None of the students in the 5 th period class which was recorded named Ms. Robbio either.** I did refer to a woman; there are several women working in the building. There was no discussion specifically naming Ms. Robbio as having a role in the production nor dissemination of the petition written against me.

• Based upon information given to me by students, I followed protocol, and I filed a complaint against Ms. Robbio with my worksite administrator, Mr. Edouard; I requested an investigation. **On December 14, 2022, a student, NC, reported to me that he was with Ms. Robbio when she wrote and printed the petition.** He explained to me that he went to her to talk to her about getting Mr. Edouard to give everyone in the class C's because they did not want to complete the Performance Assessment that was part of their Peer Group assignment. NC stated that instead of talking to Mr. Edouard, Ms. Robbio wrote and printed the petition. NC stated that the petition was then given to AT to obtain signatures. NC did not know why AT was given the document to get signatures.

• Lolamaria Robbio admitted that she printed the document and gave it to the student. **She did this even though the signature page stated "Remove Ms. Maupin From YMPA" printed across the top of the page. (See Exhibit 2 Petition Letter)** On December 15, 2022, a co-worker told me that Ms. Robbio was openly admitting that she wrote the petition because she needed to protect her friends, Ms. Wilson, and Mr. Howard, from me. I have no idea why she believed that her protection was necessary. After hearing the student statement and that Robbio admitted that she wrote the document, I filed a complaint. If Ms. Robbio received complaints from students about me, she never notified me of any issue. The investigative report contains false claims about me made by Lolamaria Robbio. She claimed, "...Ms. Maupin filed a report because a student tapped her on her shoulder. Ms. Maupin claimed to be assaulted by the student. The student was traumatized and did not return to the school after the incident." That is a blatant lie. There was an incident in my class; a student hit me on the shoulder with a telephone while his aunt was listening. I wrote a referral. When Mr. Edouard asked me if I wanted to file a police report, I declined. **(See Exhibit 3 Email from Edouard dated November 30, 2022)** Mr. Edouard filed the police report anyway and it appears he told my coworkers that I initiated the police action against the student. That is not true.

• Additionally, I do not understand why structure during instruction is viewed as "negative". My expectations for student behavior and academic progress have always been made clear at the beginning of each year. **(See Exhibit 4 Ms. Maupin's Class Expectations and Rules)** While I often raise my voice, I don't belittle my students. If at any time I ever belittled a student, I would expect the guidance counselor to report the incident. I would also expect that my principal would speak to me about that happening. Lolamaria Robbio has never reported an incident and Mr. Edouard has never spoken to me about such a thing because it has never happened.

● **Mr. Edouard was interviewed for this investigation, as with the other investigations he filed against me, even though he admitted that he did not speak to me about the incident.** Mr. Edouard's statement does nothing more than attempt to remove liability from himself and thrust it upon others who are not completely aware of his personal vendetta against me. In the investigative report, Mr. Edouard claims that AT disclosed that I was not teaching nor grading students' work. Mr. Edouard knows that is a false allegation. I have taught Middle School Language Arts during the 2021-22 and 2022-23 school years. At the start of each year, I let students know what my expectations are for them academically. **(See Exhibit 4 Ms. Maupin's Class Expectations and Rules)** Mr. Edouard is aware that students and parents are required to review my rules and expectations each year.

● Mr. Edouard claims that, "AT disclosed that Maupin is not teaching, nor grading the students' assignments." He knows this claim to be false. If he believed it to be true, why did he observe me in the 4 th period class rather than AT's 5 th period class? Additionally, Mr. Edouard knows that I am one of a few teachers who provide the rigor necessary for preparing middle school students for college prep. courses. **(See Exhibit 5a, b,and c Copy of Schoology Course, Pacing Guide and Unit 5 Lesson Plans)** Mr. Edouard **also knows that if AT made that claim it is false because my students had almost 20 grades in the grade by December 14, 2022. (See Exhibit 6 AT's 2 nd Quarter Assignment Report)** Mr. Edouard did not review the course records because the narrative that I was not teaching fit his continued efforts to assassinate my character. I am not sure of the relevance of his emails regarding observations of my class are relevant to the case. I would request that those be removed as they are not relevant and only highlight Mr. Edouard's desire to remove me from the school.

● Further evidence of the fact that Mr. Edouard knew that the claim that I was not teaching is untrue is in the fact that the **middle school test scores helped move Young Men's Preparatory Academy from a D school to a B school.** Many of the students currently attending YMPA are below level in Reading. Achieving scores like those earned during the 2021-2022 FSA testing does not happen without deliberate, focused instruction. **(See Exhibit 7 2021-2022 FSA Scores and Learning Gains)**

● Mr. Edouard took statements out of context to make it appear as if I had nefarious intent when speaking to my students on December 14, 2022, during the lesson that day in class. **Mr. Edouard completely left out the fact that I was teaching a lesson during the class period.** Students were engaged and it gave me an opportunity to speak to them about what they had done. I was angry; you can hear that in my voice. However, I believe that anyone would be angry if a coworker subjected them to such demoralization.

● Mr. Edouard falsely accused me of berating the student because I asked him, **"...No sorry because you did it on purpose. It wasn't a mistake. You say sorry when things are a mistake. Who do you think you are? A- I am nobody. Ms. Maupin -Exactly. What did you think you were going to accomplish?"** There was no intent to berate the student and in the context of the conversation I was having with the entire class, I don't believe anyone took it that way.

● Mr. Edouard misquoted my statement and accused me of threatening the unnamed person who provided the petition. What I actually said was, **"Because the adult who got you to do this knows better. And she will get hers."** After making that statement, I filed a complaint. Mr. Edouard accused me of yelling at students "during the recording". He made it seem as if I was not presenting a lesson to the class. As **I was teaching the students the grammar and punctuation lesson, I had to quiet students so that they could hear what I had to say and so that they could be engaged in the lesson.**

● Mr. Eduoard falsely accused me of threatening students because I stated, **"You're never going to come into my class and play on your phones. You're never going to come to my class and play video games**

all day. And if a teacher in this building lets you do that they don't care about you. Cuz this is school. This is not the Boys and Girls Club. And if you get to play in their class enjoy it because you will not be playing in here. And if you don't like it too bad. I am the only Language Arts teacher for middle school. That is it. And that's not going to change." I do not know how my statement could possibly be perceived as a threat to students. Mr. Edouard stated that the recording revealed that I threatened to put F's in the gradebook. The letter with the petition stated that I did not grade students' work. I explained to students that if I graded all of the assignments including those, they did wrong, they would have Fs. I cannot be heard threatening to fail students; that never happened. I maintain meticulous communication records with parents. I am including communication logs to evidence that I have reached out to parents of students related to behavior and academics.

• Mr. Edouard knew AT's claims to be false, but he initiated the action to have me removed from my workplace anyway. I question whether Brenda Swain, Region Director, listened to the recording prior to taking action against me. **When I arrived at the Central Region office on December 19, 2022, she had no idea what the allegations were against me until she received the letter from Mr. Edouard dated December 19, 2022. (See Exhibit 1 Written Notice of Investigation dated December 19, 2022)**

• I arrived at the Central Region office at 8am. Brenda Swain did not receive the document until after 9am. **While waiting she told me that she was giving me verbal notice of an investigation, but she did not provide details until she received the letter from Edouard. Since she stated that she was not aware of the allegations, it is not likely that she had already listened to the recording before doing Mr. Edouard's bidding. She stated that I would receive written notice at the same time I received verbal notice. I was not afforded the opportunity to schedule time to have UTD representation present. That is a violation of my right to due process.** I received verbal notice, written notice and notice of removal from my workplace all on the same day. Mr. Edouard falsely accused me of saying that he is, "...behind the petition that was circulating around the school." Although I believe that Mr. Edouard was involved, I did not say that to the children. The recording does demonstrate that I told the children numerous times not to get involved if an adult asks them to do something that they shouldn't do even if that adult is Mr. Edouard. The Region Director did not hear me accuse, berate or threaten anyone, because I never made the comments as stated.

