**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 23-cv-21392-DPG

MICHELLE MAUPIN ,

    Plaintiff,

v.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA, et al.,

    Defendant.

_____/

**DEFENDANTS THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, MARIA ZABALA, CARMEN MOLINA, PIERRE EDOURD AND BRENDA SWAIN'S MOTION TO STRIKE AND REPLY TO PLAINTIFF'S OPPOSITION TO MOITON TO DISMISS PLAINTIFF'S COMPLAINT**[1]

    Defendants, The School Board of Miami-Dade County, Florida, ("School Board"), and Maria Zabala, Carmen Molina, Pierre Edouard and  Brenda Swain ("Administrators") through the undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1(c)(2), hereby file this Motion to Strike and Reply to Plaintiff's Opposition to Motion to Dismiss Plaintiff's Complaint and as grounds state as follows:

**I.     INTRODUCTION**

    Plaintiff's Opposition to Motion to Dismiss Plaintiff's Complaint ("Opposition to Motion") was filed on May 19, 2023 and consist of 23 pages. [D.E. 17]. Not including the certificate of service, the Opposition to Motion is 22 pages in length.  It consists primary of additional facts in support of  the Complaint and offers little if any cogent legal argument on the issues. Also, the opening paragraph appears to allude that it will address the Motion to Withdraw Answers and

---

[1] Defendants Troy Howard and Lolamaria Robbio will be filing their replies to D.E. 19 separately.

1

Motion to Dismiss [D.E. 14] filed by Defendants, Troy Howard and Lolamaria Robbio, but ultimately it does not.

## II.     ARGUMENT

### A. Plaintiff's Opposition to Motion exceeds the page limit set out in Local Rule 7(c)(2) and should be stricken from the docket

Local Rule 7(c)(2) states that,

> "Absent prior permission of the Court, neither a motion and its incorporated memorandum of law nor the opposing memorandum of law shall exceed twenty (20) pages; … As long as no substantive part of the submission appears on the same page(s), the following items do not count toward page limitations for purposes of this rule and any other rules or orders setting forth page limitations: title pages preceding the first page of text… signature pages, certificates of good faith conferences, and certificates of service." Local Rule 7(c)(2).

Despite Plaintiff's creative page numbering that begins on the second page of the filing, the Opposition to Motion is 22 pages in length, excluding the certificate of service page. The title page must be counted since it contains a substantive part of the Opposition to Motion. The fast majority of this filing is comprised of additional facts or a retelling of allegations contained in the Complaint. It exceeds the permissible limit by two (2) pages and should be stricken from the docket.

### B. Contrary to Plaintiff's Assertions, she has not "sufficiently pleaded her claims."

Plaintiff's argument in Section I of her Opposition to Motion is essentially that since her Complaint was "lengthy enough to ensure that there is a clear understanding of the matter a hand" that she has sufficiently plead her claims under the law. See Opposition to Motion, p. 3. Plaintiff does not even begin to address the Defendants' arguments with regard to her Complaint being a classic shotgun pleading via its failure to comply with Rule 10(b). For the reasons referenced in the Motions to Dismiss, the Complaint should be dismissed as a shotgun pleading.

### C. Plaintiff's Complaint is not timely

In Section II of Plaintiff's Opposition to Motion, she gives a timeline regarding her notice and receipt of the "right-to-sue-letter." She admits that on January 12, 2023, she noticed that the EEOC had sent her an email late on January 11, 2023. That January 11 email was a notice to her that the right-to-sue-letter had been issued. She further admits that she "assumed" the email concerned another filing she had made and despite seeing it on January 12, she did not open the email or log into the EEOC's Public Portal until January 13, 2023. Assuming Plaintiff's timeline is accurate, Plaintiff failed to act swiftly by not checking the email when she noticed it on January 12, 2023. A Plaintiff's own failure to timely act or ensure proper communication with the EEOC is not a circumstance sufficient to prevent her from receiving the right-to-sue letter. See Mitcham v. Univ. of S. Fla. Bd. of Trustees, 71 F. Supp. 3d 1306, 1314 (M.D. Fla. 2014) (where plaintiff's failure to update her mailing address with the EEOC did not constitute sufficient excuse for failure to file complaint within 90-day window). Moreover, Plaintiff failed to diligently pursue her rights because despite having the email, she chose not to open it and then once she did open it, she still waited until what she believed was the last possible day to file the suit. In the end, she was a day late and as such, her Complaint should be dismissed. See Joye v. Sec'y Dep't of Navy, 736 F. App'x 861, 863 (11th Cir. 2018) (plaintiff failed to diligently pursue her claim by waiting until the 90th day to research how to file a complaint and filing it one day late).

