UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No. 23-cv-21392-RNS

Michelle Maupin,

    Plaintiff

vs.

The School Board of Miami
Dade County, et al.

    Defendants

_____/

## AMENDED COMPLAINT

Michelle Maupin, Plaintiff, *pro se*, ("Plaintiff") sues The School Board of Miami Dade County ("Board" or "Defendant(s)"; United Teachers of Dade, Local 1974, FEA, AFT, NEA, AFL-CIO (UTD); Maria Zabala ("Zabala" or Defendant(s)" individually; Carmen Molina ("Molina" or" Defendant(s)" individually; Brenda Swain ("Swain" or "Defendant(s)" individually; and Pierre Edouard ("Edouard" or "Defendant|(s) individually; Troy Howard (Howard" or "Defendant(s)"individually; and Lolamaria Robbio ("Robbio" or "Defendant(s)" individually; and states the following in good support of this Complaint:

## INTRODUCTION

1. The Plaintiff, Michelle Maupin, brings this action against Defendants, The School Board of Miami Dade County, Carmen Molina, Brenda Swain, and Pierre Edouard, for violations of the Americans with Disabilities Act ("ADA") as amended by the ADA Amendments Act ("ADAAA"), under 42 U.S.C. §12203(a) and 42 U.S.C. §12203(b). The Plaintiff brings this

action against Defendants The School Board of Miami Dade County and United Teachers of Dade for Civil Conspiracy. The Plaintiff brings this action against Defendants The School Board of Miami Dade County, Carmen Molina, Brenda Swain, Pierre Edouard, Troy Howard, and Lolamaria Robbio, for retaliation, harassment and creating a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e et seq, as amended and the Americans with Disabilities Act (ADAAA) 42 U.S.C. § 12112. The Plaintiff brings this action against Defendants United Teachers of Dade, Local 1974, FEA, AFT, NEA, AFL-CIO, Defendants the School Board of Miami Dade County, Edouard, Molina, Swain and Zabala under 42 U.S.C. § 1983 of the Civil Rights Act for violations of due process. The Plaintiff brings this action against Defendants the School Board of Miami Dade County, Edouard, Molina, Swain and Zabala for disparate treatment under ADAAA 42 U.S.C. § 12112 as well as Title VII of the Civil Rights Act of 1964, as amended. The Plaintiff brings this action against Defendants United Teachers of Dade, Local 1974, FEA, AFT, NEA, AFL-CIO, the School Board of Miami Dade County, Maria Zabala, Carmen Molina, Pierre Edouard, Troy Howard, Lolamaria Robbio for defamation of character per se. The Plaintiff brings this action against Defendants United Teachers of Dade, Local 1974, FEA, AFT, NEA, AFL-CIO, and Defendant the School Board of Miami Dade County for Civil Conspiracy.

2.  The Plaintiff has been a teacher for nearly 28 years. She began her employment with the Miami Dade Public School System on September 17, 2015. The Plaintiff began working as a Temporary Instructor. However, she was hired as a full time teacher in Miami Dade when she took an interim teacher position during the 2016-2017 school year.

At the end of the interim teaching assignment, she was hired as a full time teacher by Defendant Pierre Edouard. She began working at Young Men's Preparatory Academy on August

21, 2017. During the 2019-2020 school year, Edouard appointed the Plaintiff to the position of English/Language Arts Department Chair. During the same year, Edouard also appointed her Activities Director of Young Men's Preparatory Academy. During the 2019-2020 school year, the Plaintiff held those positions while teaching five classes. Despite the heavy workload, the Plaintiff received effective ratings, helped students improve their test scores and helped raise the school to a satisfactory grade.

During the 2019-2020 school year, the pandemic caused schools to close and teachers began teaching from home. At the end of the 2019-2020 school year, the Plaintiff's chronic illnesses, Diabetes and Hypertension, made it inadvisable for her to return to the classroom face to face for the 2020-2021 school year. The Plaintiff requested and was approved for ADA accommodations for the 2020-2021 school year.  Those accommodations allowed her to teach *via* computer from her home.

After receiving notification that the Plaintiff requested and was approved for accommodations during the 2020-2021 school year, Defendant Edouard began the retaliating,, harassing, targeting and discrimination that is currently ongoing. During the 2021-2022 school year, Edouard filed several cases which made numerous false allegations about the Plaintiff. Edouard gathered false, defamatory statements from students and transmitted those statements to the The Office of Professional Standards in Tallahassee, Florida. The  parents of those students have been named as defendants in this Complaint.

Collectively the Defendants have subjected the Plaintiff to ongoing retaliation, targeting, harassment, defamation, discrimination, disparate treatment and violations of the Plaintiff's right to due process. Defendants The School Board of Miami Dade County, United Teachers of Dade, Carmen Molina, Brenda Swain, and Pierre Edouard, Troy Howard, and

Lolamaria Robbio have committed unlawful violations of Plaintiff's Constitutional and state rights under the color of state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard for the Plaintiff's rights.

## JURISDICTION

3.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the ADA, as amended, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended. This court also has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

## VENUE

4.   Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because The School Board of Miami Dade County is located in this district and all defendants reside in Florida under 28 U.S.C. § 1391(b)(2), and because a substantial part of the events or omissions giving rise to the claim occurred in this district under 28 U.S.C. § 1391(b)(2).

## CONDITIONS PRECEDENT

5.   On December 22, 2023, Michelle Maupin timely filed a charge of disability discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC).

6.   On or about January 13, 2023, Michelle Maupin received a Notice of Right to Sue from the EEOC. This Complaint has been filed within 90 days of receipt of that notice. The Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the ADAAA.

## PARTIES

7.   Plaintiff Michelle Maupin resides in West Park, Broward County, Florida. She is

employed by the School Board of Miami Dade County. She has worked there as a teacher from 2015 until present.

8.  Defendant School Board of Miami Dade County is now and has at all material times has been the employer of the Plaintiff and the governing body of the Miami Dade Public School System.

9.  Defendant United Teachers of Dade, Local 1974, FEA, AFT, NEA, AFL-CIO  was and at all material times has been the labor union of the Plaintiff.

10. Upon information and belief Defendant Maria G. Zabala is now and has at all material times has been the Administrative Director of the Office of Professional Standards, and an employee of the School Board of Miami Dade County.

11.  Upon information and belief Defendant Carmen Molina is now and has at all material times has been the District Director of the Office of Professional Standards, and an employee of the School Board of Miami Dade County.

12. Upon information and belief Defendant Brenda Swain is now and has at all material times has been the Administrative Director of the Central Region, and an emp loyee of the School Board of Miami Dade County.

13.  Upon information and belief Defendant Pierre Edouard is now and has at all material times has been the Principal of Young Men's Preparatory Academy (YMPA),  and an employee of the School Board of Miami Dade County.

