UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21392-Civ-Scola/Sanchez

MICHELLE MAUPIN,

     Plaintiff,

v.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA, et al.,

     Defendants.

_____/

### REPORT AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on the Plaintiff's Motion for Default Judgment as to Rachelle Thermitus, Charmaine Austin, Marlen Calix, Stephanie Robinson, Monica German, and Rashima Bynum (the "Parent Defendants"), filed on September 8, 2023.  ECF No. 30.  This matter was referred to the undersigned for a Report and Recommendation by the Honorable Robert N. Scola, Jr., United States District Judge, on November 1, 2023.  ECF No. 32.

On April 14, 2023, the Plaintiff filed a four-count complaint against the Miami-Dade County School Board, six school board employees, and the Parent Defendants.  ECF No. 1.  In the complaint, the Plaintiff alleges that during the 2020-2021 school year, while she was a teacher at Young Men's Preparatory Academy, six students made "false defamatory statements . . . in reference to [her] profession." *Id.* at ¶ 81.  As a result, the Plaintiff asserted a defamation per se claim against a parent of each of the students that allegedly made defamatory statements against her on the basis that the Parent Defendants are liable for the tortious acts of their children.

On June 7 and August 8, 2023, the Plaintiff filed motions for the entry of a clerk's default as to the Parent Defendants. ECF Nos. 25, 27.  On the same day those motions were filed, the

Clerk of Court entered defaults against each of the pertinent Parent Defendants.  ECF Nos. 27, 28.

Thereafter, on September 8, 2023, the Plaintiff filed her motion seeking a final default judgment

against the Parent Defendants on the basis that "[t]he Plaintiff's well-pleaded allegations establish

liability of the parents regarding statements made by their minor children pursuant to defamation

law in the state of Florida."  ECF No. 30 at 3.

The entry of a default judgment is appropriate "[w]hen a party against whom a judgment

for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to

appear by affidavit or otherwise."  *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309,

1316 (11th Cir. 2002) (quoting Fed. R. Civ. P. 55(a)).  "[E]ntry of default judgment is only

warranted when there is a sufficient basis in the pleadings for the judgment entered, with the

standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion

to dismiss for failure to state a claim."  *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015)

(citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015)).  Thus, before

entering a default judgment, a court must ensure that the well-pleaded allegations in the

complaint—which are taken as true due to the default—state a substantive cause of action and

provide a sufficient basis for the particular relief sought.  *Tyco Fire & Sec., LLC v. Alcocer*, 218

F. App'x 860, 863 (11th Cir. 2007).

The Florida Supreme Court has repeatedly recognized that in Florida it is "established law

that a parent is not liable for the tort of a minor child because of the mere fact of paternity."  *Snow*

*v. Nelson*, 475 So. 2d 225, 226 (Fla. 1985) (quoting *Gissen v. Goodwill*, 80 So. 2d 701, 703 (Fla.

1955)).[1]  Here, the Plaintiff attempts to impose parental liability on the Parent Defendants for the

---

[1] Although the Florida Supreme Court has recognized four exceptions to the absence of parental
liability, the Plaintiff has not alleged any facts in her complaint showing that any of those
exceptions are in any way applicable to this case.

alleged tortious (that is, defamatory) acts of their minor children simply because of the fact of paternity.  No such parental liability exists under Florida law, and because the complaint is entirely devoid of any allegations that the Parent Defendants themselves made any defamatory statements about the Plaintiff, the Plaintiff's defamation claim fails.  As a result, the Plaintiff is not entitled to a final default judgment as to the Parent Defendants.

Accordingly, after careful consideration of the Plaintiff's filings, the pertinent portions of the record, and the applicable law, the undersigned hereby **RECOMMENDS**

(1) that the Plaintiff's Motion for Default Judgment as to Rachelle Thermitus, Charmaine Austin, Marlen Calix, Stephanie Robinson, Monica German, and Rashima Bynum, ECF No. 30, be **DENIED**, and

(2) that the Plaintiff's Count Four claims against Rachelle Thermitus, Charmaine Austin, Marlen Calix, Stephanie Robinson, Monica German, and Rashima Bynum instead be **DISMISSED** for failure to state a claim upon which relief can be granted.

Within fourteen (14) days from the date of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robert N. Scola, Jr., United States District Judge.  Failure to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in chambers in Miami, Florida, this 15th day of November 2023.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Hon. Robert N. Scola, Jr.

Counsel of Record

Michelle Maupin, pro se
(via CM/ECF and U.S. Mail)
4408 SW 24th Street
West Park, Florida 33023

Rashima Bynum, pro se
(via U.S. Mail)
314 NW 48th Street
Miami, Florida 33127

Charmaine Austin, pro se
(via U.S. Mail)
2050 NW 65th Street, Apt. 101
Miami, Florida 33147

Marlen Calix, pro se
(via U.S. Mail)
1129 NW 29th Street
Miami, Florida 33127

Stephanie Robinson, pro se
(via U.S. Mail)
1128 NW 7th Ave., Apt. 1207
Miami, Florida 33136

Monica German, pro se
(via U.S. Mail)
519 NE 83rd Street
Miami, Florida 33138

Rachelle Thermitus, pro se
(via U.S. Mail)
1007 NW 12th Ave.
Miami, Florida 33150