UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No. 23-cv-21392-RNS

Michelle Maupin,

   Plaintiff

vs.

The School Board of Miami
Dade County, et. al.

   Defendants
_____/



FILED BY _____ D.C.
JAN 08 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## **PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Pursuant to Rule 15 of the Federal Rule of Civil Procedure, the Plaintiff, Michelle Maupin, respectfully moves the Court for leave to file the attached Second Amended Complaint. Rule 15 provides that, "...a party may amend its pleading [with] the court's leave...the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As no answer has been provided and the previous request to amend has not been addressed, there would be no substantial or undue prejudice, bad faith, undue delay, or futility. In support the motion the Plaintiff states the following:

**I.** **The Defendants continue to take action against the Plaintiff.**

On December 20, 2023, Pierre Edouard and Troy Howard signed declarations which falsely accused the Plaintiff of making a false report to the Department of Children and Families. **(See Exhibit 1 Declarations of Pierre Edouard and Troy Howard)** The Plaintiff did not make a report to the Department of Children and Families. Pierre Edouard insinuates that he has personal knowledge of the call to the Department of Children and Families. He insinuates that he

received information from a Child Protective Investigator, Shelia Joseph. A search of the State of Florida Salary Database shows that no such employee exists.[1] The Plaintiff contacted the Department of Children and Families Child Protective Investigation units in Miami and none of the supervisors had any recollection of an employee by the name of Shelia Joseph.

The Plaintiff did not call in the report of abuse. Pierre Edouard insinuated that the investigator identified the Plaintiff as the caller. He did so even though he admits that the caller made an anonymous report. Edouard claims to have received information regarding the gender of the caller and the location from which the call was made. Again, the Plaintiff did not make the call; however, the disclosure of the characteristics of the person who called the agency is a violation of the law. Florida Statute 39.202(1) prohibits the disclosure of the child abuse report; **Florida Statute 39.202(2) prohibits the disclosure of the name of the reporter or other identifying information with respect to the reporter**.

II. <u>**The Defendants committed the latest acts in an attempt to defraud the court.**</u>

Pierre Edouard and Troy Howard made the claims stated in their declarations against the Plaintiff. The Plaintiff was investigated by the Miami Dade Public Schools Office of Civil Rights Compliance. Both investigations led to findings that cleared the Plaintiff of any wrongdoing. Pierre Edouard and Troy Howard were aware that the Plaintiff had been cleared of wrongdoing when they filed the false allegations in Miami Dade Circuit Court. Both men are well aware that the allegations are not true. Both men submitted their declarations for the purpose of defrauding the court.

III. <u>**The Plaintiff intends to change Count Eight and add Count Ten to the Complaint**</u>

---

[1] Variations of the name Shelia Joseph were searched in the State of Florida's public employee salary database. There were no employees working in the Department of Children and Families Child Protective Investigation Agency by any variation of the name.

The Plaintiff changed Count Eight of the Complaint to reflect violations of procedural and substantive due process under the 14th Amendment. The Defendants violated the Plaintiff's substantive and procedural due process rights afforded to her under the 14th Amendment and article 1 section 9 of the Florida Constitution which prohibit state actors from depriving an individual of liberty without due process of law. The Plaintiff intends to add Count Ten: Civil Conspiracy to address the collective actions of the Defendants.

### IV. United Teachers of Dade needs to be added as a Defendant.

United Teachers of Dade needs to be added as a Defendant as the agents of the organization participated in the conspiracy to damage the career of the Plaintiff. Agents of United Teachers of Dade prevented the Plaintiff from being able to participate in the investigation that was conducted by the Florida Department of Education. It appears that agents of the union provided false and inaccurate information about the Plaintiff in an effort to assist the other Defendants in having her teaching certificate suspended or revoked.

### CONCLUSION

For the foregoing reasons, the motion to amend the Complaint should be granted.

Respectfully submitted,

Michelle Maupin, *pro se*
4408 SW 24th Street
West Park, FL 33023
9549979663
msmmauupin@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed today, on Monday, January 8, 2024, the foregoing with the Federal Clerk of the Court for the Southern District of Florida, which will send notification of such filing to all persons registered for this case, including the Defendants' counsel.

Respectfully submitted,

Michelle Maupin, *pro se*

4408 SW 24th Street

West Park, FL 33023

Phone: 9549979663

email: msmmauupin@aol.com