United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Michelle Maupin, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-21392-Civ-Scola |
| | ) |
| The School Board of Miami-Dade County, and others, Defendants. | ) |

**Order Adopting Report and Recommendations
on the Plaintiff's Motion for Default Judgment**

  This matter is before the Court on Magistrate Judge Eduardo I. Sanchez's November 15, 2023, report and recommendations (the "Report"), recommending that the Court deny the Plaintiff Michelle Maupin's motion for final default judgement as to the Defendants Rachelle Thermitus, Charmaine Austin, Marlen Calix, Stephanie Robinson, Monica German, and Rashima Bynum (the "Parent Defendants"). (R&R, ECF No. 35.) Though the Parent Defendants did not file any objections to the Report, Maupin, appearing pro se, timely filed her objections. (*See* P.'s Objs., ECF No. 36.) The Court has reviewed the Report, the record, and the relevant legal authorities. For the reasons set forth below, the Court **adopts** Judge Sanchez's recommendations (**R&R, ECF No. 35**), thus **denying** Maupin's motion for final default judgment and **dismissing** her claim against the Parent Defendants. (**Mot., ECF No. 30**.)

  In this case, Maupin seeks to recover damages resulting from the alleged retaliation, harassment, and discrimination she suffered in her employment as a teacher at Young Men's Preparatory Academy ("YMPA"), in Miami, Florida. (*See generally* Compl., ECF No. 1.) On April 14, 2023, Maupin filed a four-count complaint against the Miami-Dade County School Board, six of the School Board's employees, and the six Parent Defendants. (*Id.* ¶¶ 8–20.) As relevant here, in the complaint, Maupin alleges that six YMPA students made "false defamatory statements . . . in reference to [her] profession[,]" that the "statement were calculated to injure [her] reputation[,]" and that "[d]ue to the statements . . . [she] was removed from her workplace." (*Id.* ¶ 81.) Based on these allegations, Maupin brings a defamation per se claim against the parents of the students, claiming that the Parent Defendants are liable for the tortious acts of their children. (*See id.*)

  On September 8, 2023, following the entry of Clerk's defaults as to each of the Parent Defendants (*see* ECF Nos. 26, 28), Maupin filed the motion for final default judgment that is the subject of the instant order. (Mot., ECF No.

30.) In essence, Maupin argued that her "well-pleaded allegations establish liability of the parents regarding statements made by their minor children pursuant to defamation law in the state of Florida." (*Id.* at 3.)

On November 15, 2023, Judge Sanchez issued the Report, recommending that the Court deny Maupin's motion and dismiss her defamation per se claim on the ground that Maupin's complaint fails to state a cause of action for defamation against the Parent Defendants or provide a sufficient basis for that relief. (R&R, ECF No. 35.) In particular, the Report explains that Maupin's defamation per se claim must fail because "in Florida it is 'established law that a parent is not liable for the tort of a minor child because of the mere fact of paternity.'" (*Id.* at 2 (quoting *Snow v. Nelson*, 475 So. 2d 225, 226 (Fla. 1985).)  Because Maupin's complaint relies exclusively on the fact of paternity to impose liability on the Parent Defendants for the alleged tortious statements of their children, the Report concludes, Maupin is not entitled to entry of default judgment as to the Parent Defendants and her claim should be dismissed. (*Id.* at 2–3.) Maupin timely objected to the Report, raising three arguments against its adoption. (*See* P.'s Objs., ECF No. 36.) However, for the reasons that follow, the Court finds Judge Sanchez's Report cogent and compelling, and adopts the Report in its entirety.

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." Local Mag. J. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a de novo determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath*, 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir.1999)).

Maupin's first objection is that Judge Sanchez's Report should not be adopted because she was not given an opportunity to conduct discovery and resolve certain discovery disputes before the Report issued. This objection is not compelling because Judge Sanchez's recommendation that Maupin's defamation per se claim be dismissed is based on the legal sufficiency of her allegations, not on whether she can prove those allegations to be true. In other

words, even if Maupin were able to gather evidence by way of discovery to prove that the students made the alleged defamatory statements against her, her defamation per se claim would still fail because it was lodged against the students' parents, and in Florida "[i]t is 'basic and established law that a parent is not liable for the tort of a minor child because of the mere fact of paternity.'" *Perez v. Rodriguez*, 204 So. 3d 92, 95 (Fla. 4th DCA 2016) (quoting *Snow v. Nelson*, 475 So. 2d 225, 226 (Fla. 1985)). Moreover, Maupin fails to otherwise explain the significance of her discovery efforts to the sufficiency of her pleading or why they are relevant to Judge Sanchez's recommendations.

      Maupin's next objection is that Judge Sanchez erred in relying on pleading deficiencies that were not raised by the Parent Defendants themselves to recommend that her motion for default judgment be denied. Because the Parent Defendants failed to respond to her complaint, Maupin reasons, it was error for Judge Sanchez to consider the legal sufficiency of her defamation per se claim in recommending that her motion for default judgment be denied and that the claim be dismissed. Maupin is incorrect in this regard because, as Judge Sanchez's Report explains, "entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)). Thus, by moving for default judgment as to the Parent Defendants, Maupin herself necessarily subjected her defamation per se claim to scrutiny as to its legal sufficiency.

      Finally, Maupin objects that Judge Sanchez's sua sponte recommendation that her defamation per se claim be dismissed (as opposed to her motion for default judgment merely being denied) violates her due process rights. Maupin argues that dismissal of her defamation per se claim without the notice and opportunity to defend that would be provided by a motion to dismiss would unfairly prejudice her and deny her a full and fair adjudication of her claims. However, Maupin is also incorrect here because, in the Eleventh Circuit, a district court may, "in denying a motion for entry of default judgment, sua sponte dismiss a complaint, even where the defaulting defendant fails to respond to either the Complaint or the motion for entry of a default judgment." *See RooR v. Sanz Bros., LLC.*, No. 16-61429-CIV, 2018 U.S. Dist. LEXIS 34534, at *14 n.11, 2018 WL 1881287, at *6 (S.D. Fla. Mar. 1, 2018) (Simonton, M.J.), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 38239, at *1, 2018 WL 1875621, at *1 (S.D. Fla. Mar. 7, 2018) (Williams, J.). For example, in *Surtain v. Hamlin Terrace Found*, the Eleventh Circuit explained that a district court need not provide a plaintiff with notice of

its intent to sua sponte dismiss an action or an opportunity to respond "when amending the complaint would be futile, or when the complaint is patently frivolous." 789 F.3d 1239, 1248 (11th Cir. 2015) (citing *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011)); *see also Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (same). Here, amendment of Maupin's defamation per se claim as to the Parent Defendants would be futile because the basis of her claim is legally flawed. And, importantly, Maupin's objections fail to suggest any reason why amendment would not be futile or why her claim is not patently frivolous. Indeed, the objections fail to engage with the Report's substantive reasons for dismissal at all.

Accordingly, the Court, therefore, **affirms and adopts** Judge Sanchez's **report and recommendations** (**R&R, ECF No. 35**), **overruling** Maupin's objections (**P.'s Objs., ECF No. 36**), thus denying Maupin's motion for final default judgment (**Mot., ECF No. 30**), and **dismissing** Count Four of her complaint for defamation per se against the Parent Defendants (**Compl., ECF No. 1**). This case will remain **open** because Maupin's claims against the other Defendants remain pending.

**Done and ordered**, in Miami, Florida, on January 31, 2024.

_____
Robert N. Scola, Jr.
United States District Judge