UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-21392-RNS

MICHELLE MAUPIN,

    Plaintiff,

v.

THE SCHOOL BOARD OF
MIAMI-DADE COUNTY, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Leave to File Fourth Amended Complaint. (ECF No. 71).[1] Defendant, United Teachers of Dade, filed a Response in opposition to the Motion (ECF No. 73), to which Plaintiff replied (ECF No. 76). Defendants, The School Board of Miami-Dade County, Florida ("School Board"), and Edouard, Howard, Molina, Robbio, Swain, and Zabala (collectively, "School Board Employees") also filed a Response in opposition to the Motion (ECF No. 74), to which Plaintiff replied (ECF No. 75). Upon consideration of the Motion, Responses, Replies, and being otherwise fully advised in this matter, Plaintiff's Motion for Leave to File Fourth Amended Complaint (ECF No. 71) is **DENIED**.

Plaintiff filed this action on April 13, 2023—nearly two years ago. (ECF No. 1). The School Board, Edouard, Molina, Swain, and Zabala moved to dismiss Plaintiff's claims against them. (ECF No. 11). Defendants Howard and Robbio similarly moved to dismiss Plaintiff's claims against them. (ECF No. 14). Those motions were fully briefed. *See* (ECF Nos. 17, 19, 20, 23).

---

[1] This case has been referred to the undersigned United States Magistrate Judge by the Honorable Robert N. Scola, United States District Judge, for a ruling on all pre-trial, nondispositive matters and for a report and recommendations on any dispositive matters, consistent with 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. (ECF No. 65).

1

Before the Court ruled on the motions to dismiss, Plaintiff moved for leave to amend her complaint and attached her proposed Amended Complaint. (ECF No. 33). Plaintiff then moved for leave to file a Second Amended Complaint. (ECF No. 37). The Court granted Plaintiff's motion to file a Second Amended Complaint and denied as moot the Defendants' motions to dismiss. (ECF No. 41).

Plaintiff's Second Amended Complaint asserted twelve counts and added United Teachers of Dade as a Defendant. (ECF No. 43). The School Board and the School Board Employees filed a motion to dismiss. (ECF No. 48). United Teachers of Dade also filed a motion to dismiss. (ECF No. 56). Those motions were fully briefed. See (ECF Nos. 51, 55, 59, 60, 63).

Before the Court ruled on the motions to dismiss, Plaintiff moved for leave to file a Third Amended Complaint (ECF No. 66). The Third Amended Complaint did not include Count Eleven (intentional infliction of emotional distress) or Count Twelve (negligence in violation of Title VII) of the Second Amended Complaint. The School Board and School Board Employees "d[id] not object to the Plaintiff filing this Third Amended Complaint as it reduce[d] the causes of action by two." (ECF No. 68 at 2). However, they asked that the Court "deny any further amendments, especially those requested before the Court has an opportunity to rule on any pending motions to dismiss." (*Id.*). Similarly, because "the proposed [Third Amended Complaint] eliminate[d] two (2) causes of action," the United Teachers of Dade did not object to the filing of the Third Amended Complaint, but requested that the Court "deny any further amendments." (ECF No. 69 at 2). Because the motion for leave to file the Third Amended Complaint was unopposed, the undersigned recommended that the motion be granted. (ECF No. 70).

Six days after I submitted that Report and Recommendations, Plaintiff filed the instant Motion for Leave to File a Fourth Amended Complaint. (ECF No. 71). Judge Scola subsequently

2

adopted the Report and Recommendations and ordered Plaintiff to file the Third Amended Complaint by February 6, 2025. (ECF No. 72). Plaintiff has failed to do so.

The proposed Fourth Amended Complaint reinstates Count Eleven for intentional infliction of emotional distress and Count Twelve for negligence in violation of Title VII. (ECF No. 71-1). All Defendants oppose leave to amend the complaint. (ECF Nos. 73, 74).

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Indeed, "a district court 'must' give a pro se party 'at least' one chance to amend the complaint if a more carefully drafted complaint might state a claim." *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). But the liberal policy in favor of amendment is not absolute. *See Blackburn v. Shire US Inc.*, 18 F.4th 1310, 1317 (11th Cir. 2021) ("Whether justice so requires is within the discretion of the district court to determine."). The court need not allow an amendment "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

It bears repeating that Plaintiff initiated this case *two years ago*. The Court has granted Plaintiff leave to amend her complaint twice. Defendants did not object to, and this Court allowed, the filing of the Third Amended Complaint specifically because it removed two causes of action, thus narrowing the disputes in this lawsuit.

Plaintiff filed the motion for leave to file the Third Amended Complaint on January 17, 2025. Defendants filed their responses on January 23 and 24, respectively, indicating that their non-objection was based on the removal of Counts Eleven and Twelve. Yet, Plaintiff did not file the instant Motion, stating that the omission of Counts Eleven and Twelve was inadvertent, until

3

January 30—nearly two weeks later and after I submitted the Report and Recommendation on Plaintiff's motion for leave to file the Third Amended Complaint.

A great deal of legal expense and judicial economy has been expended in this case, which has not progressed at all since the day it was commenced. Four motions to dismiss were fully briefed before becoming moot. The procedural history here is not unlike the situation before the district court in *Blackburn v. Shire US Inc.*, where the Eleventh Circuit wrote:

> Nor can we say that the district court abused its discretion in denying the second motion to amend. . . . The district court noted that Blackburn had 'ample opportunity' and 'sat idly by' as he awaited determination of Shire's second motion to dismiss. By the time the district court considered Blackburn's second request to amend, the parties and the court had spent significant time preparing and reviewing the initial complaint, Shire's motion for judgment on the pleadings, Blackburn's response to that motion, Blackburn's first motion to amend, Shire's memorandum in response, and Blackburn's first amended complaint. The parties then again briefed the sufficiency of Blackburn's allegations . . . .

18 F.4th at 1318. Further delay and expansion of Plaintiff's claims is neither required nor warranted. This case must move forward.

For these reasons, Plaintiff's Motion for Leave to File Fourth Amended Complaint (ECF No. 71) is **DENIED**.

It is further **ORDERED** that by no later than April 15, 2025, Plaintiff shall comply with the Court's prior directive to file the operative complaint—that is, the Third Amended Complaint, presently docketed as ECF No. 66-1.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 31st day of March, 2025.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE