United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Michelle Maupin, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-21392-Civ-Scola |
| | ) | |
| | ) | |
| The School Board of Miami-Dade | ) | |
| County, and others, Defendants. | ) | |

## Order Dismissing Case

Plaintiff Michelle Maupin—proceeding pro se—initiated this case over two years ago. Maupin, a Miami-Dade Public School System teacher, lodges ten counts against, variously, The School Board of Miami-Dade County, United Teachers of Dade, and several individual School Board administrators and teachers. Maupin complains, under both federal and state law, that the Defendants have subjected her to "ongoing retaliation, targeting, harassment, defamation, discrimination, disparate treatment, and violations of [her] right to due process." (Prop. 3d Am. Compl., ECF No. 66-1, 3.) Despite the maturity of this case, however, there are currently no operative pleadings. This is because Maupin has repeatedly defied the Court's orders to file her third amended complaint. Most recently, the Court explicitly warned Maupin: if she did not file her third amended complaint on the docket, in the form in which she submitted it in conjunction with her motion for leave (ECF No. 66-1), by April 18, 2025, the Court would "**dismiss her case with prejudice**" (ECF No. 83 (emphasis in original)). That date has now come and gone and Maupin has neither complied with the Court's order nor asked for an extension of time to do so. Accordingly, the Court **dismisses** her case, as more fully explained below.

"Under Rule 41(b) of the Federal Rules of Civil Procedure, a court has the authority to dismiss actions for failure to obey court orders." *Williams v. Talladega Community Action Agency*, 528 F. App'x 979, 979 (11th Cir. 2013). While courts "liberally construe pleadings from *pro se* litigants," they nonetheless "still require that they follow procedural rules." *Id.*

The Court's most recent order, requiring Maupin to file her third amended complaint or face the dismissal of her case, was prompted by Maupin's failure to comply with a series of earlier Court orders, spanning the last couple of months, all demanding that Maupin file her third amended complaint. On February 3, 2025, the Court adopted United States Magistrate Judge Lauren F. Louis's report and recommendations (Rep. & Recs., ECF No. 70), ordering Maupin, as recommended, to file her third amended complaint by February 6 (Order

Adopting, ECF No. 72). In the meantime, however, before the Court's order issued, but a week after Judge Louis entered her report (which Maupin never objected to), Maupin sought leave to file a *fourth* amended complaint. (Pl.'s Mot., ECF No. 71.) Judge Louis denied Maupin's motion and admonished her for failing to comply with the Court's previous order to file her third amended complaint. Noting that "[a] great deal of legal expense and judicial economy has been expended in this case," Judge Louis expressed frustration—which this Court shares—that the case had "not progressed at all since the day it was commenced." (Mag. J. Order, ECF No. 78, 4.) Judge Louis also expressly warned Maupin: "Further delay and expansion of Plaintiff's claims is neither required nor warranted." (*Id.*) And, with that, Judge Louis ordered Maupin to file her third amended complaint, in the form in which it is "presently docketed as ECF No. 66-1," by April 15, 2025. (*Id.*) This Court then reaffirmed Judge Louis's directive, in its scheduling order, and reiterated the same concerns about Maupin's lack of progress in litigating her case. (Sch. Order, ECF No. 81.)

In direct defiance of these orders, explicitly warning her not to expand her claims, Maupin did just that, forging ahead with the filing of a *fourth* amended complaint. (Pl.'s 4th Am. Compl., ECF No. 82.) In response, the Court immediately struck that pleading and ordered Maupin, once again, to file her third amended complaint, as it appears at docket entry 66-1. (End. Order, ECF No. 83.) The Court, in no uncertain terms, admonished Maupin that, if she failed to comply, by April 18, 2025, the Court would dismiss her case with prejudice. (*Id.*) That date has now come and gone, and Maupin has failed to comply or seek an extension of time to do so. Based on Maupin's direct defiance of the Court's orders, by filing a fourth amended complaint, followed by her failure to respond to the Court's ultimatum—that she file her third amended complaint or face dismissal—the Court can divine no lesser sanction that would serve the interests of justice other than dismissal with prejudice (albeit on non-merit grounds). *See Williams*, 528 F. App'x at 980 (11th Cir. 2013) (finding that a "district court did not abuse its discretion in dismissing [a] case with prejudice when [the plaintiff] did not comply with [an] order to re-file her complaint") (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) for the proposition that, "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

That said, however, upon the dismissal of Maupin's *federal* claims with prejudice, the Court notes its concerns about the lack of diversity allegations, and therefore the Court's diversity jurisdiction, in this case. Accordingly, as to Maupin's remaining *state-law* claims (defamation and state-law civil conspiracy), the Court applies its discretion and declines to exercise supplemental jurisdiction over them, thus dismissing any state-law claims *without prejudice*.

*See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (explaining that where a complaint is dismissed as a shotgun pleading, and a further sua sponte amendment is not offered, any remaining state-law claims should be dismissed "without prejudice as to refiling in state court").

In sum, the Court **dismisses Maupin's federal claims *with* prejudice**, and **dismisses her state-law claims *without* prejudice**. The Court directs the Clerk to **close** this case. Any remaining pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida on April 22, 2025.

Robert N. Scola, Jr.
United States District Judge