United States District
Court for the
Southern District of
Florida

| | |
|---|---|
| Michelle Maupin, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-21392-Civ-Scola |
| | ) |
| The School Board of Miami-Dade | ) |
| County, and others, Defendants. | ) |

## Order Denying Motion to Reopen

Plaintiff Michelle Maupin, a Miami-Dade Public School system teacher, initiated this case, pro se, over two years ago. She lodged various claims against The School Board of Miami-Dade County, several individual School Board administrators and teachers (collectively, with the School Board, the "School Board Defendants"), and United Teachers of Dade. Maupin raised grievances under both federal and state law, premised on her allegations that the Defendants subjected her to "retaliation, targeting, harassment, defamation, discrimination, disparate treatment, and violations of [her] right to due process." (Prop. 3d Am. Compl., ECF No. 66-1, 3.) Previously, the Court dismissed Maupin's case based on her repeated failures to comply with the Court's orders directing her to file her third amended complaint. (Order of Dismissal, ECF No. 84 (citing Order Adopting Rep. & Recs., ECF No. 72; Mag. J. Order, ECF No. 78, 4; Sch. Order, ECF No. 81; End. Order, ECF No. 83).) Maupin now asks the Court to reopen her case. (Pl.'s Mot., ECF No. 86.) Among other arguments, she primarily points to purported technical impediments that, she says, prevented her from complying with the Court's orders. (*Id.* at 3, 4.) The School Board Defendants and United Teachers of Dade separately filed responses in opposition to Maupin's motion (Sch. Bd. Defs.' Resp., ECF No. 87; UTD's Resp., ECF No. 89.) Maupin timely replied to those two responses (Pl.'s Reply to Sch. Bd., ECF No. 88; Pl.'s Reply to UTD, ECF No. 90) and her motion is ripe for review. After careful analysis, the Court finds Maupin has failed to persuade that her case merits reopening and therefore **denies** her motion (**ECF No. 86**).

1. **Background**

In support of her motion, Maupin primarily argues her case should be reopened because alleged "repeated and malicious cyber attacks and unauthorized intrusions targeting [her] electronic systems" prevented her

"from fulfilling her obligations in this matter." (Pl.'s Mot. at 3.) According to a prior filing Maupin references in her reply to United Teachers of Dade, Maupin maintains these cyberattacks began as early as June 2023. (Pl.'s Reply to UTD at 3 (citing Pl.'s Resp. to UTD's Mot. to Dismiss, ECF No. 59, 18).)

Despite the June 2023 hacking, however, Maupin still actively litigated her case, consistently responding to Court orders and opposing-party filings. For example, she timely objected to a report and recommendations in November 2023 (Obj. to Rep. & Recs., ECF No. 36.) Then, in January 2024, Maupin timely complied with an order directing her to file her second amended complaint. (Pl.'s 2d Am. Compl., ECF No. 42.) Maupin also filed a motion for leave to submit a sur-reply (along with the sur-reply itself) (Pl.'s Mot. for Leave, ECF No. 58; Pl.'s Sur-Reply, ECF No. 57), within weeks of the School Board Defendants' filing a reply in support of their motion to dismiss, in May 2024 (School Bd. Defs.' Reply in Supp. of Dismissal, ECF No. 55). Notably, in that motion for leave to file a sur-reply, Maupin claimed she had not initially received the School Board Defendants' reply, when it was filed, and suspected "someone may have accessed her email and sent the document to her spam folder." (Pl.'s Mot. for Leave at 1–2.) Despite her claim that she did not receive the filing, Maupin acknowledged she was readily able to access PACER in order to retrieve opposing counsel's brief. (*Id.* at 1.) During that same timeframe, in May 2024, Maupin timely responded to United Teachers of Dade's motion to dismiss. (Pl.'s Resp. to UTD's Mot. to Dismiss.) And then, within five days of United Teachers of Dade's filing of a reply, in support of its motion to dismiss, Maupin submitted yet another motion for leave to file a sur-reply (along with the sur-reply itself). (ECF Nos. 61, 63.) Similarly, in February 2025, Maupin timely replied to responses, filed by both the School Board Defendants and United Teachers of Dade, opposing one of her motions for leave to file a fourth amended complaint. (ECF Nos. 75, 76.)