• The entire allegation made of statements taken out of context was written to further Mr. Edouard's narrative that I am not only not a good teacher, I am not a good person. That is defamation of my character. **As the teacher who was harmed by this situation, I had every right to speak to my classes involved. Had I done this to Ms. Robbio, I would have faced some punishment and Ms. Robbio should face some consequences for the actions she took.**

• AT claimed that all I assigned to his class was iReady. Mr. Edouard knows that AT's claims about iReady are not true. On December 5, 2022, Mr. Edouard sent me an email regarding middle school students' failure to complete iReady Reading requirements. **(See Exhibit 8 Email from Edouard dated December 5, 2022 and my December 6, 2022, response)** Mr. Edouard claims he believed AT's claims that all I did was assign iReady even though he emailed me again on December 13, 2022, about students not completing iReady as required. **(See Exhibit 9 Email from Edouard dated December 13, 2022, and my December 14, 2022, response)** Mr. Edouard should have listened to AT's concerned, but he should have also questioned why a student would say such things when he is aware that there is no way that AT's statements are true. The fact that Mr. Edouard has a personal issue with me gets in the way of him being able to make equitable decisions when it comes to me.

• Based upon my observations, it is clear to me that **AT did not write the petition as he claimed in his interview with the CIU investigator.** A comparison of Ms. Robbio's emails and the petition led me to believe NC's statement that he was there when she wrote it and that Ms. Robbio gave the document to

AT to get signatures. Although AT now claims that he wrote the petition, as his Language Arts teacher, I know that the letter attached to the petition is not characteristic of AT's writing. **It is, however, characteristic of Lolamaria Robbio's writing. (See Exhibit 10 Email from Robbio dated October 7, 2022)** Additionally, I can be heard asking students who wrote the petition. Several times on the recording AT can be heard saying that he did not know where the petition came from. This contradicts his statement that he wrote the petition.

● The investigative report states that, "AT stated that ever since Maupin found out about the petition, Maupin threatened to fail him, brought up the petition during class and kept questioning him 'why he is in seventh grade as a 13-years-old' (C2-C4)." At no time can I be heard on the recording making the quoted statement by Antwan Tarver. I have never had a conversation about his age. **Additionally, it would not be strange for a 13-year-old to be in 7 th grade.** AT did not report to 5 th period class on December 15, 2022. When would I have made the alleged statements to AT if he claims I made the statements after finding out about the petition? He did not come to class on the 15 th ; he is not in my B Day class.

● AT alleges that all he and his classmates were assigned were iReady lessons. A review of AT's iReady report shows that students were only assigned iReady on Wednesdays during C day when classes are only 35 minutes in length. **(See Exhibit 11 AT's iReady Report)** Also notice that AT did not complete the lessons assigned to him. The entire premise that I did not teach my classes is a complete lie.

● **The CIU investigator interviewed DB and BD. Based upon statements made by the students, I have a hard time believing that anyone actually spoke to the students. I deny any and all allegations of wrongdoing by these two students. Under what circumstances would I speaking about the parent of one student to other students? And, why would I use profanity while doing so?** As heard on the recording, students acknowledged that I have never used profanity around them. This narrative that is being pushed is reaching the point of ridiculousness. Additionally, as can be heard on the recording, I do what is necessary to maintain control of my classroom. If I have to address a student and redirect his behavior, I have no problem doing so. Students are not supposed to be conducting the classes. Teachers should be dictating the tone and tenor during each class. I will always maintain control of my classroom.

● **The CIU investigator mischaracterized the contents of the recording. Instead of stating that a student recorded me teaching my class, he makes it seem as if I had a conversation with the student to do the student some harm. There is no mention of the lesson, students' participation in the lesson and a lack of fear of me during the lesson. I did not deserve to be removed from my workplace.** I believe my removal from the workplace was wrong and the action should be corrected immediately. Mr. Edouard's deleterious statements were intentional, willful and deliberate. The fact of the matter is I had a duty to teach the students a lesson about what they did. Mr. Edouard undermined my authority and did a disservice to the students I taught.

Best regards,

/s/
 Michelle Maupin


Best,

Michelle Maupin, M. Ed.
Young Men's Preparatory Academy



# Miami-Dade County Public Schools

## giving our students the world

**Superintendent of Schools**
Dr. Jose L. Dotres

**Miami-Dade County School Board**
Mari Tere Rojas, Chair
Dr. Lubby Navarro, Vice Chair
Roberto J. Alonso
Lucia Baez-Geller
Dr. Dorothy Bendross-Mindingall
Monica Colucci
Daniel Espino
Dr. Steve Gallon III
Luisa Santos

Ex. 24-1

December 19, 2022

Ms. Michelle Maupin
4408 SW 24 St.,
West Park, FL 33023

Employee # 317494

Ms. Maupin:

You have been named as the subject in a complaint. An investigation is being conducted with reference to the incident listed below, Case # D-85301.

NAME OF COMPLAINANT:  **Ms. Lolamaria Robbio**

NAME OF COMPLAINANT:  **Juvenile Confidential**

NATURE OF THE COMPLAINT:  The complainants forwarded a recording from a classroom in which the subject is overheard berating the victim, asking him "who do you think you are?" The victim replies "I am nobody" and the subject states "Exactly". During the recording, the subject is overheard yelling at students, threating to fail students, and falsely accusing the school administrator and other personnel at the school. The subject also continues to threaten students by stating "I am the only language arts teacher for middle school. That's it. And that is not going to change". She also states "... I am going to put all of those F's into the gradebook. Dig yourselves out of that hole" and "... he can't pass all of you". The subject is overheard making a threat by saying "the adult who got you to write this will get hers". The victim asks "what do you mean 'she'll get hers' " and the subject repeats 'she'll get hers, just what I said". The victim then says "I thought two wrongs don't make a right" to which the subject replies "well, there will be two wrongs".

INVESTIGATIVE ENTITY:  Civilian Investigative Unit

You will be given an opportunity to respond to this complaint, in accordance with your rights as guaranteed by contract and/or policy. When the investigation is completed, you will be notified. As this is an open investigation, no other information can be provided at this time. You are not to discuss this matter with any witnesses, parents, staff, students, or the complaining party to avoid interference with the investigation.

At the conclusion of this investigation, this case will be forwarded to the Office of Professional Standards. If the complaint referred to above, is found to have Probable Cause, this is your notice, pursuant to Florida Statute 1012.31, that the parent of the student who was subjected to or affected by such misconduct shall receive written notification of the misconduct and of the disciplinary action taken (if any).

Should you require additional information, please contact this administrator at 305-571-1111.

Sincerely,

Principal

cc:  Office of Professional Standards

*Young Men's Preparatory Academy • 3001 NW 2nd Avenue • Miami, Florida 33127*
*305-571-1111 • www.ympacademy.org*

Signature acknowledges receipt of memorandum on y _____     Date _____

If you are a UTD member, please complete the following by indicating your preference with your initials in the appropriate box.

☑   I authorize     ...or...
investigation to my union representative

☐   I do not authorize the release of all documents pertaining to my

## TERMS AND CONDITIONS OF AN ALTERNATE ASSIGNMENT

NAME: **Michelle Maupin**                EMPLOYEE #:        **317494**

POSITION:  **Teacher**  WORK LOCATION: **7056-Young Men's Preparatory Academy**

You are assigned to a paid administrative placement in an alternate assignment pending the resolution of your **Civilian Investigative Unit (CIU) Case#D-85301** and/or School Board action. For the duration of this placement, you are directed to comply with the following terms and conditions:

1. You must report to your alternate assignment at location, **Stores and Distribution; 7001 SW 4 Street, Miami FL 33144** effective **December 20, 2022.**

2. Your working hours at, **S&D** are from **7:00 a.m. to 2:20 p.m.**

3. You must report your attendance for payroll purposes to **Mr. Marc Oberlies,** 786-275-0616.

4. If you are taking leave due to illness or personal reasons, you shall notify the aforementioned person your attendance to in the morning.

5. You should expect to receive and be available for additional work-related phone calls at any time during your regular duty hours as assigned.

6. You must not contact, visit, or engage in any type of communication with faculty/staff/students/family of students from the work location to which you were assigned at the time of the incident leading to this administrative placement.