### D. As to Count II, Plaintiff failed to include Title VII claims in her Charge of Discrimination and as such cannot include them in her Complaint

In Sections III and V of Plaintiff's Opposition to Motion, instead of addressing Defendants' argument that Plaintiff's EEOC Charge did not reference Title VII claims in any way, but only ADA claims, Plaintiff argues that her EEOC Charge contained sufficient facts. This is not the

3

relevant inquiry. Though we must liberally construe EEOC charges that are prepared without the assistance of counsel, a plaintiff's civil complaint remains "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1280 (11th Cir.2004). Judicial claims that merely "amplify, clarify, or more clearly focus" the allegations in the EEOC complaint are permissible; but a judicial complaint may not assert "allegations of new acts of discrimination." Id at 1279-80. Plaintiff's claims under Title VII cannot reasonably be expected to grow out of an EEOC Charge that only referenced an ADA claim. Nothing in the EEOC Charge explicitly or implicitly communicated to Defendants that she believed she was being discriminated against in violation of Title VII in any way. See Ortiz v. Waste Mgmt., Inc. of Fla., 808 F. App'x 1010, 1014 (11th Cir. 2020) (holding Title VII claims outside of EEOC charge were properly dismissed). As such, all Title VII claims in the Complaint must be dismissed.

### E. As to Counts I and III, ADA retaliation and interference claims are not the same thing and her EEOC Charge omitted any reference to an interference claim

In Section IV Plaintiff argues that she can include an ADA interference claim when only ADA retaliation was referenced in her EEOC Charge. This argument consists of a recitation of an additional 6 pages of facts and allegations and is supported by reference to a purported case from Connecticut that is not properly cited. Where an EEOC Charge does not specifically reference an interference claim, but only an ADA retaliation claim, a plaintiff has failed to exhaust her administrative remedies in connection to the interference claim and dismissal is warranted. See Suarez v. Costco Wholesale Corp., No. 22-20242-CIV, 2023 WL 2536992, at *5 (S.D. Fla. Mar. 16, 2023). As such, Count Three must be dismissed with prejudice.

### F. Plaintiff has not asserted any claims under §1983 nor can she make viable Title VII or ADA claims under § 1983 against the Administrators

In Section VI of Plaintiff's Opposition to Motion, she concedes she needs to amend her Complaint to include a §1983 claim. However, such an amendment would be useless since her stated intent is to use § 1983 to assert Title VII and ADA claims against the Administrators.

It is well settled that § 1983 does not confer any substantive rights, but merely "provides a method for vindicating federal rights elsewhere conferred." See Williams v. Pennsylvania Hum. Rels. Comm'n, 870 F.3d 294, 297–99 (3d Cir. 2017). Even when an independent federal right exists, however, Congress may choose to foreclose a remedy under § 1983, either by expressly "forbidding recourse to § 1983 in the statute itself," or by "creating a comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983." Id. at 297. Both Title VII and the ADA utilize the same comprehensive remedial scheme See Id. at 298. In stark contrast, § 1983 has only a one-step "remedial scheme": plaintiffs may file § 1983 suits directly in federal court. There is neither an administrative process to be exhausted nor any mechanism by which discriminatory practices may be informally resolved with an administrative agency. Id. at 298-299. Given these respective statutes, Congress's intent is clear. Allowing pure Title VII and ADA claims under § 1983 would thwart Congress's carefully crafted administrative scheme by throwing open a back door to the federal courthouse when the front door is purposefully fortified. Id. at 299. Moreover, while Title VII and the ADA impose liability only on employers, not individuals like the Administrators, to employment discrimination suits. Id. at 299. As such, Plaintiff's ADA and Title VII claims against the Administrators must be dismissed.

### G. Plaintiff's Defamation claim against the Administrators must be dismissed

Section VII of Plaintiff's argument involves her defamation claim against the Administrators. Her argument is little more than an additional 2.5 pages of facts and allegations

5

supported dubiously by a loose reference to the Michigan Court of Appeals without any true citation whatsoever. As previously argued in Defendant's Motion to Dismiss [D.E. 11] absolute immunity applies under Florida law and the defamation claims against the Administrators must be dismissed.

### III. CONCLUSION

Based on the foregoing, Plaintiff fails to bring forward any claim upon which relief may be granted. The School Board and the Administrators respectfully request that this Court dismiss the Plaintiff's "Shotgun" Complaint with Prejudice.

Respectfully submitted,

Walter J. Harvey
General Counsel
The School Board of Miami-Dade County, Florida
1450 NE 2nd Avenue, Room 430
Miami, FL 33132

By: *Christopher J. La Piano*
     Christopher J. La Piano
     Florida Bar No. 0059157
     Attorney for Defendant
     cjlapiano@dadeschools.net
     Telephone (305) 995-1304
     Facsimile (305) 995-1412

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served on this 24th day of May, 2023, pursuant to the CM/ECF requirements to the persons on the attached service list:

                      By: *Christopher J. La Piano*
                           Christopher J. La Piano

**SERVICE LIST**

Christopher J. La Piano, Esq.
Assistant General Counsel
The School Board of Miami-Dade County, Florida
1450 NE 2nd Avenue, Room 430
Miami, FL 33132

Michelle Maupin, Pro Se
4408 SW 24th Street
West Park, FL 33023
msmmaupin@aol.com