14. Upon information and belief Defendant Lolamaria Robbio began working at YMPA in May of 2022 is now and has at material times been the Guidance Counselor,  and an employee of the School Board of Miami Dade County.

15. Upon information and belief Defendant Troy Howard is now and has at all

material times has been a teacher at Young Men's Preparatory Academy, and an employee of the School Board of Miami Dade County.

## FACTS

16. The Plaintiff has been an educator for more than 25 years. She began full time employment in Miami Dade during the 2017-2018 school year when she was hired by principal, Pierre Edouard, to teach Language Arts at Young Men's Preparatory Academy located at 3001 NW 2nd Ave, Miami, FL.

17. The Plaintiff initially had a good working relationship with Pierre Edouard, principal of Young Men's Preparatory Academy. During the 2019-2020 school year, Pierre Edoaurd appointed her to the positions of ELA Department Chair and Activities Director.

18. In her role as Department Chair and Activities Director it became necessary to use her personal funds to purchase supplies for students. She did so with the understanding from Pierre Edouard that she would be reimbursed. She obtained authorization before making purchases.

19. She made purchases of more than $500.00 that school year. That amount included the deposit for the senior breakfast for the 2020 graduating class.

20. When the Plaintiff sought reimbursement for the purchases, Pierre Edouard would not allow the treasurer to reimburse her for the purchases. While she was inquiring about reimbursements a coworker noticed that her pay rate was not correct for her years of experience.

21. The Plaintiff explained that she thought that the payroll department would automatically adjust her pay. The Plaintiff was told that she needed to obtain a form to send to payroll to request the pay adjustment.

22. The Plaintiff completed the pay adjustment form and her rate of pay was changed. Pierre Edouard was upset that the Defendant's pay rate changed.

23. During the 2019-2020 school year the pandemic made it necessary to teach from home. When it was time for the 2020-2021 school year to begin, the Plaintiff had to seek ADA accommodations due to chronic health issues.

24. The Plaintiff was afforded accommodations under the ADA. She was approved to teach virtually from home for the entire 2020-2021 school year.

25. During that school year Pierre Edouard began to treat her differently.

26. Serious issues began when Pierre Edouard withheld a full day's pay because the Plaintiff attended a workshop she was sent to by him.

27. The Plaintiff filed a case with Miami Dade Schools Labor Relations. During the proceedings with Labor Relations.

28. During the proceedings with Labor Relations Pierre Edouard told the investigator that the Plaintiff had not returned to teach her class after attending the workshop. That was not true.

29. The Plaintiff provided the chat logs to prove that she completed her class that day. Months later, in March 2022, her pay for that day was finally restored.

30. During the 2018-2019 school year, Troy Howard was hired as Lead Teacher even though he did not meet the criteria for that role.

31. While at Young Men's Preparatory Academy, Troy Howard investigated the Plaintiff's background and found that she had been a party in a Title VII action against her previous employer in Maryland nearly 20 years ago.

32. Troy Howard distributed that information to students, faculty and staff.

33. Pierre Edouard used information about the Plaintiff's previous participation in a lawsuit to justify his actions against her even though it is a violation of state and federal law to discriminate against someone because of their participation in a Title VII action.

34. After being afforded rights under the ADA in August 2020, the Plaintiff began

experiencing ongoing retaliation, defamation, harassment, disparate treatment, and

discrimination.

35. The collective actions of the Defendants include but are not limited to the following

events:

11/2020- Mr. Edouard refused to provide Ms. Maupin with a sub that was paid for by the district.

11/2020-Mr. Edouard refused to pay for time Ms. Maupin worked; she attended a PD and
worked the full day.

3/2021- Ms. Maupin filed a complaint with Labor Relations (pay was restored).

6/2021- retaliated against Ms. Maupin by attempting to surplus her even though she was not
eligible for surplus.

8/2021- Ms. Maupin was approved for ADA accommodations for 2021-2022 school year.
Ms. Maupin requested to be transferred to a virtual teaching assignment. MDCPS denied Ms.
Maupin's request for a transfer to teach remotely.

8/2021- Mr. Edouard refused to provide Ms. Maupin with PPE purchased with CARES Act
funds

8/2021- Ms. Maupin filed a Civil Rights Compliance (CRC) complaint; PPE was provided in
October 2021 after the CRC investigation began. The Plaintiff provided pictures of the PPE on
the floor of the office not being used. The CRC investigator found no probable cause.

11/2021- Mr. Edouard attempted to force Ms. Maupin to change students' grades

11/2021- Mr. Edouard attended a parent conference and instructed parents to "take next steps"
because Ms. Maupin did not support a grade change

11/2021- attempted to put Ms. Maupin on support dialogue; UTD objected.

11/3/2021- Mr. Edouard issued Ms. Maupin a memo regarding her professional responsibilities
because she made a comment at a faculty meeting in August 2021. The memo also criticized Ms.
Maupin for asking questions about how to complete Data Chats. (The memo is uncharacteristic
of Mr. Edouard's writing. It may have been written by Mr. Howard.)

1/4/2022- Ms. Maupin received a call from the registrar advising that Miami Jackson High
needed grades for a student. Upon review, Ms. Maupin never taught the student, but her name is
listed as teacher of record. (The addition of this student and others to Ms. Maupin's roster

reduced her VAM score for the 2018-2019 school year.) Ms. Maupin's name was added to Mr. Fernandez classes in May 2019; weeks before the end of the school year. Ms. Maupin never taught the student in question.

1/19/2022- Mr. Edouard observed Ms. Maupin's class even though a successful observation had already been completed and signed; on 1/19/22 students worked independently; no lesson was observed; last day of marking period.

1/19/2022- Mr. Howard called Ms. Maupin a bi#$h in front of students.
1/19/2022- Mrs. Williams, UTD steward, reported Mr. Howard to the region.

1/20/2022- Mr. Edouard placed Ms. Maupin on support dialogue.

1/24/2022- Ms. Maupin was notified that she is the subject of an investigation even though Mr. Howard called her a bi$#h.

1/25/2022 Mr. Edouard and Ms. Gilchrist entered Ms. Maupin's class and, in front of her students, attempted to get her to sign a document. Case #85357 was filed on or about January 25, 2022.

2/3/2022- Ms. Maupin met with Ms. A. Richards, an instructor assigned to provide additional training.

On or about 2/4/2022- Ms. Msaupin was notified by students that Troy Howard had investigated her background and posted articles about a lawsuit she was involved in during his class. Howard distributed the articles to students, faculty and staff.

2/4/2022- Ms. Maupin reported that Howard displayed the articles to students. She contacted Dr. Michael Lewis, Central Region Superintendent, to ask for his assistance due to Howard's inappropriate behavior.

2/7/2022-Ms. A. Richards observed Ms. Maupin teach her class

2/7/2022- I received notification of a CRC complaint against me. I was not provided details about the investigation.