At the same time, Maupin has repeatedly disregarded the Court's orders (1) directing her to file her third amendment complaint and (2) admonishing her that further amendments to her complaint would not be considered. (*See, e.g.*, Mag. J. Rep. & Recs. at 1; Order Adopting Rep. & Recs. at 2; Mag. J. Order at 4; Sch. Order at 1; End. Order.) In recommending that Maupin's motion for leave to file her third amended complaint be granted, United States Magistrate Judge Lauren F. Louis also recommended that the Court require Maupin to file her third amended complaint within three days of the Court's order adopting the report. (Mag. J. Rep. & Recs. at 1.) Maupin never objected to that report but, less than a week later, filed a yet another motion for leave to amend her pleadings. (Pl.'s Mot. for Leave to File 4th Am.

Compl., ECF No. 71.) Thereafter, the Court's order that Maupin file her third amended complaint by February 6, 2025, consistent with Judge Louis's recommendation, went thoroughly unheeded. (Order Adopting at 2.) Instead, in direct defiance of Judge Louis admonition that that any "[f]urther delay and expansion of Plaintiff's claims is neither required nor warranted" (Mag. J.'s Order at 4), and this Court's later reminder of and reference to Judge Louis's order (Sch. Order at 1), Maupin filed, without any authorization to do so, a fourth amended complaint (Pl.'s Stricken 4th Am. Compl., ECF No. 82). Finally, Maupin ignored the Court's April 15, 2025, order to immediately file her third amended complaint, warning her that the Court would dismiss her case if she failed to do so. (End. Order.)

Maupin then waited an additional two weeks, after the Court dismissed her case, to file her motion to reopen. To this day, not only has Maupin failed to comply with the Court's orders that she file her third amended complaint, but she also provides no assurances that she would proceed with that version of her complaint, were the Court to reopen her case; in fact, she explicitly expresses a continued reluctance to ever do so. (*See, e.g.*, Pl.'s Mot. at 3, 5 (complaining about being denied the right to amend in order "to include the outcome of the administrative process" and arguing her case should be reopened and then "remand[ed] back to the EEOC").)

In addition to her claims about interference with her electronic devices, Maupin also complains about alleged procedural missteps made by the Equal Employment Opportunity Commission. (Pl.'s Mot. at 2–3.) In support, Maupin maintains the EEOC prematurely issued its notice of right to sue on January 11, 2023, fewer than thirty days after she filed her charge of discrimination and retaliation, in December 2022. (*Id.* at 2.) Because of this, Maupin insists, the Court lacks jurisdiction over her case and therefore, she says, it should be dismissed without prejudice and remanded back to the EEOC. (*Id.* at 2–3, 5.)

2. **Legal Standard**

The aim of Federal Rule of Civil Procedure 60(b), generally, "is to strike a balance between the desideratum of finality and the demands of justice." *Chege v. Georgia Dept. of Juv. J.*, 815 F. App'x 425, 427 (11th Cir. 2020) (cleaned up). "To obtain relief under Rule 60(b), a movant must do more than show that the district court could have vacated its order: the movant 'must demonstrate a justification so compelling that the court was required to vacate its order.'" *Id.* (quoting *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986)) (emphasis in original).

Relevant here, Rule 60(b)(1) permits a Court on "motion or just terms" to "relieve a party" from a "final judgment" due to "mistake, inadvertence, surprise, or excusable neglect" by the moving party. Fed. R. Civ. P. 60(b)(1). Under Rule 60(b)(1), excusable neglect is "an equitable inquiry" based on "all relevant circumstances," *Grant v. Pottinger-Gibson*, 725 F. App'x 772, 775 (11th Cir. 2018), and "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence," *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). The relevant circumstances courts consider in evaluating claims of "excusable neglect" include "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 394.

Rule 60(b)(6), on the other hand, serves as a "catchall provision that allows a district court to relieve a party from a final judgment for 'any other reason that justifies relief.'" *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1617 (2025) (quoting Fed. Rule Civ. Proc. 60(b)(6)). Relief from a final judgment under Rule 60(b)(6) is only available in "extraordinary circumstances," and those extraordinary circumstances must, at the same time, "suggest that the movant is faultless in the delay." *BLOM Bank*, 145 S. Ct. at 1623 (cleaned up).