7. You must not contact or engage in any type of communications with the subject of, or witness(es) to, the pending investigation.

8. You must schedule medical appointments after work hours. When this is not possible, you must contact to **Mr. Marc Oberlies** at 786-275-0616 to obtain prior approval at least 48 hours in advance.

9. You must adhere to directives concerning the receipt of your paychecks.

10. You must comply with all administrative directives given to you during your administrative placement.

11. You must attend all Conference-for-the-Record/meetings with the Office of Professional Standards as directed.

I understand these directives and that failure to comply with any of the above terms shall subject me to further disciplinary action up to and including dismissal.

_____          _____
Signature of Employee                              Date

_____          _____
Signature of supervisor issuing above-referenced directives          Date    12/19/22

Mr. Edouard,

Ex. 24-2

The Middle school students at Young Men's Preparatory Academy are asking for your help in removing Ms. Maupin from our school.

We are almost at the end of the 2nd grading period, and we have learned nothing from her, she sits at her desk and she is either shopping online or on her cell phone talking to someone regarding a lawsuit. She gives us work on Schoology and she never grades it, please look at our grades not even 1 student is passing her class, we are all failing this should be an alarming issue, and she is always negative towards us. As students, we would like to learn and be able to better ourselves and we cannot do so with her "teaching" us.

I have gotten together with my fellow students, and we have signed this petition to show you that we need her out of our school, and we need a real language arts teacher.

Thank you from the YMPA Middle School Students

Referral 372638

**Edouard, Pierre R. <pedouard@dadeschools.net>**
Wed 11/30/2022 8:45 AM

To: MAUPIN, MICHELLE <mmaupin@dadeschools.net>
Cc: RODRIGUEZ, CHRISTIAN <cmrodriguez@dadeschools.net>

$EX. 24-3$

Ms. Maupin,

Good morning. We spoke briefly yesterday about Referral # 372638. I discussed the severity of the infraction which was written on the referral and asked if you wanted school police to be involved. You stated that you did not want school police involved, however if the incident had been reversed, you would be escorted out of the building in handcuffs. As the referral is written, the infraction is a battery on school personnel. It is my duty to report the referral as it is written. I have spoken to our SRO, Officer Rodriguez, regarding this referral. Officer Rodriguez has advised that the referral will have to be rewritten, otherwise he will have to follow up as it is written as a battery. Officer Rodriguez has been copied on this email. Please advise as to how you would like to proceed.

Thank you.

*Pierre R. Edouard*

**Principal**
**Young Men's Preparatory Academy**
**3001 NW 2nd Ave**
**Miami, FL 33127**
**(305) 571 1111 office**
**(305) 571 1112 fax**

**Ms. Maupin's Classroom Expectations, Procedures and Rules**     Ex. 24-4

The expectations, rules, procedures and consequences of my classroom are intended to keep the online classroom environment safe, orderly, and productive. Please respect the rules so that we can maximize learning time together. The rules are not hard to follow, nor are any of them "out of the ordinary." They are simply expected behaviors for students in this classroom. If you have any questions about any of these rules, or why they are in place, you have the right to find out – please ask me as soon as possible. There should never be a rule that does not have a purpose! Thank you for your cooperation!

## CLASS EXPECTATIONS

**1. Respect yourself, the teacher and others.**
>   Show respect for the teacher, yourself and others at all times.
>   Respect yourself and the rest of us by using appropriate language.
>   Be a kind person.

**2. Always put forth your best effort.**
>   Always do your own best work.
>   Put learning ahead of getting good grades.
>   Put quality ahead of just getting it done.

**3. Be prepared for class each day.**
>   Come prepared with all materials necessary:
>   An organized class binder/folder containing all necessary materials and syllabus
>   A planner should be used to help keep you get organized - the most successful students are organized.

**4. Follow directions when given.**
>   When directions are given, do your best to follow them the first time.
>   If you are confused or have questions, ask. I would rather have you stop class to clarify than be off task while everyone else is working.

**5. Pay attention, participate and ask questions.**
>   Engage in what is going on in the classroom.
>   If you have a question, ask it! Otherwise, I might not know until the test that you didn't understand something. There are no *** questions, and chances are, if you are wondering about it, someone else in the class is to.
>   Be proactive about your learning and don't be afraid to ask for help. If you feel most comfortable waiting until after class, that is okay, too, but do keep communication open between us.

**6. Preserve a positive learning environment.**
>   Student actions that interfere with teaching or learning in the classroom will NOT be tolerated.

Use class time to learn. Please do not spend your time grooming, sleeping, talking, writing notes to friends, playing cards, listening to music, text-messaging friends, or doing work for other classes while you are online in my class.

Minimize classroom interruptions by arriving to class on time and not leaving the classroom during the hour.

## 7. Take responsibility for your actions

If you are confronted about a rule infraction, own up to it. Don't deny it, lie about it, or blame someone else.

Take responsibility for missed assignments.

All school handbook rules will be enforced.

Please read your handbook.

Students that choose to break these rules, choose to have points taken away from their conduct grade and face the possibility of additional consequences.

## CLASS RULES

### 1. Turn off cell phones, televisions and electronic devices and put them away before you enter my classroom.

Use of an electronic device (CD players, Ipods, handheld games, televisions, mini-TVs or personal DVD players, cell phones, etc.) that is not being used for the class or online session is NOT permitted. **Turn them off until our class session has ended.**

**Per Miami Dade Schools Cell Phone Policy students can only use their cell phones BEFORE and AFTER school.**

Cell Phones should be **turned off and invisible** during the class period. If I see or hear your phone and you refuse to put it away and turn the cell phone off, your phone will be confiscated; if you are online you will be removed from the class session online. **Disruption of class will not be tolerated.**

Cell phone infraction consequences:

1st offense:  phones will be confiscated and returned to the student at the end of the day.

2nd offense:  phones will be confiscated and returned to the parent.

3rd offense:  phones will be confiscated, and a referral will be written. Parents will be required to pick up the cell                               phone.

## 2. If online you must be on camera during each online class session. If you are not on camera during the session, you will be removed from the online session and you will not receive credit for the class.

## 3. You must be wearing the appropriate uniform every day.

## 4. No food or drink, except water during your class session.

## 5. Arrive to class on time and ready to learn.

You should immediately begin on the warm-up activity, journal entry, or bell ringer.

Be "physically" and "mentally" present in the online classroom.

6. **Do not cheat, plagiarize, or copy work.**
   Cheating is completely unacceptable. If you are found to be cheating on any assignment, I will give you a zero on the assignment.
   Plagiarism (copying work from another source without giving proper credit) is completely unacceptable. If you plagiarize on any assignment you will earn a "0" on that assignment with no opportunity to re-do the work for credit.
7. **Use polite and appropriate language.**
   Offensive, derogatory, and profane terms are not tolerated.
   In order to have a safe online classroom environment where all students feel comfortable, no put downs, swear words, or slang words with demeaning connotations will be accepted. Bullying is not allowed!!!
8. **Do your best work and turn it in on time.**
   Remember that the work that you turn in reflects your effort on the assignment. Think about the following expectations when you are preparing an assignment that I will review:
   -Write your full name, the date, and hour on all assignments.
   -All work must be neatly done and legible in order to receive credit. If you print, capitalize properly (do not write using all capital letters).
   **-All assignments will be turned in electronically. Assignments should be turned in via the Schoology application.**
   -Assignments completed in specific learning platforms, such as iReady, Edgenuity, and Common Lit, must be completed by the due date set within that platform and must be submitted for grading as assigned.
   -ALL MAJOR ASSIGNMENTS, ESSAYS & PROJECTS MUST BE TYPED. Final draft format for typewritten work is as follows: **12-point font, double-spaced, 1" margins, and use Times New Roman.**

**CLASS PROCEDURES**
1. If you do not complete your classwork you must complete it for homework. The assignment is due at the beginning of the following class period.
   I-Ready, CommonLit and Edgenuity assignments must be complete in order to receive a grade. If you do not complete THE ENTIRE LESSON you will receive a zero for the assignment. For example, if an I-Ready lesson takes 45 minutes to complete and you skip the lesson and just take the quiz, you will not get credit for the lesson. Or, if you only complete the guided questions for CommonLit, or the warmup for Edgenuity, you will receive a zero for the assignment.