2/9/2022- Ms. A. Richards sent an email advising that Ms. Maupin was being released from instructional coaching because she was confident in Ms. Maupin's instructional abilities

2/10/2022- Ms. Maupin filed a grievance against her principal

2/14/2022- Mr. Howard hit Ms. Maupin with his Range Rover in the parking lot of YMPA; she filed a police report

2/14/2022- case #C-85357 was sent to the Office of Professional Practices Services in Tallahassee, FL.

2/25/2022- Mr. Maycock, the principal assigned to investigate C-85357, was asked to redo the investigation because he used information collected by Mr. Edouard instead of doing his own investigation

3/2/2022- Mr. Edouard had filed another case against Ms. Maupin. Mr. Edouard filed a Title IX claim against me, case No.: 2021-22/IX/0111. He alleged that I had told district staff, parents, teachers and others that he is gay.

3/8/2022- Step 1 grievance meeting was held with Mr. Earl Nixon, UTD organizer

3/8/2022-Selena Ross-Miranda admitted that she did not file C-85357 against me; she was not aware that her name was on the complaint. Pierre Edouard added her name to the complaint without her knowledge.

3/9/2022- Ms. Maupin received notification for case #85497. That case did not list a name of a complainant; the complainant was listed as Juvenile Confidential. Surprisingly, this case also accused me of calling the assistant principal a "b$tch".

3/28/2022- Ms. Maupin wrote a referral for SG because he refused to wake up in class.

3/29/2022- Ms. Maupin received notification case # 85331 alleging that she created an unsafe learning environment

5/14/2022- Ms. Maupin was contacted by the Title IX office regarding Case No.: 2021-22/IX/0111. She was asked if she was interested in having the case resolved by way of Informal Resolution. An informal resolution would leave notice that the case was filed against me in my file, but the findings would be confidential. She requested a formal investigation which makes all of the investigation public.

5/15/2022- Ms. Maupin received notification of case # 85665 which accused her of intimidating students

10/11/2022- Mr. Howard sent a threatening text message to a coworker, friend of Ms. Maupin

10/12/2022- the coworker filed a police report

10/13/2022- Mr. Edouard sent Ms. Maupin notification of a Conference for the Record meeting
10/18/2022- Ms. Maupin attended the conference for the record meeting. Case C-85357 was mentioned. Ms. Maupin was under the impression that the case had been withdrawn due to Mr. Edouard's misconduct. During this meeting, Hirala Cruz-Ricot, UTD representative, told the Plaintiff that if she did not sign a form which stated that the Plaintiff exhibited poor judgment, the Plaintiff would be fired for insubordination.

10/19/2022- Ms. Maupin filed a complaint with the OIG.

10/20/2022- OIG sent the request for investigation of Mr. Edouard's actions to the Miami-Dade Public Schools School Board and PPS in Tallahassee, FL

12/14/2022-Ms. Maupin received the case closing letter regarding Title IX case 2021-22/IX/0111. Ms. Maupin was found not responsible.

12/14/2022- Ms. Robbio, the new guidance counselor and a member of the principal's leadership team, wrote and printed a petition and directed the students to pass around to each class to retrieve signatures.  In the petition, she requested that Ms. Maupin be removed from the school

12/15/2022- Ms. Maupin complained to the regional office and requested an investigation of the petition

12/16/2022- In retaliation for Ms. Maupin complaining, Mr. Edouard initiated an investigation against Ms. Maupin because she spoke to students about the petition.

12/17/2022- On Saturday, December 17, 2022, outside of regular work hours, Ms. Maupin received a call from her principal advising her to report to the Central Region office on Monday, December 19, 2022.

12/19/2022- Ms. Maupin went to the Central Region at 8am. Instead of being interviewed about the petition against her, Brenda Swain, Regional Admin. Director, advised her that she was being investigated and she was moved to an alternate assignment.

8/2023- Ms. Maupin discovered that Pierre Edouard and others submitted falsified records to the Florida Department of Education in an attempt to have her teaching certificate suspended or revoked.

36. The last incident in the workplace occurred in December 2022. On or about March 2, 2022, Defendant Pierre Edouard, Principal of Young Men's Preparatory Academy, filed a Title IX complaint against the Plaintiff, case No.: 2021-22/IX/0111. He alleged that the Plaintiff told students, faculty, parents and District staff that he is gay. More specifically, Edouard accused the Plaintiff of stating that he and Troy Howard were in a relationship.

37. On December 14, 2022, the Plaintiff received the case closing letter which advised that the Plaintiff was not responsible.

38. On December 14, 2022, the Plaintiff was told by students that Defendant Lolamaria Robbio, the Guidance Counselor and member of the school's leadership team, wrote a petition, printed it and gave it to students to sign. The petition asked the principal to remove the Plaintiff from her work location.

39. On or about December 14, 2022, after students notified the Plaintiff about the

petition they stated that Robbio wrote, the Plaintiff used the letter as a part of a grammar and punctuation lesson. During the lesson she spoke to the children about not being involved in the workplace issues of adults. The Plaintiff sent an email to Edouard and the Central Region Office requesting an investigation as she believed that Defendant Robbio violated the code of ethics by writing and distributing falsehoods about a coworker.

40. On Saturday, December 17, 2022, Defendant Edouard called the Plaintiff at home. He left a message asking her to report to the Central Region Office to meet with Defendant Swain at 8am on December 19, 2022. The message did not state the reason for the meeting. The Plaintiff assumed that she would be interviewed regarding the investigation she requested.

41. The Plaintiff went to the Central Region office on December 19, 2022, at 8am. Instead of being interviewed about the petition against her, Brenda Swain, Regional Admin. Director, advised the Plaintiff that she was being investigated and she was being  moved to an alternate work assignment.  A student, AT, recorded the grammar and punctuation lesson taught on December 14, 2022. Student AT admitted that his mother told him to record the Plaintiff during class.

42.  Students AT, DB and BD were interviewed regarding the recorded class session and provided false, defamatory statements regarding the Plaintiff. The students falsely accused the Plaintiff of using profanity even though there was no profanity on the recording. The students falsely accused the Plaintiff of not teaching even though you can hear her teaching on the recording. You can hear that the Plaintiff is angry and frustrated. Who wouldn't be angry and frustrated if their colleague wrote a petition in an attempt to have them lose their job? You can also hear the Plaintiff tell the students that she does not blame the students because the adults involved know better.

43.  During the December 19, 2022, meeting Defendant Swain refused to allow the Plaintiff to have union representation present; she would not reschedule the meeting for a time that the UTD representatives were available.

44. The Plaintiff contacted Earl Nixon, UTD organizer, and Jude Bruno, UTD Director, for assistance on the morning of December 19, 2022. Both UTD representatives would not assist the Plaintiff.