### 3. Analysis

Maupin's central argument is that, because of cyberattacks on her "electronic systems," she didn't receive certain Court orders and, because she didn't receive those orders, she was prevented, through no fault of her own (she says), from complying with them. (Pl.'s Mot. at 3–4.) Accordingly, maintains Maupin, her case must be reopened, as provided for under Rule 60(b)(1) or (6), in the "interest of justice and due process." (*Id.* at 3.) The Court is not persuaded.

Maupin's argument under Rule 60(b)(1) appears to rest on the "excusable neglect" prong of that provision. In evaluating such a motion, a district court, at a minimum, must consider the following factors: (1) "whether the movant acted in good faith"; (2) whether the delay or noncompliance "was within the reasonable control of the movant"; (3) "prejudice to the opposing party"; and (4) "the length of the delay and its potential impact on the judicial proceedings." *Chege v. Georgia Dept. of Juv. J.*, 787 F. App'x 595, 598 (11th Cir. 2019) (cleaned up). Maupin fails to establish that these factors, when considered together—or even singularly—weigh in favor of the relief she requests.

As a starting point, Maupin's inadequate showing of good faith casts a pall over much of her argument. First, her allegation that the corruption of her electronic systems prevented her from complying with the Court's orders are inconsistent with Maupin's record of readily litigating other aspects of her case without issue. Except for the Court's multiple orders regarding her third amended complaint, Maupin timely responded to all other Court orders, as well as briefing submitted by opposing counsel. Furthermore, Maupin acknowledged she was readily able to access PACER in order to retrieve various docket filings and monitor her case. Accordingly, to the extent Maupin's claims of cyberattacks, disrupting her email, are true,[1] she was on notice, by her own admission, that she would have to proactively monitor the docket for activity in her case. Her failure to, or decision not to, evidences a lack of good faith.[2] *See Audalus v. Scottsdale Ins. Co.*, 566 F. Supp. 3d 1318, 1321 (S.D. Fla. 2021) (Singhal, J.) (cleaned up) (noting that "utter indifference and inattention to business is not excusable neglect, and the failure to pay personal attention to the case is inexcusable negligence").

Additionally, Maupin fails to show that her failure to comply with the Court's orders was not reasonably within her control. Maupin's apparent claim that she had no way of knowing about the Court's March 31 order—which explicitly prohibited her proposed fourth amended complaint—is undercut by her admission that she received the Court's April 2, 2025, scheduling order, just two days later. That scheduling order, in turn, pointedly referenced the March 31 order which unambiguously required Maupin to file her third amended complaint. Accordingly, any "genuine procedural confusion" (Pl.'s Reply to Sch. Bd. at 4) that Maupin claims resulted from the April 2 scheduling order would have been readily cured, to the extent there was any, by that order's express reference to the March 31 order. Maupin's decision not to review the March 31 order controverts her insistence that she has proceeded with diligence and in good faith. Instead, taken together, the circumstances and the record here lead to the conclusion that Maupin's persistence in submitting her fourth amended complaint was a strategic choice rather than

---

[1] Notably, Maupin has claimed these cyberattacks through argument only; she has not supplied any affidavits or other evidence establishing that they actually occurred.

[2] Moreover, Maupin waited two weeks before filing her Rule 60(b) motion after the Court dismissed her case. Although this doesn't render her motion untimely, such sluggishness underscores Maupin's indifference to the efficient resolution of her case, further contributing to the Court's finding that she is not proceeding in good faith. Nor does Maupin's gripe, that the logistics of her work obligations prevented her from being able to get to the courthouse each day before it closed, help her cause. Nothing prevented Maupin from sending her motion through the mail or via some other delivery service to immediately address the dismissal.

the result of technical impediments, or "a procedural misunderstanding," that she claims were beyond her control.³ (Pl.'s Reply to UTD at 4.)