2. **Excessive tardiness will not be tolerated.**
   If you are tardy, I follow the tardy policy outlined in your student handbook.
   Excessive tardiness will affect your grade.

3. **Ask for missed work if you are absent.**
   Attendance is essential for optimal learning. Being on time and present and class physically and mentally will be part of your overall grade.

   **You may not be excused from my class session by another teacher. You must first seek my permission. Once permission has been given you may join the other teacher's class. If I do**

not give you specific authorization to miss my class session, you will not receive credit for the work done in class that day and you will have no opportunity to make up the missed work.

If you are absent, it is your responsibility to obtain any missed classwork. Begin by checking your syllabus. Follow-up with the teacher if necessary.
 Plan to take quizzes and tests immediately. It is your responsibility to make these arrangements. If you do not make-up quizzes in a timely manner (before graded quizzes are returned to the students who were present), you will earn a "zero" on the quiz or test.

UNEXCUSED absences on the day of an assignment, test, quiz, project, presentation, paper, etc. will result in a zero. If an unexcused absence is changed to excused, complete the missing assignment and provide proof of the change when you turn the assignment in.

**4. ASK FOR HELP IF YOU NEED IT!!! Sometimes we all experience difficulty at home or school that has nothing to do with academics. If you are having a problem, reach out to someone. For non-emergency situations, Mrs. Robbio, your guidance counselor, she is available on Tuesdays and Fridays in room 1208. Our Mental Health Coordinator's office is located in the front office. If you need assistance, go to the front office and request to speak to her. YOUR MENTAL HEALTH MATTERS!!! IF YOU FEEL LIKE YOUR ARE HAVING A MENTAL HEALTH EMERGENCY AND YOU'RE FEELING SUICIDAL DIAL 988.**

**PARENTS**: ACKNOWLEDGE THAT YOU HAVE READ THIS DOCUMENT BY SENDING AN EMAIL
TO MMAUPIN@DADESCHOOLS.NET WITH **CLASS PROCEDURES ACKNOWLEDGMENT** IN THE SUBJECT LINE. ALSO INCLUDE ANY COMMENTS AND IMPORTANT INFORMATION THAT I NEED TO KNOW ABOUT YOUR STUDENT IN THE BODY OF THE EMAIL.  PLEASE INCLUDE A VALID PHONE NUMBER THAT CAN BE USED TO REACH YOU TO PROVIDE AN UPDATE ON YOUR CHILD'S PROGRESS IN MY CLASS.

COURSES     GROUPS     RESOURCES               MICHELLE MAUPIN

**MAUPIN: 05 - M/J Language Arts 2, Advanced - A7001**        *Ex. 24-5a*        Notifications
7056 - YOUNG MENS PREPARATORY ACADEMY

Add Materials    Options

------------------------------------------------ All Materials ▽

FLORIDA MENTAL AND EMOTIONAL HEALTH EDUCATION 2022-2023

MENTAL & EMOTIONAL HEALTH EDUCATION FOR STUDENTS
School districts must annually provide a minimum of five (5) hours of instruction to stu-
dents in grades 6-12 related to youth mental health ...
· Due Friday, April 28, 2023 at 11:59 pm

READING PLUS HAS BEEN DISCONTINUED WEEKLY COMMONLIT
ASSIGNMENTS ARE DUE EACH SUNDAY

**1st Quarter Lessons**
    Unpublished · · 8/17/22 12:00am · 10/21/22 11:59pm

CLASS EXPECTATIONS AND RULES

UPCHIEVE TUTORING

CLASS RESOURCES

    **Greek and Latin Root Words2.pdf** 74 KB

    USEFUL LINKS

    Plot Diagram

    Argumentative Writing Rubric

    Graphic Organizer for Argumentative Writing

    Counterclaim and Rebuttal Review

    Transitional Words and Phrases

    Parts of Speech NOTES

    ACE Response Graphic Organizer

    ACE Strategy TEXT EVIDENCE SENTENCE STARTERS

    The Giver

    Differentiated Instruction Groups

    iReady Requirements REMINDER

    Plot Diagram

    ACE STRATEGY VIDEO

RHETORICAL APPEALS: ETHOS, LOGOS, PATHOS

ACE STRATEGY VIDEO

ACE Response Graphic Organizer

ACE Strategy TEXT EVIDENCE SENTENCE STARTERS

Synonym and Antonym Practice

**Reminders**

80 ungraded assignment submissions

**Upcoming ·**                                    Add Event

Friday, April 28, 2023

        FLORIDA MENTAL AND EMOTIONAL HEALTH
        EDUCATION 2022-2023  11:59 pm

Complete the assigned Synonym, Reverse Synonyms and Antonym Practice
in Wordly Wise Book 7 Lesson 1.
· Due Thursday, October 20, 2022 at 12:35 pm

**Unit 5 Introduction-Summary and Quickwrite**
Complete the unit 5 introduction activities.
When you have finished, go to the mentor text
Read the mentor text.
Write a summary of the mentor text. Then,
complete the Quickwrite. Complete these ...
· Due Monday, October 24, 2022 at 12:35 pm

**"Black Sunday: The Storm That Gave Us the Dust Bowl" pg. 527-529**
Review the genre and text elements of Historical Fiction and Historical Nonfiction
Narrative.
Read the charts on page 524.
Review Theme and Central Idea on page 525.
Then read "Black Sunday: ...
· Due Thursday, October 27, 2022 at 12:35 pm

**Concept Vocabulary and Word Study on pg. 532**
Complete Concept Vocabulary and Word Study on pg. 532
When you finish go to Vocabtest.com and complete Lesson 2 Learning Definitions and
Vocabulary Sentences
· Due Monday, October 31, 2022 at 12:35 pm

**Lesson 2 Learning Definitions and Vocabulary Sentences**
Go to Vocabtest.com
Select Wordly Wise 3000 Book 7
Go to Lesson 2
Complete Lesson 2 Learning Definitions and Vocabulary Sentences
Upload your results to this lesson
· Due Monday, October 31, 2022 at 12:35 pm

**Close Read Selections The Grapes of Wrath pages 537 and 538.- USE YOUR
OWN PAPER**
Complete the Close Read selections on pages 537 and 538.
WRITE YOUR RESPONSES ON YOUR OWN PAPER.
· Due Thursday, November 3, 2022 at 12:35 pm

**The Grapes of Wrath- Build Insight/Analyze and Interpret**
Complete the Build Insight, Analyze and Interpret questions on pages 539-543.
· Due Monday, November 14, 2022 at 12:35 pm

**Genre/Text Elements "High School Teammates Carry On"**

Genre / Text Elements
Direct and Indirect Characterization Like fiction writers, profile writers
use characterization, or the art of portraying someone in words. They use diction and
syntax in ...
· Due Thursday, November 17, 2022 at 12:35 pm

**Exit Ticket: "High School Classmates Carry On"**
Exit Ticket: Write your observations and thoughts about "High School Classmates Carry
On".
· Due Thursday, November 17, 2022 at 12:35 pm

**Performance Task: Write an Expository Essay "High School Teammates
Carry On"**

Write an Expository Essay
An expository essay is a brief work of nonfiction in which a writer educates readers about
a topic.
Assignment
Using a word processing program, write an expository ...