45.  Instead of initiating an investigation into Defendant Robbio's actions as requested by the Plaintiff, on or about December 14, 2022, Defendant Edouard  initiated an investigation against the Plaintiff.

46. Edouard alleged that the Plaintiff violated the code of ethics because she discussed the petition with her students during a grammar lesson.

47. Edouard took no action against Robbio who admitted that she gave the document to students.

48. Edouard, Molina, and Swain removed the Plaintiff from her workplace placing her at an alternate work location.

49. Edouard filed several complaints against the Plaintiff during the 2021-2022 school year.

50. Edouard, Molina, Swain and Zabala failed to follow the investigative process as stated in the Personnel Investigative Model (PIM) used for employee discipline.

51. In contravention of the School Board of Miami Dade County's personnel disciplinary policy, Edouard, Molina, Zabala and Swain did not give the Plaintiff the opportunity to be heard before the School Board of Miami Dade County and, if necessary, an administrative law judge.

52. The Defendants forwarded the complaints directly to the Florida Department of

Education in an effort to have her teaching certificate suspended or revoked.

53. Molina admitted that she forwarded the first complaint to the Office of Professional Standards Practices (PPS) on February 14, 2022; the same day the Plaintiff filed a police report against Defendant Howard for hitting her with his Range Rover in the parking lot of YMPA.

54. Molina subjected the Plaintiff to disparate treatment. She did not forward investigation of other employees to PPS. Defendant Howard was investigated by school police for allegedly punching a student. Not only did Edouard fail to immediately report the incident to district and regional staff, he did not report the incident to the parents of the child. No report was made until months after the incident. The report was only made after the child told the parents about being punched by Howard. The parents filed a police report which triggered the investigation.

55. Months after the incident, after the parents filed the police report, Howard was removed from YMPA and placed at an alternate work location. He was returned to the workplace for the 2022-2023 school year.

56. Another teacher, Candice Wilson, violated school board policy by transporting a student in her private vehicle. She dropped the student off in a warehouse area miles away from the child's home. Candice Wilson was never removed from the classroom even though her case involved the safety and welfare of students which would have required that a teacher be removed.

57. Although the Personnel Investigative Model (PIM) states that removing a teacher to an alternate location is for the purpose of securing the health, safety and welfare of students and staff, the Plaintiff was immediately removed from her school and placed in an alternate

assignment for simply advising students not to participate in adult workplace issues. Unlike the other two teachers, the Plaintiff had not put the safety, health and welfare of her students at risk.

58. Some time after December 14, 2022, Defendants Edouard, Molina, Swain and Zabala forwarded a document to the Office of Professional Practices (PPS) which falsely characterized the Plaintiff's interaction while teaching her class as an altercation with one student, AT.

59. Sometime after December 14, 2022, the Plaintiff's name and picture were removed from the faculty directory of the Young Men's Preparatory Academy website. The Plaintiff was also removed from Young Men's Preparatory Academy email and access to records needed as evidence to refute claims made against her was taken away from. Additionally, the Plaintiff stopped receiving email related to her position as Language Arts teacher.

60. On January 18, 2023, Defendant Robbio stated that the Plaintiff is negative toward students and traumatized a student, DP, by writing a referral after the student hit the Plaintiff with a desktop telephone.

61. On January 18, 2023, Defendant Robbio provided false testimony to investigators including falsely accusing the Plaintiff of filing a police report against a student, DP, that caused the student to not return to school.

62. The Plaintiff advised Defendant Edouard not to call the police on the student, DP. Contrary to the Plaintiff's wishes, Edouard called the police anyway and told faculty and staff that the Plaintiff initiated police activity against the student. Contrary to statements made by Robbio, the student continued to attend YMPA during the 2022-2023 school year.

63. In June 2023, based upon the documents transmitted to the Office of Professional Practices Services (PPS) by Zabala which incorrectly characterized the Plaintiff's interaction

with her class as an altercation, and the false statements made by Defendants Edouard, Robbio, Molina, Howard, and students, specifically AT and SG, the Florida Department of Education found probable cause against the Plaintiff.

64. The Plaintiff was advised that she is at risk of suspension, in jeopardy of being fined, in jeopardy of losing her teaching certificate which would lead to termination due to the false allegations filed by the Defendants. This ruling was made even though the Plaintiff has never been heard by the School Board of Miami Dade County and was never interviewed by investigators for PPS.

65. On the day that the Plaintiff received notice from the Florida Department of Education, there was a cyber attack on two computers in her home. The cyber attacker accessed personal files, attempted to delete evidence, and locked the Plaintiff out of two computers in the home.

66. The Johnson & Caggia Law Group located at 867 W. Bloomingdale Ave, Suite 6325, Brandon, FL 33508, was hired to represent the Plaintiff in the Department of Education proceedings by FEA, through its affiliation with United Teachers of Dade, Local 1974, FEA, AFT, NEA, AFL-CIO.

67. On various dates at various times, rebuttal and supporting documents were forwarded to Nicholas A. Caggia of the Johnson & Caggia Law Group.

68. On or about December 29, 2022, the Plaintiff contacted Nick Caggia about her interview with the investigator from PPS, Clinton Albritton.

69. Based upon a document found in a partial investigative file there was a request to meet with the PPS investigator, Clinton Albritton. However, Nick Caggia, agent of United Teachers of Dade, Local 1974, FEA, AFT, NEA, AFL-CIO, told the Plaintiff that although the document gave a face to face option to meet, no interview would be held at that time. The Plaintiff was told

to wait for the date for an interview. Nick Caggia stated that his firm would prepare the mitigation statement.

70. In or about January 2023, the Plaintiff sent information for the mitigation statement.

71. The Plaintiff waited to hear from the Johnson & Caggia Law Group about the date of her interview with the investigator from PPS. She was told that there would be a phone conference for the purpose of scheduling events. However, she was told that she could not speak during the conference.

72. On January 4, 2023, at 2pm, the Plaintiff had a conference call with Nick Caggia and Clinton Albritton. The Plaintiff was not allowed to speak.

73. The Plaintiff left the phone call believing that she would be able to meet with the investigator at a later date. The Plaintiff waited to be contacted about the interview.

74. On June 21, 2023, the Plaintiff received an email from the Johnson & Caggia Law Group that notified Plaintiff that there was a finding of probable cause in PPS case 212-2392.

75. The Plaintiff contacted Nicholas Caggia of the Johnson & Caggia Law Group regarding the finding of probable cause. She questioned how there could be a finding when she had never been interviewed. The Plaintiff stated that she had provided evidence in her defense. Nick Caggia questioned the Plaintiff about whether she still had access to the evidence. The Plaintiff said that she did and Nick Caggia disconnected the call.