   Finally, the Court finds Maupin's supposition, that any delay or prejudice is minimal, unavailing. To begin, Maupin fails to present any support regarding delay or prejudice in her motion, improperly raising that argument for the first time only in her reply to United Teachers of Dade. (Pl's Reply to UTD at 2.) Furthermore, Maupin has been aware, since January, that she needed to move forward with her third amended complaint. (Rep. & Recs. at 1; Order Adopting at 2.) Not only has she refused to comply with those orders, but she directly defied them by unilaterally deciding to file her fourth amended complaint. And, most importantly, to this day, Maupin supplies no assurances that, if afforded yet another opportunity to do so, she will finally move forward with her third amended complaint. To the contrary, she continues to complain that "the Court denied [her] the right to amend to include the outcome of the administrative process conducted by the State of Florida." (Pl.'s Mot. at 3.) Ultimately, in continuing to resist moving forward with her third amended complaint, she also insists that her case "must be opened"—not to afford her the opportunity to now comply with the Court's orders—but "to deal with the subject matter jurisdiction issue" so that the case can be "remand[ed] back to the EEOC for proper investigation." (*Id.* at 5.) This is not minimal delay and prejudice. Just the opposite: by Maupin's own attestation, the delay and prejudice to the Defendants, never mind the burden on the Court, would grind on. *Cf. Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977) ("[T]he desirability of orderliness and predictability in the judicial process speaks for caution in the reopening of judgments."); *Babadjide v. City of Cocoa Beach*, No. 616CV1977ORL28TBS, 2017 WL 1968353, at *3 (M.D. Fla. Apr. 7, 2017), *rep. & recs adopted*, No. 616CV1977ORL28TBS, 2017 WL 2061384 (M.D. Fla. May 11, 2017) (denying a Rule 60(b) motion where "a pattern of dilatory conduct that suggests . . . additional case management problems").

   Maupin's reliance on Rule 60(b)(6) fares no better. This provision is "is intended only for extraordinary circumstances." *Reilly v. Herrera*, 729 Fed.

---

³ Worth noting here is Maupin's express agreement that she is "responsible for maintaining an email account sufficient to receive notifications on a daily basis." (Pl.'s Consent, ECF No. 3, 1.) This is also consistent with the Clerk's Office Operating Procedures which advises that "Pro se litigants who consent to receiving notices electronically are responsible for maintaining a current email address with the Court." Clerk's Office Op. Procedures, 55. Finally, Local Rule 11.1(g) provides that "[a]ll Court Orders and Notices will be deemed to be appropriately served if directed either electronically or by conventional mail consistent with information on file with the Clerk of Court." L.R. 11.1(g). In sum, the onus is on Maupin to check the docket to make sure she is apprised of filings in her case—this is especially so where she claims to have been aware for over two years that her email had been targeted by cyberattacks.

Appx. 760, 764 (11th Cir. 2018) (cleaned up). Furthermore, relief under Rule 60(b)(6) applies only to cases that do not fall into any other category under the rule. *United States v. Route 1, Box 111, Firetower Rd.*, 920 F.2d 788, 791 (11th Cir. 1991). Accordingly, to the extent Maupin relies on the alleged cyberattack disruption of her electronic systems, her argument fails: her email difficulties do not amount to extraordinary circumstances and, in any event, that basis was already appropriately considered within the framework of Rule 60(b)(1).

Nor is 60(b)(6) relief warranted based on Maupin's grievances about the EEOC's alleged procedural missteps. Under regulations governing the EEOC, "if the Commission dismisses [a] charge or if 180 days pass without action by the Commission, the charging party must be so notified and may then bring suit within 90 days." *Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1062 (11th Cir. 1994) (citing 29 C.F.R. § 1601.28(a)(2)). Maupin complains that the EEOC acted improperly by issuing her a right-to-sue letter, without her request that it do so, well before the expiration of the 180-day investigative period. (Pl.'s Mot. 1–3.) Based on this purported misstep, says Maupin, the Court lacks jurisdiction over her case. Maupin is mistaken.

First, there is no statutory or regulatory provision that "prohibit[s] the Commission from issuing a right to sue letter before the 180 days have expired." *Sims*, 22 F.3d at 1062. And, second, even if there was, "Congress did not intend the 180–day requirement to be a jurisdictional prerequisite to suit." *Id.* at 1061, 1063 ("[J]ust as the timely filing of a charge is not a jurisdictional prerequisite, neither is the requirement that the notice be issued after the expiration of 180 days"). Accordingly, even if the early issuance of the right-to-sue letter was in some way improper, it would not in any way interfere with the Court's jurisdiction over this case.[4]

### 4. Conclusion

Based on the foregoing, the Court **denies** Maupin's motion to reopen her case (**ECF No. 86**).

**Done and ordered** in Miami, Florida, on July 29, 2025.

Robert N. Scola, Jr.
United States District Judge

---

[4] Because of this, Maupin's argument, raised for the first time in reply, that she is entitled to relief under Rule 60(b)(4) ("the judgment is void") also fails. (Pl.'s Reply to Sch. Bd. at 7.)