· Due Monday, November 28, 2022 at 12:35 pm

**REVISION: Performance Task: Write an Expository Essay "High School Teammates Carry On"**

Revise the essay you worked on last class period. Make sure all elements of an expository essay are represented in your essay.
The final draft of your essay is due next class period.
· Due Thursday, December 1, 2022 at 11:59 pm

**CLOSE READ "THE CIRCUIT"**

After Reading "The Circuit"
Complete the Close Read activity on page 589 #1-2.
· Due Thursday, December 8, 2022 at 12:35 pm

**Vocabtest.com Book 7 Lesson 2 Learning Definitions and Vocabulary Sentences**

Log into your Vocabtest.com account.
Access Wordly Wise Book 7
Complete Lesson 2 Learning Definitions and Vocabulary Sentences
When you finish this activity, go to iReady and complete at least ...
· Due Thursday, December 8, 2022 at 12:35 pm

**CLOSE READ "How This Son of Migrant Farm Workers Became an Astronaut" USE ACE**

After Reading "How This Son of Migrant Farm Workers Became an Astronaut"
Complete the Close Read a"ctivity on page 599 #1-2. Use the ACE strategy to respond to each question.
· Due Monday, December 12, 2022 at 11:59 pm

MIAMI-DADE COUNTY PUBLIC SCHOOLS
Language Arts 2 / Language Arts 2, Advanced (myPerspectives, FL, Grade 7)
Course Codes: 100104001 / 100105001
**Instructional Focus Pacing Guide**
Gradual Release of Responsibility Model reflected throughout each unit.

EX. 24-5b



| Unit 5 Introduction: Facing Adversity<br>Academic Focus: Expository Essay<br>Essential Question: How do we overcome obstacles?<br>End of Quarter Performance Assessment: Write an Expository Essay<br>Weeks 1-5: October 24 – December 2 | | |
|---|---|---|
| **Targeted Instruction** | **Intervention/Differentiated Instruction** | **Additional Learning Resources** |
| **READING INSTRUCTION**<br><br>*BEFORE READING*<br>Unit 5 Facing Adversity SE<br><br>Whole-Class Learning Strategies- **Character Education Opportunities** (TE 522) <br><br>**TEXT:** "Black Sunday: The Storm That Gave Us the Dust Bowl" by Erin Blakemore 480L (TE 527-528)<br><br>TEACH LEARN ABOUT GENRE<br>• Nonfiction and Fiction (TE 524)<br>• Genre/Text Elements: Theme and Central Idea (TE 524)<br>PREPARE TO READ<br>• About the Author (TE 526)<br>• Concept Vocabulary (TE 526)<br>• **WORDS – plight, ravaged, widespread, unending, demoralizing, impoverished**<br>• Word Network<br>• Comprehension Strategy: Establish a purpose for Reading (TE526)<br><br>*DURING READING*<br>READ<br>• Background (TE 527)<br>• "Black Sunday: The Storm That Gave Us the Dust Bowl" by Erin Blakemore 480L (TE 527-528)<br>• Close-Read Guide NONFICTION | <br><br>ACCESSIBLE LEVELED SELECTION<br>"Black Sunday: The Storm That Gave Us the Dust Bowl" by Erin Blakemore 480L<br><br>Audio Summary:<br>" Black Sunday: The Storm That Gave Us the Dust Bowl" **(TE 534C)**<br><br>DIFFERENTIATED INSTRUCTION<br>**Below Level**<br>• Vocabulary Demands (TE524B)<br>• Theme & Central Idea (TE 525)<br>• Establish a Purpose for Reading (TE527)<br>**On Level/Support**<br>• Central Idea (TE 524B)<br>• Theme & Central Idea (TE 525)<br>• Establish a Purpose for Reading (TE527)<br>**Above Level**<br>• Central Idea (TE 524B)<br>• Theme & Central Idea (TE 525)<br>• Establish a Purpose for Reading (TE527<br><br>MONITOR AND ADJUST/RETEACH AND PRACTICE | WRITING INSTRUCTION<br>• 7th grade:<br>•  Teaching Writing.pptx<br>• Direct Quotations as Evidence-Skills Video<br>• Cause-and-Effect Structure-Skills Video<br>• Dramatic Quotations-Skills Video<br>• Provide Enough Information<br>• Spelling: Adding Suffixes<br>• Use Transitions to Relate Ideas<br><br><br><br>Savvas Resource Hub<br><br>GRAPHIC ORGANIZERS<br>• Word Network Unit 5<br>• EQ Notes<br><br>BLENDED LEARNING |



MIAMI-DADE COUNTY PUBLIC SCHOOLS
Language Arts 2 / Language Arts 2, Advanced (myPerspectives, FL, Grade 7)
Course Codes: 100104001 / 100105001
**Instructional Focus Pacing Guide**
Gradual Release of Responsibility Model reflected throughout each unit.



**Unit 5 Introduction: Facing Adversity**
**Academic Focus: Expository Essay**
**Essential Question: How do we overcome obstacles?**
**End of Quarter Performance Assessment: Write an Expository Essay**
**Weeks 1-5: October 24 – December 2**

| Targeted Instruction | Intervention/Differentiated Instruction | Additional Learning Resources |
|---|---|---|
| **AFTER READING**<br>**TEACH / ASSESS**<br>Analyze and Interpret-Close Reading Guide-NONFICTION (TE 528)<br><br>Build Insight (TE 529)<br>Analyze & Interpret (TE 530-531)<br>• Assessment(s) Exit Ticket: Central Idea and Supporting Evidence (TE 531)<br>• Assessment(s) Exit Ticket: Compound Words (TE 532)<br>• Assessment(s) Exit Ticket: Complex Sentences (TE 533)<br>• Assessment-Selection Test: Black Sunday (TE 533) | • Central Idea and Supporting Evidence (RP TE 531)<br>• Compound Words (RP TE 532)<br>• Complex Sentences (RP TE533)<br><br>**Additional Novels aligned to the unit theme:**<br>• "Harry Potter and the Sorcerer's Stone" by J.K. Rowling-Fantasy<br>• "American Born Chinese" by Gene Yang-Realistic Fiction<br>• "The War That Saved My Life" by Kimberly Brubaker Bradley-Historical Fiction<br><br>**Sample Text sets from Appendix B of the BEST ELA Standards**<br>• "Farewell Address by Dwight Eisenhower –Speech<br>• On Women's Right to Vote by Susan B. Anthony-Speech<br>• "The Narrative of the Life of Frederick Douglass" by Frederick Douglass-nonfiction<br><br><br><br>EDGENUITY: Writing an Informative Essay about Heroic Qualities-Prewriting & Instruction<br><br> | <br><br>• **Incentive Awards Drive Success**<br>• **Jackie Robinson and Integrating Baseball**<br>• **The Dust Bowl During the Great Depression**<br>• **The Hard Road to Educate Girls in Pakistan**<br>• **A Positive Response to Bullying**<br>• **Malala Turns 20 and Reflects**<br>• **Nelson Mandela's Fight for Freedom in South Africa**<br><br>**Additional Perspectives**<br>• News Story: USC Considers Ways to Get Blind Football Players Into a Game (AP, 9/23/15)<br>• Video: The "Inspirational" Teen Singer With Down Syndrome (BBC, 2/4/15 |



MIAMI-DADE COUNTY PUBLIC SCHOOLS
Language Arts 2 / Language Arts 2, Advanced (myPerspectives, FL, Grade 7)
Course Codes: 100104001 / 100105001
**Instructional Focus Pacing Guide**
Gradual Release of Responsibility Model reflected throughout each unit.