76. Nicholas Caggia of the Johnson & Caggia Law Group, as agent of United Teachers of Dade, Local 1974, FEA, AFT, NEA, AFL-CIO failed to ensure the Plaintiff's due process rights.

77. The Plaintiff had the Johnson & Caggia Law Group removed as representatives so that she could communicate directly with the Department of Education.

78. The Plaintiff contacted Hannah Phillips, Assistant General Counsel at the Department of Education. Ms. Phillips stated that the case would move forward. She inquired about whether the Plaintiff had seen the file. The Plaintiff requested a copy of the file.

79. The shock of finding out that case 212-2392 would move forward caused the Plaintiff to have a medical emergency. The Plaintiff had to be rushed to the emergency room. The Plaintiff had stroke-like symptoms which resulted in numbness and paralysis on her left side.

80. On Monday, August 21, 2023, the Plaintiff received a complete copy of the investigative file.

81. The investigative file contains inaccurate information about the Plaintiff's academic history, and employment history submitted by the individual Defendants, UTD and the School Board of Miami Dade County.

82. The file included articles about the Plaintiff's previous participation in the Title VII lawsuit in Maryland.

83. The articles were the same articles students reported that Defendant Howard displayed in his classroom.

84. It is a violation of federal and state law to discriminate against an employee for previous participation in a Title VII action.

85. On Monday, August 21, 2023, the Plaintiff discovered that the investigative file also stated that there was no response in regards to mitigation of the allegations as of March 2023.

86. Johnson & Caggia, agents of UTD, were responsible for providing the mitigation statement to the Office of Professional Practices Services.

87. United Teachers of Dade, Local 1974, FEA, AFT, NEA, AFL-CIO, despite receiving hundreds of pages of documents, failed to write the mitigation statement in support of the Plaintiff.

88. A labor union acting against its own member is a violation of Florida Statute 447.501; Fla. Stat. 447.501(2)(a); 447.501(2)(b); and 447.501(2)(d).

89. The Plaintiff has been significantly injured by the collective actions of the Defendants.

90. The actions of the Defendants have damaged the Plaintiff's reputation, caused significant emotional distress, mental anguish and physical injury. She is entitled to relief.

## COUNT ONE

### Retaliation in Violation of the Americans with Disabilities Act 42 U.S.C. §12203(a)

(Defendants: The School Board of Miami Dade County, United Teachers of Dade, Maria Zabala, Carmen Molina, Brenda Swain, Pierre Edouard, Troy Howard, Lolamaria Robbio)

91. The Plaintiff repeats and realleges paragraphs 20, 22, 25-26, 28, 31-36; 38, 40-41, 43-54, 57-63, 69, 72, 75-76, 81-82, 85, 87, and 89-90 as if fully set forth herein.

92. The Plaintiff suffers from Diabetes and Hypertension. She is a member of a protected class. She applied for accommodations and was deemed disabled by the Miami Dade School System's ADA District Consultative Committee. Although the Plaintiff suffers from chronic medical conditions, she was qualified for her position when the Defendants removed her from her workplace.

93. The Plaintiff experienced discriminatory treatment after she was afforded accommodations under the ADAAA during the 2020-2021 school year. The Plaintiff engaged in protected activity by complaining to and requesting investigations by the Central Region Office, Labor Relations, and Office of Civil Rights Compliance about the bullying, harassment,

retaliation, hostile work environment and discriminatory treatment based on Maupin's disability and requests for reasonable accommodation.

94. The Plaintiff filed a civil rights complaint after she was denied PPE provided to teachers *via t*he CARES Act. Although she requested investigations of the harassment and actions taken against her, no one looked into the unlawful practices. The harassment intensified.

95. The Plaintiff suffered adverse employment actions after filing the civil rights complaint.

96. The actions of Defendants United Teachers of Dade, The School Board of Miami Dade County, Edouard, Zabala, Molina, Swain, Howard and Robbio involved various acts of harassment and false allegations which led to the Florida Department of Education to advise the Plaintiff that she is in jeopardy of losing her teaching certificate. Their unlawful actions led to the adverse employment action.

97. The Plaintiff made the School Board of Miami Dade County aware of the false allegations made against her by students, Edouard, Howard and Robbio. The School Board of Miami Dade County took no action.

98. The Defendants intentionally violated Maupin's rights under the ADAAA with malice or reckless indifference under the color of law and, as a result, are liable.

## COUNT TWO

### Retaliation in Violation of Title VII 42 U.S.C. § 2000e et seq

(Defendants: The School Board of Miami Dade County, United Teachers of Dade, Maria Zabala, Carmen Molina, Brenda Swain, Pierre Edouard, Troy Howard, Lolamaria Robbio)

99. The Plaintiff repeats and realleges paragraphs 20, 22, 25-26, 28, 31-36; 38, 40-41, 43-54, 57-63, 69, 72, 75-76, 81-82, 85, 87, and 89-90 hereof, as if fully set forth herein.

100. The Defendants were engaged in discriminatory conduct in violation of Title VII based upon the Plaintiff's previous participation in a Title VII action.

101. Nearly 20 years ago the Plaintiff participated in a racial discrimination lawsuit against her previous employer.

102. Defendant Howard did research on the Plaintiff and discovered that the Plaintiff won a Title VII proceeding. The matter did not involve the School Board of Miami Dade County. Nevertheless, Howard displayed articles about the Plaintiff in his classroom while students were present and discussed the matter with colleagues.

103. The Plaintiff complained about the incident involving students and asked Dr. Michael Lewis, Regional Superintendent, to address the issue. However, after requesting assistance, the discriminatory treatment continued and intensified.

104. Students reported that Defendant Robbio wrote a petition that included a statement which alleged that the Plaintiff spoke about a lawsuit in class on the phone. No such phone call ever happened.

105. In retaliation for Maupin's opposition to what she reasonably believed to be the Defendant's unlawful harassment and discrimination against her, the Defendants made several false allegations which led to investigations against the Plaintiff.

106. The Plaintiff made the School Board of Miami Dade County aware that the allegations against her were false. The School Board of Miami Dade County took no action to stop the discriminatory treatment.