**Unit 5 Introduction: Facing Adversity**
**Academic Focus: Expository Essay**
**Essential Question: How do we overcome obstacles?**
**End of Quarter Performance Assessment: Write an Expository Essay**
**Weeks 1-5: October 24 – December 2**

| Targeted Instruction | Intervention/Differentiated Instruction | Additional Learning Resources |
|---|---|---|
| **READING INSTRUCTION** <br><br> **Unit 5 Facing Adversity SE** <br><br> TEXT: Prepare to Read: from The Grapes of Wrath by John Steinbeck <br> Historical Fiction Lexile 610 (TE 535-538)-audio option <br><br> PREPARE TO READ <br> • Compare Nonfiction & Fiction (TE534) <br> • About the Author (TE 534) <br> • Concept Vocabulary (TE 534) <br> • Comprehension Strategy: background knowledge (TE534) <br><br> *DURING READING* <br> LISTEN <br> • *from The Grapes of Wrath* by John Steinbeck (TE 535-538) <br> • Close-Read Guide FICTION <br> • Media Connection-video (TE538) <br><br> *AFTER READING* <br> TEACH / ASSESS <br> • Build Insight (TE 539) <br> • Analyze and Interpret (TE 540) <br>    ○ Close Read <br>    ○ Genre/Text Elements (TE 541) <br> • Study Language & Craft (TE 542) <br>    ○ Concept Vocabulary <br>    ○ Word Study <br>    ○ Author's Craft <br> • Test Practice (TE 544) |   <br><br> ACCESSIBLE LEVELED SELECTION <br> from The Grapes of Wrath by John Steinbeck (TE 535-538) <br><br> Audio Summary: <br> from The Grapes of Wrath by John Steinbeck (TE 535-538) <br><br> DIFFERENTIATED INSTRUCTION <br> **Below Level** <br> • Use of Language (TE534B) <br> • Comprehension Strategy (TE 535) <br> • Theme & Central Idea (TE536) <br> • Monitor Comprehension (TE536) <br> **On Level/Support** <br> • Vocabulary Demands (TE 534B) <br> • Comprehension Strategy (TE 535) <br> • Theme & Central Idea (TE536) <br> • Narrative Point of View (TE 543) <br> **Above Level** <br> • Author's Purpose/Central Idea (TE 534B) <br> • Comprehension Strategy (TE 535) <br> • Theme & Central Idea (TE536) | WRITING INSTRUCTION <br> • 7th grade: <br><br> Teaching Writing.pptx <br> • Direct Quotations as Evidence-Skills Video <br> • Cause-and-Effect Structure-Skills Video <br> • Dramatic Quotations-Skills Video <br> • Provide Enough Information <br> • Spelling: Adding Suffixes <br> • Use Transitions to Relate Ideas <br><br>  <br> Welcome to the MDCPS <br> Champions Resource Hub <br><br> Savvas Resource Hub <br><br> GRAPHIC ORGANIZERS <br> • Word Network Unit 5 <br> • EQ Notes <br><br> BLENDED LEARNING <br>  <br> Listenwise <br><br> • **Incentive Awards Drive Success** <br> • **Jackie Robinson and Integrating** |

MIAMI-DADE COUNTY PUBLIC SCHOOLS
Language Arts 2 / Language Arts 2, Advanced (myPerspectives, FL, Grade 7)
Course Codes: 100104001 / 100105001
**Instructional Focus Pacing Guide**
Gradual Release of Responsibility Model reflected throughout each unit.



**Unit 5 Introduction:** Facing Adversity
**Academic Focus:** Expository Essay
**Essential Question:** How do we overcome obstacles?
**End of Quarter Performance Assessment:** Write an Expository Essay
**Weeks 1-5:** October 24 – December 2

| Targeted Instruction | Intervention/Differentiated Instruction | Additional Learning Resources |
|---|---|---|
| **READING INSTRUCTION**<br><br>_BEFORE READING_<br>**Unit 5 Facing Adversity SE**<br><br>**_TEXT:_** _High School Teammates Carry On by Tom Rinaldi_ 850L (TE 549-556)<br><br>TEACH LEARN ABOUT GENRE<br>• Nonfiction (TE 546)<br>• Genre/Text Elements: Direct & Indirect Characterization (TE 547)<br>PREPARE TO READ<br>• About the Author (TE 548)<br>• Concept Vocabulary (TE 548)<br>• **WORDS: foreseen, anticipated, glimpses, fathom, invested, outcome**<br>• Word Network<br>• Comprehension Strategy: Monitor your Comprehension (TE 548)<br>_DURING READING_<br>READ<br>• Background (TE 549)<br>• _"High School Teammates Carry On by Tom Rinaldi_ (TE 549-556)<br>• Close-Read Guide NONFICTION<br><br>_AFTER READING_<br>TEACH / ASSESS<br>Build Insight (TE 557)<br>• Analyze and Interpret-Close Reading Guide-NONFICTION (TE 530)<br><br>**Analyze & Interpret (TE 558)** |  <br><br>ACCESSIBLE LEVELED SELECTION<br>• High School Teammates Carry On by Tom Rinaldi (TE 549-556)<br>Audio Summary:<br>• High School Teammates Carry On by Tom Rinaldi (TE 549-556)<br><br>DIFFERENTIATED INSTRUCTION<br>**Below Level**<br>• Vocabulary Demands (TE 546B)<br>• Direct & Indirect Characterization (TE 547, 553, 559)<br>• Monitor Comprehension (TE 549, 551, 552)<br>**On Level/Support**<br>• Central Idea (TE 546B)<br>• Direct & Indirect Characterization (TE 547, 553, 559)<br>• Monitor Comprehension (TE 549, 550, 551)<br>• Monitor Comprehension (TE 550 & 551)<br>**Above Level**<br>• Central Idea (TE 546B)<br>• Direct & Indirect Characterization (TE 547, 551, 553, 559)<br>• Monitor Comprehension (TE 549) | WRITING INSTRUCTION<br>• 7th grade:<br><br>Teaching Writing.pptx<br>• Direct Quotations as Evidence-Skills Video<br>• Cause-and-Effect Structure-Skills Video<br>• Dramatic Quotations-Skills Video<br>• Provide Enough Information<br>• Spelling: Adding Suffixes<br><br><br><br>Savvas Resource Hub<br><br>GRAPHIC ORGANIZERS<br><br>• Word Network Unit 5<br>• EQ Notes<br><br>BLENDED LEARNING<br><br><br><br>• Incentive Awards Drive Success |

MIAMI-DADE COUNTY PUBLIC SCHOOLS
Language Arts 2 / Language Arts 2, Advanced (myPerspectives, FL, Grade 7)
Course Codes: 100104001 / 100105001
**Instructional Focus Pacing Guide**
Gradual Release of Responsibility Model reflected throughout each unit.



Unit 5 Introduction: Facing Adversity
Academic Focus: Expository Essay
Essential Question: How do we overcome obstacles?
End of Quarter Performance Assessment: Write an Expository Essay
Weeks 1-5; October 24 – December 2

| Targeted Instruction | Intervention/Differentiated Instruction | Additional Learning Resources |
|---|---|---|
| • Assessment(s) Exit Ticket: Direct & Indirect *Characterization* (TE 559)<br>• Assessment(s) Exit Ticket: Word Origins (TE 560)<br>• Assessment(s) Exit Ticket: Rhetorical Devices (TE 561)<br>• Assessment-Selection Test: High School Teammates (TE 563)<br><br>**Study Language & Craft (TE 560)**<br>• Concept Vocabulary<br>• Author's Craft (TE 561)<br><br>**Share Ideas (TE562)**<br>• Composition: Write a Feature Film Proposal (TE 562)<br>• Reflect on Your Writing<br>• Speaking & Listening: A Movie Pitch (TE 563) | • Monitor Comprehension (TE 551)<br><br>MONITOR AND ADJUST/RETEACH AND PRACTICE<br>• Direct and Indirect Characterization (RP TE 559)<br>• Word Origins (RP TE 560)<br>• Rhetorical Devices (RP TE 561)<br>• Feature Film Proposal (RP TE 562)<br>• Movie Pitch (RP TE 563)<br><br><br><br>EDGENUITY: Writing an Informative Essay about Heroic Qualities-Revising & Summary<br><br>📘Ready<br>**Teacher Toolbox**<br><br>i-Ready TIERED RESOURCES FOR DI<br>• On-Grade Level - DI Resources<br>• 1 Grade Level Below - DI Resources<br>• 2 Grade Levels Below - DI Resources | • Jackie Robinson and Integrating Baseball<br>• The Dust Bowl During the Great Depression<br>• The Hard Road to Educate Girls in Pakistan<br>• A Positive Response to Bullying<br>• Malala Turns 20 and Reflects<br>• Nelson Mandela's Fight for Freedom in South Africa<br><br>**Additional Perspectives**<br>• News Story: USC Considers Ways to Get Blind Football Players Into a Game (AP, 9/23/15)<br>• Video: The "Inspirational" Teen Singer With Down Syndrome (BBC, 2/4/15<br><br><br><br>**Additional Support from SAVVAS**<br>https://www.mysavvastrainig.com |



MIAMI-DADE COUNTY PUBLIC SCHOOLS
Language Arts 2 / Language Arts 2, Advanced (myPerspectives, FL, Grade 7)
Course Codes: 100104001 / 100105001
**Instructional Focus Pacing Guide**
Gradual Release of Responsibility Model reflected throughout each unit.