107. Defendants Howard, Robbio, Edouard, Molina, Zabala, Swain and the School Board of Miami Dade County created a hostile and oppressive work environment by retaliating against the Plaintiff and disciplining her for opposing unlawful treatment by filing complaints of her own. The retaliatory treatment included but is not limited to the following:

a. Finding no probable cause in an ADA Civil Rights Compliance investigation after the Plaintiff provided proof that PPE was available, but she was restricted from using it.

b. Defendant Howard called the Plaintiff a bitch. Defendant Edouard filed a complaint alleging that the Plaintiff called Howard a bitch. Students were encouraged to write false statements supporting his allegation. Unbeknownst to a coworker, Edouard filed the false complaint in her name.

c. Defendant Howard filed a complaint against the Plaintiff, while he was on alternate assignment, alleging that she created an unsafe environment because she wrote a referral for a student who refused to wake up during class. Students were encouraged to file false statements

d. The Plaintiff followed the pacing guide and taught a lesson on how the brain reacts when you lie. Edouard filed a complaint alleging that the Plaintiff intimidated students. Students were encouraged to file false statements.

e. Edouard filed a complaint against the Plaintiff falsely accusing her of calling the assistant principal a bitch in a phone call. He alleged that students reported that they overheard a call. No such phone call was made or received.

    f.   Students advised the Plaintiff that Robbio wrote a petition which called for her removal from the workplace. Students were encouraged to provide false allegations to investigators regarding the Plaintiff's ability to do her job. Even though the Plaintiff's students showed significant gains during the 2021-2022 school year, and the scores helped YMPA move from a D to a B school grade, students were encouraged to say that the Plaintiff was not teaching them. That allegation is blatantly false.

108. Defendant Zabala forwarded all of the false allegations to PPS for investigation; the Plaintiff has never had the opportunity to be heard by the School Board of Miami Dade County.

109. The Plaintiff filed defamation claims against the parents of the students who made false allegations during the investigations. Default entries were obtained after the parents failed to respond to the Complaint.

110. Edouard, Howard, Molina, Swain, Zabala, and Robbio's actions led the School Board of Miami Dade County to take adverse actions against the Plaintiff. deprive the Plaintiff of future equal employment opportunities after she complained. The Plaintiff requested an investigation into the harassment she was experiencing and the School Board of Miami Dade County retaliated by removing the Plaintiff from her workplace putting her in an alternate work assignment in the mailroom.

111 The Plaintiff is not able to practice her profession in the mailroom. The Defendants adversely affected her employment status because of her opposition to the harassment. The Plaintiff was subjected to numerous investigations and was ultimately removed from her position as classroom teacher for speaking to her students about the petition written by and given to students by a coworker.

112. These unlawful employment practices were intentional acts committed under the color of law.

113. The unlawful employment practices were done with malice or with reckless indifference to Ms. Maupin's federally and state protected rights.

114. The Plaintiff made the School Board of Miami Dade County aware of the retaliatory actions. As a result the Defendants are liable.

## COUNT THREE

### Hostile Work Environment in Violation of Title VII 42 U.S.C. § 2000e et seq

(Defendants: The School Board of Miami Dade County, United Teachers of Dade, Maria Zabala, Carmen Molina, Brenda Swain, Pierre Edouard, Troy Howard, Lolamaria Robbio)

115. The Plaintiff repeats and realleges paragraphs 20, 22, 25-26, 28, 31-36; 38, 40-41, 43-54, 57-63, 69, 72, 75-76, 81-82, 85, 87, 89-90 and 99-114 hereof, as if fully set forth herein.

116. These unlawful employment practices were intentional acts committed under the color of law.

117. The unlawful employment practices were done with malice or with reckless indifference to Ms. Maupin's federally and state protected rights.

118. The Plaintiff made the School Board of Miami Dade County aware of the retaliatory actions. As a result the Defendants are liable.

## COUNT FOUR

### Interference in Violation of the Americans with Disabilities Act 42 U.S.C. §12203(b)

(Defendants: The School Board of Miami Dade County, United Teachers of Dade, Maria Zabala, Carmen Molina, Brenda Swain, Troy Howard, Pierre Edouard, Lolamaria Robbio)

119. Plaintiff repeats and realleges the allegations set forth in paragraphs 20, 22, 25-26, 28, 31-36; 38, 40-41, 43-54, 57-63, 69, 72, 75-76, 81-82, 85, 87, and 89-90 above as if set forth in full herein.

120. In August 2020, the Plaintiff was entitled to and granted accommodations under the ADAAA due to an actual disability. At all times, the Plaintiff has been qualified to perform her duties as a teacher.

121. Defendants engaged in prohibited conduct under the ADAAA by interfering with, restraining or denying Plaintiffs' rights provided under the Act.

122. Defendants' action foreclosed Plaintiff's rights under the ADAAA, including but not limited to the right to be returned to her position and the right to be free from threats, intimidation, and harassment for exercising her rights under the law.

123. Defendants' actions were intentional acts committed under the color of law with deliberate disregard for the rights of the Plaintiff.

124. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff suffered adverse action, mental anguish, emotional distress; humiliation and embarrassment; loss of professional reputation, physical injury and loss of the ordinary pleasures of everyday work life, including the right to pursue gainful employment of her choice.

## COUNT FIVE

### Discrimination In Violation of the ADAAA 42 U.S.C. § 12112(a)

125. The Plaintiff repeats and realleges paragraphs 20, 22, 25-26, 28, 31-36; 38, 40-41, 43-54, 57-63, 69, 72, 75-76, 81-82, 85, 87, and 89-90 as if fully set forth herein.

126. The Plaintiff is a member of a protected class; she has a disability.

127. The Plaintiff at all times has been qualified to perform her duties.

128. The Plaintiff made the School Board of Miami Dade County aware of the harassment and formally filed the grievance against Defendant Edouard in February 2022.

129. Although the grievance went to step 3, the School Board of Miami Dade County took no action to stop the harassment.

130 After the grievance, the harassment intensified. Edouard, Robbio, Howard and students filed falsified complaints and corroborated false statements.

131. During the 2021- 2022  and 2022-2023 school years, the Plaintiff engaged in protected activity by complaining to and requesting investigations by the Central Region Office, Labor Relations, and Office of Civil Rights Compliance about the bullying, harassment, retaliation, hostile work environment and discriminatory treatment based on Maupin's disability and requests for reasonable accommodations.

132. Adverse employment actions were taken against the Plaintiff.

a. The Plaintiff was removed from her position as a teacher and placed in the mailroom.

b. The Plaintiff's name and picture were removed from the faculty/staff directory; students and parents would assume that the Plaintiff had been terminated.

c. The  Plaintiff was not afforded due process. The Defendants did not follow the PIM.

   d.  The Plaintiff was not afforded due process rights. She was not given the opportunity to be heard by the School Board of Miami Dade County and administrative law judge if necessary.

   e.  The Plaintiff was advised that based upon the move to the mailroom she was not able to work for the School Board of Miami Dade County during the summer between the 2022-23 and 2023-24 school years.

133. The actions of Defendants The School board of Miami Dade County, Edouard, Zabala, Molina, Swain, Howard and Robbio involved various acts of harassment and false allegations which led to the Florida Department of Education to advise the Plaintiff that she may be experiencing additional adverse employment actions.

134. The Florida Department of Education notified the Plaintiff that she is in jeopardy of losing her teaching certificate. Their unlawful actions led to adverse employment action.

135. The Defendants intentionally violated Maupin's rights under the ADAAA under the color of law with malice, reckless indifference and wanton disregard for the rights of the Plaintiff and, as a result, are liable.