Unit 3 Introduction: Facing Adversity
Academic Focus: Expository Essay
Essential Question: How do we overcome obstacles?
End of Quarter Performance Assessment: Write an Expository Essay
Weeks 18: October 24 – December 2

| Targeted Instruction | Unit 2 Texts | Additional Learning Resources |
|---|---|---|
| **Unit 5: Facing Adversity - Performance Task (TE 564)**<br><br>*TEACH:*<br>PERFORMANCE TASK<br>Write an Expository Essay responding to the question: "What does it mean to overcome adversity? (TE 564-573)<br><br>**Performance Task: (TE 564)**<br>○ Write an Expository Essay<br>○ Elements of Expository Essays<br>○ Take a Closer Look at the Assignment (TE 565)<br>○ Planning & Prewriting (TE 566)<br>○ Structure Ideas: Make a Plan (TE 567)<br><br>• **Drafting:** Read Like a Writier (TE 568)<br>○ Mentor Text *from Against the Odds*<br>○ Write It<br>○ Create Coherence (TE 569)<br><br>• **Revising:** Students analyze and explain information as effectively as possible. (TE 570-571)<br>○ Take a Closer Look at Your Draft<br><br>• **Editing:** Students edit for Cohesive writing that is free from grammatical errors and follows standard English conventions. (TE 572-573)<br>○ Focus on Spelling & Punctuation<br>○ Quick Conference | **SOURCE MATERIALS FOR WRITING**<br>**Mentor Text: Informational Text** "Against the Odds" (TE 518-519)<br>Informational Text that presents facts without offering opinions or arguments.<br><br>**Whole-Class Learning**<br>**"Black Sunday: The Storm That Gave Us the Dust Bowl"** by Erin Blakemore 480L (TE 527-528)<br>*from The Grapes of Wrath* by John Steinbeck (TE 535-538)<br>**"High School Teammates Carry On"** by Tom Rinaldi 850L (TE 549-556)<br><br>DIFFERENTIATED INSTRUCTION<br>**Below Level**<br>• Discover Your Thinking Freewrite! (TE 566)<br>• Introductions (TE 568)<br>• Create Coherence (TE 569)<br>**On Level/Support**<br>• Discover Your Thinking Freewrite! (TE 566)<br>• Create Coherence (TE 569, 571)<br>**Above Level**<br>• Discover Your Thinking Freewrite! (TE 566)<br>• Create Coherence (TE 569) | WRITING INSTRUCTION<br>• 7th grade:<br>   Teaching Writing.potx<br>• Direct Quotations as Evidence-Skills Video<br>• Cause-and-Effect Structure-Skills Video<br>• Dramatic Quotations-Skills Video<br>• Provide Enough Information<br>• Spelling: Adding Suffixes<br>• Use Transitions to Relate Ideas<br><br><br><br>Savvas Resource Hub<br><br>GRAPHIC ORGANIZERS<br>• Word Network Unit 5<br>• EQ Notes<br><br>BLENDED LEARNING |

# Assignment Report

## 7056 – YOUNG MENS PREPARATORY ACADEMY

**School:** 7056 - 7056 - YOUNG MENS PREPARATORY ACADEMY
**Term:** 2nd 9-Weeks
**School Year:** 2022

*EX. 24-6*

**Name** Tarver, Antwon T.
**ID** 0661291
**Grade** 7

**Teacher** Maupin, Michelle
**Class** 05-M/J Language Arts 2, Advanced
**Term** 2nd 9-Weeks

| Assignment | Category | Due Date | Pts / Max | Grade |
|---|---|---|---|---|
| Reading Plus Weekly Assignment 10/17-10/23 | Home Learning | Oct 23 | 1 / 4 | D |
| Synonym/Antonym Practice | Classwork | Oct 25 | 4 / 4 | A |
| Build Insight "Black Sunday: The Storm That Gave Us the Dust Bowl" pg. 527-529 | Classwork | Oct 28 | 0 / 4 | F |
| Close Read Selections from The Grapes of Wrath pg. 537 and 538 | Classwork | Nov 3 | 0 / 4 | F |
| CommonLit Weekly Assignment 11/7-11/13 | Home Learning | Nov 13 | 0 / 4 | Z |
| The Grapes of Wrath--Build Insight/Analyze Interpret | Classwork | Nov 14 | 0 / 4 | F |
| CommonLit Weekly Assignment 11/14-11/20 | Home Learning | Nov 20 | 0 / 4 | F |
| CommonLit Weekly Assignment 11/28-12/04 | Home Learning | Dec 4 | 0 / 4 | F |
| Close Read "The Circuit" | Classwork | Dec 8 | 1 / 4 | D |
| Vocab. Lesson 3 Learning Definitions | Classwork | Dec 8 | 0 / 4 | Z |
| Vocab. Lesson 3 Vocabulary Sentences | Classwork | Dec 8 | 4 / 4 | A |
| Selection Test "The Circuit" | Test | Dec 12 | 0 / 4 | F |
| CommonLit Weekly Assignment 12/05-12/11 | Home Learning | Dec 13 | 0 / 4 | F |
| EXIT TICKET- Latin Root -duc | Quiz | Dec 13 | / 4 | |
| Editing Activity | Classwork | Dec 14 | 4 / 4 | A |

| Category | Weight | Percent | Letter |
|---|---|---|---|
| Home Learning | 20 | 0.14 | F |
| Classwork | 33 | 1.30 | D |
| Test | 15 | 0.00 | F |
| Quiz | 12 | | |
| 2nd 9-Weeks Grade: | | 0.67 | F |

Copyright 2016-2021 Wazzle Solutions, LLC. All rights reserved.

# 2022 YMPA Language Arts

EX.24-7

## ELA Proficiency



Legend: 2019  2021  2022

Grades shown: 6th Grade, 7th Grade, 8th Grade, 9th Grade, 10(...)

6th Grade: 30, 30, 26
7th Grade: 36, 40, 54
8th Grade: 48, 39, 54
9th Grade: 37, 39, 32
10th Grade: 27

# 2022 YMPA ELA & Math Learning Gai



ELA and Mathematics Learning Gains

Re: iReady Expectations

MAUPIN, MICHELLE <mmaupin@dadeschools.net>
Tue 12/6/2022 6:56 AM
To: Edouard, Pierre R. <pedouard@dadeschools.net>

Ex. 24-8

Good morning,

I have always had iReady expectations in place for my students. Students are refusing to do iReady because other students get passed along without doing any work.

Please stop changing students' grades so that they pass classes without doing the work. We would have more participation in resources like iReady, CommonLit and Khan Academy if students believed that there is a necessity to participate.

Best,

Michelle Maupin, M. Ed.
Young Men's Preparatory Academy

---

**From:** Edouard, Pierre R. <pedouard@dadeschools.net>
**Sent:** Monday, December 5, 2022 3:28 PM
**To:** MAUPIN, MICHELLE <mmaupin@dadeschools.net>
**Subject:** FW: iReady Expectations

Ms. Maupin,

Good afternoon. The chart below shows our student's iReady progress for the past week. Our middle school students average time on task for Reading was 35 minutes. This is below the district expectation of 45 minutes. Please emphasize to your students the need to spend a minimum of 45 minutes per week on iReady to meet the Reading requirements.

| | RD | | MA | |
|---|---|---|---|---|
| Central Region Schools | Last Week: Avg Time on Task (mins) | Last Week: % of Lessons Passed | Last Week: Avg Time on Task (mins) | Last Week: % of Lessons Passed |
| 7056 YOUNG MEN'S PREPATORY ACADEMY | 35 | 87% | 118 | 65% |
| 7055 YOUNG WOMEN'S PREPARATORY ACAD. | 50 | 95% | 42 | 72% |
| 6521 MIAMI SPRINGS MIDDLE | 42 | 76% | 75 | 73% |
| 6741 PONCE DE LEON MIDDLE | 45 | 88% | 43 | 83% |
| 6961 WEST MIAMI MIDDLE | 44 | 77% | 39 | 84% |
| 6841 SHENANDOAH MIDDLE | 53 | 81% | 36 | 84% |
| 6071 GEORGE WASHINGTON CARVER | 37 | 95% | 91 | 86% |
| 6821 ROCKWAY MIDDLE | 39 | 82% | 51 | 89% |
| 6881 SOUTH MIAMI MIDDLE SCHOOL | 43 | 91% | 66 | 90% |
| 3501 MORNINGSIDE K-8 ACADEMY | 36 | 82% | 35 | 95% |
| 3881 ANDREA CASTILLO PREP K-8 | 45 | 83% | 43 | 95% |
| 2741 KEY BISCAYNE K-8 CENTER | 42 | 89% | 45 | 95% |
| 7581 IPREPARATORY ACADEMY | 45 | 92% | 42 | 96% |

Thanks.