## COUNT SIX

### Disparate Treatment in Violation of the Americans with Disabilities Act (ADAAA) 42 U.S.C § 12112(b)

**(Defendants:** Defendants The School Board of Miami Dade County, United Teachers of Dade, Maria Zabala, Carmen Molina, Pierre Edouard, Brenda Swain)

136. Plaintiff repeats and realleges the allegations set forth in paragraphs 20, 22, 25-26, 28, 31-36; 38, 40-41, 43-56, 57-63, 69, 72, 75-76, 81-82, 85, 87, and 89-90 above as if set forth in full herein.

137. The Plaintiff is a member of protected classes; she has a disability and she previously participated in a Title VII action.

138. Defendants Edouard, Molina and Zabala sent evidence of the Plaintiff's previous participation in a Title VII action to the Florida Department of Education.

139. The Defendants, the School Board of Miami Dade County, Edouard, Molina and Swain, subjected the Plaintiff to treatment that is different from similarly situated individuals who did not have a disability and had not previously participated in a Title VII racial discrimination lawsuit. That treatment includes the following:

a. The Plaintiff was immediately removed from her position as a teacher after a complaint was filed because she spoke to her students about a petition written to have her removed from the workplace. Two different teachers were not immediately removed after complaints were made for more serious allegations. Defendant Troy Howard was accused of punching a student. Not only did Defendant Edouard not immediately report the incident to regional and district staff, he failed to report the incident to the parents of the child. The parents found out about the punch months later after the student complained about being illegally searched. After the parents filed a police report, Edouard finally filed a complaint and Defendant Howard was removed and placed in an alternate workplace; he was returned to the workplace.

b. Another teacher, Candice Wilson, violated school board policy by transporting a student in her private vehicle. She dropped the student off alone in a warehouse area miles away from his home. She was reported to Edouard and Swain. Evidence of the infraction was

provided to the investigators. Candice Wilson was never removed from her workplace and was never placed in an alternate work location.

c. Although Defendant Howard and Candice Wilson violated the policy regarding the health, safety and welfare of students, they were treated differently than the Plaintiff.

d. Students reported that Robbio wrote a petition which stated that the Plaintiff should be removed from Young Men's Preparatory Academy. The Plaintiff requested an investigation due to Code of Ethics violations. Rather than initiate an investigation against Robbio, Robbio filed a complaint against the Plaintiff alleging the Plaintiff threatened her; the Plaintiff never mentioned Robbio's name as the writer of the petition. Defendant Edouard initiated an investigation against the Plaintiff because she spoke to her students about the petition that students stated Robbio gave to them. Defendant Swain removed the Plaintiff from her workplace rather than initiate an investigation against Robbio. Defendants Molina and Zabala immediately submitted the allegations against the Plaintiff to PPS for investigation.

140. At all times, the Plaintiff has been qualified for her position.

141. The Plaintiff has been subjected to adverse employment action. The Plaintiff was removed from her position as a classroom teacher and placed in the mailroom where she is unable to practice her profession. Based upon the fact that she was removed from her position as a classroom teacher, the Plaintiff was restricted from working for the School Board of Miami Dade County during the summer between the 2022-23 and 2023-24 school years.

142. Defendants intentionally subjected the Plaintiff to disparate treatment.

143. The School Board of Miami Dade County was aware of the intentional disparate treatment. Defendants Edouard, Molina, Swain and Zabala are agents of the School

Board of Miami Dade County.

144. The Defendants intentionally violated Maupin's rights under the ADAAA and Title VII of the Civil Rights Act, as amended, under the color of law with malice, reckless indifference and wanton disregard for the Plaintiff's rights and, as a result, are liable.

## COUNT SEVEN

**Disparate Treatment in Violation Title VII of the Civil Rights Act of 1963, as amended**

**(Defendants:** Defendants The School Board of Miami Dade County, Maria Zabala, Carmen Molina, Pierre Edouard, Brenda Swain)

145. Plaintiff repeats and realleges the allegations set forth in paragraphs 20, 22, 25-26, 28, 31-36; 38, 40-41, 43-56, 57-63, 69, 72, 75-76, 81-82, 85, 87, and 89-90 above as if set forth in full herein.

146. The Plaintiff is a member of protected classes; she has a disability and she previously participated in a Title VII action.

147. Defendants Edouard, Molina and Zabala sent evidence of the Plaintiff's previous participation in a Title VII action to the Florida Department of Education.

148. The Defendants, the School Board of Miami Dade County, Edouard, Molina and Swain, subjected the Plaintiff to treatment that is different from similarly situated individuals who did not have a disability and had not previously participated in a Title VII racial discrimination lawsuit. That treatment includes the following:

e.  The Plaintiff was immediately removed from her position as a teacher after a complaint was filed because she spoke to her students about a petition written to have her removed from the workplace. Two different teachers were not immediately removed after

complaints were made for more serious allegations. Defendant Troy Howard was accused of punching a student. Not only did Defendant Edouard not immediately report the incident to regional and district staff, he failed to report the incident to the parents of the child. The parents found out about the punch months later after the student complained about being illegally searched. After the parents filed a police report, Edouard finally filed a complaint and Defendant Howard was removed and placed in an alternate workplace; he was returned to the workplace.

f.  Another teacher, Candice Wilson, violated school board policy by transporting a student in her private vehicle. She dropped the student off alone in a warehouse area miles away from his home. She was reported to Edouard and Swain.  Evidence of the infraction was provided to the investigators. Candice Wilson was never removed from her workplace and was never placed in an alternate work location.

g.  Although Defendant Howard and Candice Wilson violated the policy regarding the health, safety and welfare of students, they were treated differently than the Plaintiff.

h.  Students reported that Robbio wrote a petition which stated that the Plaintiff should be removed from Young Men's Preparatory Academy. The Plaintiff requested an investigation due to Code of Ethics violations. Rather than initiate an investigation against Robbio, Robbio filed a complaint against the Plaintiff alleging the Plaintiff threatened her; the Plaintiff never mentioned Robbio's name as the writer of the petition. Defendant Edouard initiated an investigation against the Plaintiff because she spoke to her students about the petition that students stated Robbio gave to them. Defendant Swain removed the Plaintiff from her workplace rather than initiate an investigation against

Robbio. Defendants Molina and Zabala immediately submitted the allegations against the Plaintiff to PPS for investigation.

148. At all times, the Plaintiff has been qualified for her position.

149. The Plaintiff has been subjected to adverse employment action. The Plaintiff was removed from her position as a classroom teacher and placed in the mailroom where she is unable to practice her profession. Based upon the fact that she was removed from her position as a classroom teacher, the Plaintiff was restricted from working for the School Board of Miami Dade County during the summer between the 2022-23 and 2023-24 school years.