*Pierre R. Edouard*

**Principal**
**Young Men's Preparatory Academy**
**3001 NW 2nd Ave**

*Miami, FL 33127*
*(305) 571 1111  office*
*(305) 571 1112  fax*

Re: iReady Usage and/or passing rate below minimal expectations

MAUPIN, MICHELLE <mmaupin@dadeschools.net>
Wed 12/14/2022 2:06 PM
To: Edouard, Pierre R. <pedouard@dadeschools.net>

$Ex. 24-9$

Good afternoon,

You have already conveyed the message that learning is not important. Students want to play in every class period instead of doing the work as assigned.

My students have been aware of their iReady requirements since the 1st day of school. Again, students don't want to do their schoolwork because they feel that you have given them the green light to play rather than work.

Best,

Michelle Maupin, M. Ed.
Young Men's Preparatory Academy

---

**From:** Edouard, Pierre R. <pedouard@dadeschools.net>
**Sent:** Tuesday, December 13, 2022 1:52 PM
**To:** MAUPIN, MICHELLE <mmaupin@dadeschools.net>
**Subject:** iReady Usage and/or passing rate below minimal expectations

Ms. Maupin,

Good afternoon. Attached is a portion of the iReady Usage report which is reviewed and provided to me by the Region. YMPA middle school reading has now been on the report for two consecutive weeks. Please ensure that your middle school students are completing the minimum requirements (45 minutes and 75% passing). Let me know if you need assistance in conveying this message to your students.

| | | *RD* | *RD* | *MA* | *MA* |
|---|---|---|---|---|---|
| | | *Last Week:* Avg Time on Task (mins) | *Last Week:* % of Lessons Passed | *Last Week:* Avg Time on Task (mins) | *Last Week:* % of Lessons Passed |
| Central Region Schools | School Type | | | | |
| 7056 YOUNG MEN'S PREPATORY ACADEMY | **Combination** | 38 | 76% | 40 | 70% |

Sincerely,

*Pierre R. Edouard*

*Principal*
*Young Men's Preparatory Academy*
*3001 NW 2nd Ave*
*Miami, FL 33127*
*(305) 571 1111 office*
*(305) 571 1112 fax*

C. Wallace 0599947

**ROBBIO, LOLAMARIA**

Fri 10/7/2022 12:21 PM

Ex 24-10

To: Bloom, Howard N. <hbloom@dadeschools.net>;Felix, Joseph <jofelix1012@dadeschools.net>;Sierra, Rosa M. <rsierra@dadeschools.net>;Wilson, Candice N. <cnholmes@dadeschools.net>;PARRA, IVAN D <IPARR007@dadeschools.net>;DOCTEUR, GIVRE <206284@dadeschools.net>;Jackson, Clifford <cjackson23@dadeschools.net>;MAUPIN, MICHELLE <mmaupin@dadeschools.net>

Cc: Edouard, Pierre R. <pedouard@dadeschools.net>

Good afternoon Teacher's,

I had a phone call from ▬▬▬▬▬▬ Mom today and she would like to have a meeting with everyone within the next week or two on a Thursday or Friday. I understand that it will be a bit hard to be able to sit everyone in one room because we all are teaching but I believe we can work something out by either pick one day or have someone cover the class for about 10 mins so you can come down to meet with mom in a rotation form. please let's pick a day that works for you all. due to her work, she is only available on the two days mentioned above.

Mr. Edouard she would like to meet with you as well.

Please let me know to be able to schedule the day and time.

Thank you for your time,
*Lolamaria Robbio* M.SC
**School & CAP Counselor**
**Dual Enrollment Coordinator/Teacher**
Young Men's Preparatory Academy
3001 NW 2nd Avenue
Miami, Fl 33127
Office: 305-571-1111 Ext. 2150
    Fax: 305-571-1112
Please follow and like YMPA Student Services on
Instagram @ https://www.instagram.com/ympa_student_services/

"We can not always build the future for our **YOUTH**,
        but we can build our **YOUTH** for the future."
                - Franklin D. Roosevelt



# Personalized Instruction Summary                    **i-Ready**

| Subject | Reading |
| --- | --- |
| Student | ANTWON TARVER |
| Student ID | 0661291 |
| Student Grade | 7 |
| Date Range | All Activity |

EX. 24-11

| Alerts | Domain | Level | Lesson | Results | Lesson Time-on-Task | Started | Finished |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | COMP | Mid 1 | Describe Events | Passed 75% | 16m | 12/19/22 | 12/19/22 |
| | COMP | Early 7 | Building Sentence Comprehension: Analyzing Sentence Parts in Literary Text *Teacher Assigned* | Passed 81% | 21m | 12/07/22 | 12/07/22 |
| | COMP | Early 7 | Analyzing Development of Central Ideas *Teacher Assigned* | Not Passed 45% | 9m | 11/30/22 | 11/30/22 |
| | COMP | Early 7 | Vocabulary about Protecting Nature: Preview 1 *Teacher Assigned* | Not Passed 42% | 16m | 11/30/22 | 01/25/23 |
| | COMP | Early 7 | Analyzing Development of Central Ideas *Teacher Assigned* | Not Passed 14% | 13m | 11/30/22 | 11/30/22 |
| | COMP | Early 7 | Building Sentence Comprehension: Connecting and Completing Ideas in Informational Texts *Teacher Assigned* | Not Passed 61% | 17m | 11/16/22 | 11/17/22 |
| | COMP | Early 7 | Analyzing Development of a Theme *Teacher Assigned* | Passed 95% | 24m | 11/16/22 | 11/16/22 |
| | COMP | Early 7 | Building Sentence Comprehension: Identifying Replaced Words and Ideas in Informational Texts *Teacher Assigned* | Not Passed 33% | 20m | 11/02/22 | 11/02/22 |
| | COMP | Early 7 | Citing Evidence: Literary Text *Teacher Assigned* | Passed 100% | 14m | 11/02/22 | 11/02/22 |



**Curriculum Associates**

© Curriculum Associates, LLC, All Rights Reserved. | i-Ready.com

# Personalized Instruction Summary

**i-Ready**

| | |
|---|---|
| **Subject** | Reading |
| **Student** | ANTWON TARVER |
| **Student ID** | 0661291 |
| **Student Grade** | 7 |
| **Date Range** | All Activity |

| Alerts | Domain | Level | Lesson | Results | Lesson Time-on-Task | Started | Completed |
|---|---|---|---|---|---|---|---|
| | COMP | Early 7 | Building Sentence Comprehension: Identifying Replaced Words and Ideas in Literary Texts *Teacher Assigned* | Not Passed 58% | 11m | 10/26/22 | 10/26/22 |
| | COMP | Early 7 | Building Sentence Comprehension: Identifying Replaced Words and Ideas in Literary Texts *Teacher Assigned* | Not Passed 42% | 11m | 10/26/22 | 10/26/22 |
| | COMP | Mid 1 | Describe Settings | Passed 75% | 13m | 10/24/22 | 12/19/22 |

Curriculum Associates

© Curriculum Associates, LLC. All Rights Reserved. | i-Ready.com



02/07/23   Page 4/4