150. Defendants intentionally subjected the Plaintiff to disparate treatment.

151. The School Board of Miami Dade County was aware of the intentional disparate treatment. Defendants Edouard, Molina, Swain and Zabala are agents of the School Board of Miami Dade County.

152. The Defendants intentionally violated Maupin's rights under the ADAAA and Title VII of the Civil Rights Act, as amended, under the color of law with malice, reckless indifference and wanton disregard for the Plaintiff's rights and, as a result, are liable.

## **COUNT EIGHT**

### **Violation of Due Process under 42 U.S.C. § 1983 of the Civil Rights Act**

**(Defendants:** Defendants The School Board of Miami Dade County, United Teachers of Dade, Maria Zabala, Carmen Molina, Pierre Edouard, Brenda Swain)

153. Plaintiff repeats and realleges the allegations set forth in paragraphs 20, 22, 25-26, 28, 31-36; 38, 40-41, 43-56, 57-63, 69, 72, 75-76, 81-82, 85, 87, and 89-90 above as if set forth in full herein.

154. The Defendants violated the Plaintiff's substantive and procedural due process rights.

155. The School Board of Miami Dade County created the Personnel Investigative Model (PIM) to satisfy the State of Florida's requirement to have procedures for personnel investigations.

156. The Defendants subjected the Plaintiff to several personnel investigations; however, they failed to follow procedures as stated in the PIM.

157. As a result of failure to follow the PIM, the Defendants failed to conduct reasonable investigations before punishment was assigned. Allegations were made against the Plaintiff; those allegations were sent directly to the Florida Department of Education for investigation. The PIM states that the employee should be afforded a process which includes being heard by the School Board of Miami Dade County and a local administrative law judge if necessary.

158. For each investigation, the Plaintiff was denied the right to be heard by an impartial tribunal at the local level. The Plaintiff was denied the opportunity to confront, cross examine and obtain discovery from her accusers.

159. The Plaintiff was not provided proper notice. After submitting a request for an investigation of a coworker, the Plaintiff received a call from Defendant Edouard telling her to meet Defendant Swain at the Central Region Office at 8am on December 19, 2022. The Plaintiff believed she was meeting as part of the investigation for the complaint she filed. When she arrived, Defendant Swain advised that the investigation was against the Plaintiff and that the Plaintiff was being removed from her workplace as a result.

160. Defendant Brenda Swain met with the Plaintiff on December 19, 2022, refused to allow the Plaintiff to have union representatives present, provided the Plaintiff notice of the investigation and at the same time she assigned punishment. Defendant Swain removed the Plaintiff from her workplace.

161. Defendant Molina was aware that the Plaintiff had not received notice of the investigation yet she submitted the recommendation to remove the Plaintiff from the workplace prior to the Plaintiff being interviewed about the incident. Zabala submitted the allegations to the Florida Department of Education.

162. The Defendants did not give the Plaintiff the opportunity to obtain a decision from the School Board of Miami Dade County on the record.

163. The Defendants have been intentionally unfair in violation of Maupin's substantive due process rights. Maupin's procedural and substantive due process right were violated under the color of law with malice, in reckless indifference and wanton disregard for the Plaintiff's rights and, as a result, the Defendants are liable.

## <u>COUNT NINE</u>

### Defamation Per Se

**(Defendants:** Defendants Maria Zabala, Carmen Molina, Pierre Edouard, Troy Howard, Lolamaria Robbio)

164. Plaintiff repeats and realleges the allegations set forth in paragraphs 20, 22, 25-26, 28, 31-36; 38, 40-41, 43-56, 57-63, 69, 72, 75-76, 81-82, 85, 87, and 89-90 above as if set forth in full herein.

165. Maria Zabala, Carmen Molina, and Pierre Edouard,compiled and transmitted documents that pertained to a previous lawsuit to the Florida Department of Education.

166. The transmission of the documents did not represent privileged communication between the administrators and the Florida Department of Education. The transmission of the documents was meant to harm the Plaintiff.

167. The transmission of those documents was meant to harm the Plaintiff. The Defendants intended for the Plaintiff to lose her teaching certificate.

168. The workplace Defendants transmitted the documents in order to influence the licensing agency. They sent more than 200 pages of false accusations meant to destroy the career of Ms. Maupin because she opposed the retaliatory treatment and hostile work environment.

169. Similarly, Troy Howard has sullied the reputation of Ms. Maupin. Howard transmitted knowingly false statements and alleged wrongdoing by the Plaintiff.

170. According to students, Defendant Robbio wrote the petition which stated that the Plaintiff should be removed from Young Men's Preparatory Academy.

171. The petition contained lies about the Plaintiff that were meant to harm her.

172. The false defamatory statements made and transmitted by the Defendants were calculated to injure the reputation of Ms. Maupin. Due to the statements made and transmitted by the Defendants caused the Plaintiff to be removed from her workplace. These statements are defamation per se, they caused injury to the Plaintiff, and as a result, the parents of the minor children are liable.

## COUNT TEN: CIVIL CONSPIRACY

### School Board of Miami Dade County and United Teachers of Dade

173. The Plaintiff repeats and realleges paragraphs 20, 22, 25-26, 28, 31-36; 38, 40-41, 43-54, 57-63, 66-90 as if fully set forth herein.

174. The School Board of Miami Dade County and the United Teachers of Dade worked in concert to deprive the Plaintiff of her rights.

175. The acts committed violated state laws, specifically Florida Statute 447.501; Fla. Stat. 447.501(2)(a); 447.501(2)(b); and 447.501(2)(d).

176. United Teachers of Dade failed to represent their dues paying member. This act was an overt act in pursuance of the conspiracy.

177. The Plaintiff was harmed as a result of the acts performed pursuant to the conspiracy.

178. The actions were intentional. The actions of these entities violated the Plaintiff's rights under the color of law with malice, in reckless indifference and wanton disregard for the Plaintiff's rights and, as a result, the Defendants are liable.

## **RELIEF REQUESTED**

WHEREFORE, the Plaintiff respectfully requests the following relief:

A. The Plaintiff realleges and incorporates by reference all of the preceding paragraphs in this complaint,

B. Trial by jury on all issues so triable;

C. General and special compensatory damages;

D. Punitive damages;

E. Such further and different relief as is just and proper or that is necessary to make the Plaintiff whole.

Respectfully submitted,

Michelle Maupin, *pro se*

4408 SW 24th Street

West Park, FL 33023

9549979663

msmmauupin@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed today, on Friday, November 3, 2023, the foregoing with

the Federal Clerk of the Court for the Southern District of Florida, which will send notification

of such filing to all persons registered for this case, including the Defendants' counsel.

Respectfully submitted,

Michelle Maupin, *pro se*

4408 SW 24th Street

West Park, FL 33023

Phone:  9549979663

email: msmmauupin@aol.com